UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

  -against-

STEVEN BYERS, JOSEPH SHERESHEVSKY, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST DEVELOPMENT GROUP, LLC, WEXTRUST SECURITIES, LLC, and AXELA HOSPITALITY, LLC,

                Defendants.

No. 08 Civ. 7104 (SWK)

## ORDER FREEZING ASSETS

On the Application of Plaintiff Securities and Exchange Commission for an Order freezing the Defendants' assets pending adjudication of the Commission's request for a preliminary injunction, the Court has considered (1) the Complaint filed by the Commission on August 11, 2008; (2) the Declaration of Tamara R. Heller, executed on August 10, 2008, and the exhibits thereto, including the declarations of William Schorsch, Nanette L. Wauchop and Patricia K. Singleton; (3) the Declaration of Steven G. Rawlings pursuant to Local Rule 6.1, executed on August 11, 2008, and the exhibits thereto; (5) the memorandum of law in support of Plaintiff Commission's application, dated August 10, 2008.

Based on the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act, has been made for the relief granted herein because it appears that the Defendants may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties. Further, it appears that

an order freezing the Defendants' assets, as specified herein, is necessary to preserve the *status quo*, to protect investors and clients of the Defendants from further transfers of funds and misappropriation, to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed in Exhibit A, whether held in any of their names or for any of their direct or

indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in the accounts listed in Exhibit B, as well as each real estate parcel owned directly or indirectly by the Defendant Wextrust Entities and the limited liability companies they control of have an ownership interest in, including but not limited to, those entities listed on Exhibit A.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants on or before August 12, 2008, by personal delivery, facsimile, overnight courier, or first-class mail.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

SO ORDERED.

Dated:   1:15 pm
         August 11, 2008
         New York, New York

                                        RICHARD J. SULLIVAN (PART I)
                                        UNITED STATES DISTRICT JUDGE

3