```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION

           Plaintiff,

           - against -

STEVEN BYERS, JOSEPH
SHERESHEVSKY, WEXTRUST CAPITAL, LLC,
WEXTRUST EQUITY PARTNERS, LLC,
WEXTRUST DEVELOPMENT GROUP, LLC,
WEXTRUST SECURITIES, LLC, and
AXELA HOSPITALITY, LLC,

           Defendants.

-------------------------------------------------------------x

08 Civ. 07104 (SWK)

## ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND ORDER GRANTING OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission for an Order:

(1) directing individual defendants Steven Byers ("Byers") and Joseph Shereshevsky ("Shereshevsky") and entity defendants Wextrust Capital, LLC ("Wextrust"); Wextrust Equity Partners, LLC ("WEP"); Wextrust Development Group, LLC ("WDG"); Wextrust Securities, LLC ("Wextrust Securities"); and Axela Hospitality, LLC ("Axela") (collectively the "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

    (a) preliminarily enjoining the Defendants from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder;

    (b) preliminarily enjoining Wextrust Securities from violating Sections 15(b)(1),

1

15(b)(7) and 15(c)(1) of the Exchange Act, 15 U.S.C. §§ 78o(b)(1), 78o(b)(7) and 78o(c)(1), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1 promulgated thereunder, 17 C.F.R. §§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b7-1;

(c) preliminarily enjoining Shereshevsky from violating Section 15(a) of the Exchange Act, 15 U.S.C. §78o(a), or alternatively, from aiding and abetting violations of Sections 15(b)(1), 15(b)(7) and 15(c) of the Exchange Act, 15 U.S.C. §§78o(b)(1)&(7) and 78o(c), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1 promulgated thereunder, 17 C.F.R. §§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b7-1;

(d) preliminarily enjoining Byers from aiding and abetting violations of Sections 15(b)(1), 15(b)(7) and 15(c) of the Exchange Act, 15 U.S.C. §§ 78o(b)(1), 78o(b)(7) and 78o(c), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1 promulgated thereunder, 17 C.F.R. §§ 240.10b-3, 240.15b3-1, 240.15b3-1 and 240.15b7-1

(e) freezing the Defendants' assets;

(f) directing the individual defendants to provide verified accountings for themselves and the entity defendants;

(g) appointing receivers for Defendants Wextrust, WEP, WDG, Wextrust Securities and Axela (collectively the "Defendant Wextrust Entities"); and

(h) prohibiting the destruction, alteration or concealment of documents.

(2) pending adjudication of the foregoing, an Order:

(a) temporarily restraining the Defendants from violating the aforementioned

statutes and rules;

(b) directing each of the Individual Defendants to immediately provide the verified accountings for themselves and the entity Defendants;

(c) prohibiting the destruction, alteration or concealment of documents; and

(d) providing that the parties may take expedited discovery in preparation for a preliminary injunction hearing on this Order to Show Cause.

The Court has considered (1) the Complaint filed by the Commission on August 11, 2008; (2) the Declaration of Tamara R. Heller, executed on August 10, 2008, and the exhibits thereto, including the declarations of William Schorsch, Nanette L. Wauchop and Patricia K. Singleton; (3) the Declaration of Steven G. Rawlings pursuant to Local Rule 6.1, executed on August 11, 2008, and the exhibits thereto; and (5) the memorandum of law in support of Plaintiff Commission's application, dated August 10, 2008.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act, has been made for the relief granted herein, for the following reasons:

1. It appears from the evidence presented that, unless temporarily restrained, (1) the Defendants have violated, and will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; (2) Defendant Wextrust Securities has violated, and will continue to violate, Sections 15(b)(1), 15(b)(7) and 15(c)(1) of the Exchange Act, 15 U.S.C. §§ 78o(b)(1)&(7) and 78o(c)(1), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1 promulgated

thereunder, 17 C.F.R.§§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b7-1; (3) Defendant Byers has aided and abetted, and will continue to aid and abet Wextrust Securities' violations of Sections 15(b)(1), 15(b)(7) and 15(c)(1) of the Exchange Act, 15 U.S.C. §§78o(b)(1)&(7) and 78o(c)(1), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1, 17 C.F.R.§§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b7-1; and (4) Defendant Shereshevsky has violated, and will continue to violated Section 15(a) of the Exchange Act, 15 U.S.C. §78o(a), or alternatively, Defendant Shereshevsky has aided and abetted, and will continue to aid and abet, Wextrust Securities' violations of Sections 15(b)(1), 15(b)(7) and 15(c)(1) of the Exchange Act, 15 U.S.C. §§78o(b)(1)&(7) and 78o(c)(1), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1 promulgated thereunder, 17 C.F.R.§§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b7-1; as charged in the Complaint.

