USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

SECURITIES EXCHANGE COMMISSION,      :

               Plaintiff,      :     **MEMORANDUM & ORDER**

      - against -                    :     08 Civ. 7104 (DC)

STEVEN BYERS et al.,                 :

               Defendants.     :

- - - - - - - - - - - - - - - - - -x

**CHIN, District Judge**

        Plaintiff Securities Exchange Commission (the "SEC") filed this action on August 11, 2008. On August 12, 2008, Judge Richard Sullivan, the Part I judge on duty, (1) ordered defendants to show cause why the court should not enter a preliminary injunction pursuant to Fed. R. Civ. P. 65; (2) scheduled the show cause hearing for August 20, 2008 at 11:00 a.m. before Judge Kram, to whom the case was originally assigned; (3) signed a temporary restraining order and order granting other relief; (4) ordered defendants' assets frozen pending a hearing and determination of the SEC's application for a preliminary injunction; and (5) ordered the appointment of a temporary receiver. The case was reassigned to me on August 13, 2008.

        The Federal Rules of Civil Procedure provide that a temporary restraining order

> expires at the time after entry -- not to exceed 10 days -- that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

Fed. R. Civ. P. 65(b)(2). The Supreme Court has interpreted the phrase "a like period" as permitting the district court to extend a temporary restraining order for "up to an additional 10 days." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 440 n.15 (1974).

I find that there is good cause to extend the temporary restraining order an additional six days, until September 4, 2008. See John E. Andrus Memorial, Inc. v. Daines, No. 07 Civ. 3432 (CLB), 2008 WL 2607837, at **2-4 (S.D.N.Y. June 30, 2008). "Good cause" exists because: expedited discovery needs to be completed prior to the preliminary injunction hearing; defendants have obligations relating to their parallel criminal cases; the parties' and the Court's scheduling conflicts; and defendant Joseph Schedreshevsky's consent to the postponement of the preliminary injunction hearing.[1] The parties shall appear for the preliminary injunction hearing on September 4, 2008 at 10:30 a.m. in Courtroom 11A, and the temporary restraining order remains in effect until the completion of the hearing.

SO ORDERED.

Dated:  New York, New York
        August 13, 2008

                                          _____
                                          DENNY CHIN
                                          United States District Judge

---

[1] The SEC has attempted to contact defendant Steven Byers to obtain his consent to postpone the preliminary injunction hearing until September 4, 2008. Despite its attempts, the SEC has been unable to contact Mr. Byers. No attorney has appeared on Mr. Byer's behalf in this matter.