
ANDREW M. CALAMARI (AC-4864)
ASSOCIATE REGIONAL DIRECTOR
Alexander M. Vasilescu (AV-2575)
Steven G. Rawlings (SR-0623)
Danielle Sallah (DS-8686)
Philip Moustakis (PM-1748)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center
New York, New York 10281
(212) 336-1100

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION

        Plaintiff,

        - against -

STEVEN BYERS, JOSEPH
SHERESHEVSKY, WEXTRUST CAPITAL, LLC,
WEXTRUST EQUITY PARTNERS, LLC,
WEXTRUST DEVELOPMENT GROUP, LLC,
WEXTRUST SECURITIES, LLC, and
AXELA HOSPITALITY, LLC,

        Defendants, and

ELKA SHERESHEVSKY,

        Relief Defendant.
------------------------------------------------------------x

08 Civ. 07104 (DC)

### ORDER TO SHOW CAUSE, TEMPORARY ASSET FREEZE, AND ORDER GRANTING OTHER RELIEF

        On the Application of Plaintiff Securities and Exchange Commission (the "Commission") for an Order (1) directing relief defendant Elka Shereshevsky ("E. Shereshevsky" or "Relief Defendant") to show cause why an order should not be entered,

pending a final disposition of this action freezing Relief Defendant E. Shereshevsky's assets; and (2) pending adjudication of the foregoing, an Order freezing Relief Defendant E. Shereshevsky's assets.

The Court has considered (1) the Amended Complaint filed by plaintiff on August 28, 2008; (2) the declaration of Receiver Timothy Coleman, dated August 27, 2008, and attached exhibits; (3) the Memorandum of Law, dated August 27, 2008, submitted by plaintiff the Commission; and (4) the Declaration of Steven G. Rawlings pursuant to Local Rule 6.1, executed on August 28, 2008, and the exhibits thereto; and, the Court has also considered (1) the Complaint filed by the Commission on August 11, 2008; (2) the Declaration of Tamara R. Heller, executed on August 10, 2008, and the exhibits thereto, including the declarations of William Schorsch, Nanette L. Wauchop and Patricia K. Singleton; (3) the Declaration of Steven G. Rawlings pursuant to Local Rule 6.1, executed on August 11, 2008, and the exhibits thereto; (5) the memorandum of law in support of Plaintiff the Commission's application, dated August 10, 2008; (6) the Order issued by Part 1 Judge Richard Sullivan, dated August 11, 2008, which granted an asset freeze over the assets of the defendants Joseph Byers ("Byers"), Joseph Shereshevsky ( "Shereshevsky"), Wextrust Capital, LLC ("Wextrust"), Wextrust Equity Partners, LLC ("WEP"), Wextrust Development Group, LLC ("WDG"), Wextrust Securities, LLC ("Wextrust Securities") and Axela Hospitality, LLC ("Axela") (collectively the "Defendants"); (7) the Order issued by Judge Sullivan, dated August 11, 2008, which appointed Timothy Coleman as receiver over Wextrust, WEP, WDG, Wextrust Securities, Axela and affiliated entities to show cause why an order should not be entered, pending a final disposition of this action; (8) the Order issued by Judge Sullivan, dated August 12, 2008, which granted

expedited discovery, ordered the defendants to provide accountings, ordered the parties not to destroy documents or records and scheduled a preliminary injunction hearing to be heard on August 20, 2008; and (9) the Order of this Court, dated August 13, 2008, scheduling the preliminary injunction hearing for the defendants to be heard on September 4, 2008, which has since been adjourned by the Court until September 19, 2008 at 12:00 p.m. in Courtroom 11A.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act, has been made for the relief granted herein, for the following reasons:

1. It appears that the Relief Defendant E. Shereshevsky may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement against her and her husband, Defendant Shereshevsky. It appears that an order freezing Relief Defendant E. Shereshevsky's assets, as specified herein, is necessary to preserve the *status quo*, to protect investors and clients of the Defendants from further transfers of funds and misappropriation, to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

2. Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

3. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Defendants and Relief Defendant, and venue properly lies in this District.

3

[handwritten annotation: and counsel for Relief Defendant E. Shereshevsky consenting to this Order (without prejudice)] [initialed: DC]

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that Relief Defendant E. Shereshevsky show cause, if there be any, to this Court at 12:00 p.m. on the 19th day of September 2008, in Room 11A of the United States Courthouse, 500 Pearl Street, New York, New York, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the Securities Act and Section 21 of the Exchange Act, directing that, pending a final disposition of this action, Relief Defendant E. Shereshevsky, and each of her financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with her who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Relief Defendant E. Shereshevsky, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A to the Order issued by Part 1 Judge Richard Sullivan, dated August 11, 2008, which granted an asset freeze over the assets of the Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of

the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Relief Defendant E. Shereshevsky to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in: (1) the accounts listed on Exhibit B to the Order issued by Part 1 Judge Richard Sullivan, dated August 11, 2008, which granted an asset freeze over the assets of the Defendants; (2) the accounts listed on Exhibit 1 to this Declaration; and (3) each real estate parcel owned directly or indirectly by the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A to the Order issued by Part 1 Judge Richard Sullivan, dated August 11, 2008, which granted an asset freeze over the assets of the Defendants.

## II.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Asset Freeze over Relief Defendant E. Shereshevsky's assets, Relief Defendant E. Shereshevsky, and each of her financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities,

5

commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of Relief Defendant E. Shereshevsky, including, but not limited to, entities owned or controlled by, related to, or associated or affiliated with the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A to the Order issued by Part 1 Judge Richard Sullivan, dated August 11, 2008, which granted an asset freeze over the assets of the Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Relief Defendant E. Shereshevsky to hold or retain within its or his or her control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to, all assets, funds, or other properties held in: (1) the accounts listed on Exhibit B to the Order issued by Part 1 Judge Richard Sullivan, dated August 11, 2008, which granted an asset freeze over the assets of the Defendants; (2) the accounts listed on Exhibit 1 to this Declaration; and (3) each real estate parcel owned directly or indirectly by the Defendant Wextrust Entities and the limited liability companies they control or have an ownership interest in, including but not limited to, those entities listed on Exhibit A to the Order issued by Part 1 Judge Richard Sullivan, dated August 11, 2008, which granted an asset freeze over the assets of the Defendants.

### III.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against the Relief Defendant Shereshevsky, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to this order.

### IV.

~~IT IS FURTHER ORDERED that~~ A [proposed] copy of this Order and the papers supporting the Commission's Application [having been] ~~be~~ served upon Relief Defendant E. Shereshevsky~~, or her counsel on or before ____, September __, 2008, by personal delivery, facsimile, overnight courier, or first-class~~ [by email today]. *(DC)*

### V.

**IT IS FURTHER ORDERED** that Relief Defendant E. Shereshevsky or her counsel shall deliver any opposing papers in response to the Order to Show Cause above no later than [noon], September [12], 2008, ~~at 4:00 p.m.~~ Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 3 World Financial Center, Room 4300, New York, New York 10281, Attn: Steven G. Rawlings, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall have until [noon], September [1?], 2008, ~~at 5:00 p.m.~~, to serve, by the most expeditious means available, any reply papers upon Relief Defendant E. Shereshevsky, or upon her counsel, if counsel shall have made an appearance in this action.



7

## VI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Relief Defendant E. Shereshevsky and each of her respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise. *The SEC shall transmit a copy of this order to Relief Defendant's Counsel forthwith.*

_____
UNITED STATES DISTRICT JUDGE

Issued at: __11__ : __00__ a.m.
August 28, 2008
New York, New York

8