2. It appears that an order requiring each of the Individual Defendants to provide a verified accounting of their assets, money and property held directly or indirectly by the Defendants, or by others for the direct and indirect beneficial interest of the Defendants, is necessary to effectuate and ensure compliance with the Order Freezing Assets imposed on the Defendants on August 11, 2008.

3. It appears that the Defendants may attempt to destroy, alter or conceal documents.

4. Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

5. This Court has jurisdiction over the subject matter of this action and over the

4

Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

I.

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at 11:00 a.m. on the 20th day of August, 2008, in Room 9A of the United States Courthouse, 500 Pearl Street, New York, New York, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the Securities Act and Section 21 of the Exchange Act, preliminarily enjoining (1) the Defendants from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; (2) Defendant Wextrust Securities from violating Sections 15(b)(1), 15(b)(7) and 15(c)(1) of the Exchange Act, 15 U.S.C. §§ 78o(b)(1)&(7) and 78o(c)(1), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1 promulgated thereunder, 17 C.F.R.§§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b7-1; (3) Defendant Cohen from aiding and abetting any broker's or dealer's violations of Sections 15(b)(1), 15(b)(7) and 15(c)(1) of the Exchange Act, 15 U.S.C. §§78o(b)(1)&(7) and 78o(c)(1), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1, 17 C.F.R.§§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b7-1; and (4) Defendant Shereshevsky from violating Section 15(a) of the Exchange Act, 15 U.S.C. §78o(a), or alternatively, from aiding and abetting any broker's or dealer's violations of Sections 15(b)(1), 15(b)(7) and 15(c)(1) of the Exchange Act, 15 U.S.C. §§78o(b)(1)&(7) and 78o(c)(1), and Rules 10b-3, 15b1-1, 15b3-1 and 15b7-1 promulgated thereunder, 17 C.F.R.§§ 240.10b-3, 240.15b1-1, 240.15b3-1 and 240.15b7-1.

## II.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also continue its August 11, 2008 Order directing that, pending a final disposition of this action, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in the accounts listed on Exhibit B, as well as each

real estate parcel owned directly or indirectly by the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A.

### III.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at their direction or on their behalf, or any other person, from destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission and the Receiver to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Defendants' finances or business operations.

### IV.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing each of the Defendants to serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission agrees to, a verified written accounting each signed by Defendants Byers and

Shereshevsky (the "Individual Defendants") and also signed by the officer or employees of the Defendant Wextrust Entities who are most knowledgeable about the assets, liabilities and general financial condition of each of the Defendant Wextrust Entities, and verified accountings signed by each of the Individual Defendants identifying their own assets, liabilities and general financial condition, if any, under penalty of perjury. Each of the Defendants shall serve such sworn updated written accountings by hand delivery, facsimile transmission to (212) 336-1322 or overnight courier service on the Commission's counsel, Steven G. Rawlings, Esq., Securities and Exchange Commission, 3 World Financial Center, New York, NY 10281.

## V.

**IT IS FURTHER ORDERED** that the Individual Defendants shall file with the Court and serve on the Commission, within three (3) business days following service of this Order, a list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and the name and number on the account), tax identification numbers, telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by them or under their direct or indirect control, at any time from January 1, 2005 to the present including but not limited to information concerning the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A.

8

## VI.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not continue its August 11, 2008 appointment of Timothy J. Coleman as receiver for the Defendant Wextrust Entities and all entities they control or have an ownership interest in, including, but not limited to, those entities listed on Exhibit A, to (I) preserve the status quo, (ii) ascertain the extent of commingling of funds among the Defendant Wextrust Entities and all entities they control or have an ownership interest in; (iii) ascertain the true financial condition of the Defendant Wextrust Entities and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of the Defendant Wextrust Entities and all entities they control or have an ownership interest in; (v) prevent the encumbrance or disposal of property or assets of the Defendant Wextrust Entities and the investors; (vi) preserve the books, records and documents of the Defendant Wextrust Entities;) (vii) be available to respond to investor inquiries; (viii) protect the assets of the Wextrust Entities and the LLC entities listed on Exhibit A from further dissipation; and (ix) determine whether the Defendant Wextrust Entities should undertake bankruptcy filings.

To effectuate the foregoing, the receiver has been empowered to:

(a)   Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of the Defendant Wextrust Entities and all entities they control or have an ownership interest in including, but not limited to, the entities listed on Exhibit A, and the rights and powers of it with respect thereto;

(b) Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of the Defendant Wextrust Entities and all entities they control or have an ownership interest including, but not limited to, the entities listed on Exhibit A;

(c) Succeed to all rights to manage all properties owned or controlled, directly or indirectly, by the Defendant Wextrust Entities, including, but not limited to, those entities listed on Exhibit A, pursuant to the LLC and operating agreement relating to each entity;

(d) Pay from available funds necessary business expenses required to preserve the assets and property of the Defendant Wextrust Entities and all entities they control or have an ownership interest in, including the books, records, and documents of the Defendant Wextrust Entities and all entities they control or have an ownership interest in, notwithstanding the asset freeze imposed on August 11, 2008;

(e) Take preliminary steps to locate assets that may have been conveyed to third parties or otherwise concealed;

(f) Take preliminary steps to ascertain the disposition and use of funds obtained by the Defendants resulting from the sale of securities issued by Defendant Wextrust Entities and all entities they control or have an ownership interest in, including, but not limited to, the entities listed on Exhibit A;

(g) Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder;

(h) Take all necessary steps to gain control of the Defendants' interests in assets in foreign jurisdictions, including, but not limited to, those foreign assets listed in Exhibit A, and those funds maintained in accounts at foreign institutions listed in Exhibit B, which may be proceeds of Defendants' fraud, including, but not limited to, taking steps necessary to repatriate foreign assets;

(I) Take such further action as the Court shall deem equitable, just, and appropriate under the circumstances upon proper application of the receiver.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, are temporarily restrained from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendant Wextrust Securities, and each of its officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from violating Section 15(c) of the Exchange Act, 15 U.S.C. § 78(o)(c), and Rule 10b-3 thereunder, 17 C.F.R. § 240.10b-3, by while acting as a broker or dealer, directly or indirectly, making use of the mails or any instrumentality of interstate commerce, or any facility of any national securities exchange, to effect any transaction in, or to induce or attempt to induce the purchase or sale of any security otherwise than on a national exchange of which it is a member, by means of any manipulative, deceptive or other fraudulent device or contrivance, or to use or employ, in connection with the purchase or sale of any security otherwise than on a national securities exchange, any act, practice, or course of business defined by the Commission to be included within the term "manipulative, deceptive or other fraudulent device or contrivance" as such term is used in Section 15(c)(1) of the Exchange Act.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendant Byers, and each of his financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from aiding and abetting any broker's or dealer's violations of Section 15(c) of the Exchange Act, 15 U.S.C. § 78(o)(c), and Rule 10b-3 thereunder, 17 C.F.R. § 240.10b-3, by providing substantial assistance to an individual or entity, which, while acting as a broker or dealer, directly or indirectly, makes use of the mails or any instrumentality of interstate commerce, or any facility of any national securities exchange, to effect any transaction in, or to induce or attempt to induce the purchase or sale of any security otherwise than on a national exchange of which it is a member, by means of any manipulative, deceptive or other fraudulent device or contrivance, or to use or employ, in connection with the purchase or sale of any security otherwise than on a national securities exchange, any act, practice, or course of business defined by the Commission to be included within the term "manipulative, deceptive or other fraudulent device or contrivance" as such term is used in Section 15(c)(1) of the Exchange Act.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendant Wextrust Securities, and

each of its officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from violating Section 15(b) of the Exchange Act, 15 U.S.C. § 78(o)(b), and Rules 15b1-1, 15b3-1 and 15b7-1 thereunder, 17 C.F.R. §§ 240.15b1-1, 240.15b3-1 and 240.15b7-1, and Defendant Byers, and each of his financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from aiding and abetting any broker or dealers violations of Section 15(b) of the Exchange Act, 15 U.S.C. § 78(o)(b) and Rules 15b1-1, 15b3-1 and 15b7-1 thereunder, 17 C.F.R. §§ 240.15b3-1 and 240.15b7-1.

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendant Shereshevsky, and each of his financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or

entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from violating Section 15(a) of the Exchange Act, 15 U.S.C. § 78(o)(a), when neither registered with the Commission as a broker nor properly licensed as an associated person of a registered broker or dealer, making use of the mails or means and instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of securities; alternatively, Defendant Shereshevsky, to the extent he is associated with Defendant Wextrust Securities or any other broker or dealer, and each of his financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from aiding and abetting Section15(b) and 15(c) of the Exchange Act, 15 U.S.C. §§ 78(o)(b) and 78(o)(c), and Rules 10b3-1, 15b1-1, 15b3-1 and 15b7-1 thereunder, 17 C.F.R. §§ 240.10b3-1, 240.15b1-1, 240.15b3-1 and 240.15b7-1.

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants, any person or entity acting at their direction or on their behalf, and any other third party including but not limited to any LLC investor, be and hereby are enjoined and restrained from destroying, altering,

concealing or otherwise interfering with the access of Plaintiff Commission and the Receiver to any and all documents, books, and records that are in the possession, custody or control of the Defendants and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to the Defendants' finances or business operations, or the offer, purchase or sale of securities and the use of proceeds therefrom; and (2) ordered to provide all reasonable cooperation to the receiver in carrying out his duties set forth herein.

### XIV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, each of the Defendants shall file with this Court and serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission agrees to, a verified written accounting signed by each of the Individual Defendants, and the officers or employees of the Defendant Wextrust Entities who are most knowledgeable about the assets, liabilities and general financial condition of the each of the Defendants, if any, under penalty of perjury, of:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of each Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and

17

    real and personal property wherever situated, describing each asset and liability, its current location and amount;

 (2) All money, property, assets and income received by each such Defendant for his direct or indirect benefit from the other Defendants, at any time from January 1, 2005 through the date of such accounting, describing the amount, disposition and current location of each of the items listed;

 (3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of each Defendant; and

 (4) All assets, funds, securities and real or personal property invested by each such Defendant, or any other person controlled by them, and the disposition of such assets, funds, securities, real or personal property.

Each Individual Defendant and the officers or employees of the Defendant Wextrust Entities who are most knowledgeable about the assets, liabilities and general financial condition of the Defendant Wextrust Entity, if any, shall verify the Defendant's accounting and serve such sworn statements of asset identifying information by hand delivery, facsimile transmission to (212) 336-1322 or overnight courier service on the Commission's counsel, Steven G. Rawlings, Esq., Securities and Exchange Commission, 3 World Financial Center, New York, NY 10281. Each of the Individual Defendants is required to provide the Commission with an accounting for his own personal assets, liabilities and general financial condition, and also provide an accounting for each of the Defendant Wextrust Entities.

## XV.

**IT IS FURTHER ORDERED** that limited discovery in connection with the preliminary injunction hearing is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties and the Receiver may:

(1) Take depositions, subject to two (2) calendar days' notice by facsimile or otherwise;

(2) Obtain the production of documents, within three (3) calendar days from service by facsimile or otherwise of a request or subpoena from any persons or entities, including non-party witnesses; and

(3) Service of any discovery requests, notices, or subpoenas may be made by personal service, facsimile, overnight courier, or first-class mail on an individual, entity or the individual's or entity's attorney; and

(4) The receiver may take discovery in this action without further order of the Court.

## XVI.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants on or before 5:00 p.m., August 13, 2008, by personal delivery, facsimile, overnight courier, or first-class mail

## XVII.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in

response to the Order to Show Cause above no later than Monday, August 18, 2008, at 5:00 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 3 World Financial Center, Room 4300, New York, New York 10281, Attn: Steven G. Rawlings, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall have until Tuesday, August 19, 2008, at 5:00 p.m., to serve, by the most expeditious means available, any reply papers upon the Defendants, or upon their counsel, if counsel shall have made an appearance in this action.

## XVIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

_____
UNITED STATES DISTRICT JUDGE (Part I)

Issued at :   __10__ : __35__ _A_.m.
August 12, 2008
New York, New York