ANDREW M. CALAMARI (AC-4864)
ASSOCIATE REGIONAL DIRECTOR
Alexander M. Vasilescu (AV-2575)
Steven G. Rawlings (SR-0623)
Danielle Sallah (DS-8686)
Philip Moustakis (PM-1748)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center
New York, New York 10281
(212) 336-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION  :
                                    :
            Plaintiff,              :
                                    :     08 Civ. 07104 (DC)
        - against -                 :
                                    :
STEVEN BYERS, JOSEPH                :
SHERESHEVSKY,                       :
WEXTRUST CAPITAL, LLC,              :
WEXTRUST EQUITY PARTNERS, LLC,      :
WEXTRUST DEVELOPMENT GROUP, LLC,    :
WEXTRUST SECURITIES, LLC, and       :
AXELA HOSPITALITY, LLC,             :
                                    :
            Defendants and          :
                                    :
ELKA SHERESHEVSKY,                  :
                                    :
            Relief Defendant.       :
                                    :
----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR EMERGENCY RELIEF

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..........................................................................................1

STATEMENT OF FACTS................................................................................................4

    A.    The Defendants, Relief Defendant and Relevant Parties..................................4

    B.    The Fraudulent Conduct of Defendants..............................................................5

    C.    The Relief Defendant Has Been Used to Hide Illicit Assets.....................6

ARGUMENT......................................................................................................................7

The Relief Defendant's Assets Should Be Frozen..........................................................7

CONCLUSION...................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Commodity Futures Trading Comm'n v. International Berkshire Group Holdings, Inc.*,
No. 05-61588, 2006 WL 3716390 (S.D. Fl. Nov. 3, 2006)..................................................8

*International Controls Corp. v. Vesco*,
490 F.2d 1334 (2d Cir.), *cert. denied*, 417 U.S. 932 (1974)..............................................8

*SEC v. Cavanagh*,
155 F.3d 129 (2d Cir. 1998)..............................................................................................7

*SEC v. Gonzalez de Castilla*,
145 F. Supp. 2d 402 (S.D.N.Y. 2001))..............................................................................7

*SEC v. Heden*,
51 F. Supp. 2d 296 (S.D.N.Y. 1999).............................................................................7-8

Case 1:08-cv-07104-DC   Document 20   Filed 09/02/2008   Page 4 of 12

ANDREW M. CALAMARI (AC-4864)
ASSOCIATE REGIONAL DIRECTOR
Alexander M. Vasilescu (AV-2575)
Steven G. Rawlings (SR-0623)
Danielle Sallah (DS-8686)
Philip Moustakis (PM-1748)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center
New York, New York 10281
(212) 336-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION       :
                                         :
                Plaintiff,               :
                                         :         08 Civ. 07104 (DC)
        - against -                      :
                                         :
STEVEN BYERS, JOSEPH                     :
SHERESHEVSKY,                            :
WEXTRUST CAPITAL, LLC,                   :
WEXTRUST EQUITY PARTNERS, LLC,           :
WEXTRUST DEVELOPMENT GROUP, LLC,         :
WEXTRUST SECURITIES, LLC, and            :
AXELA HOSPITALITY, LLC,                  :
                                         :
                Defendants and           :
                                         :
ELKA SHERESHEVSKY,                       :
                                         :
                Relief Defendant.        :
                                         :
-------------------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR EMERGENCY RELIEF

PRELIMINARY STATEMENT

Plaintiff Securities and Exchange Commission (the "Commission") submits this memorandum of law in support of its emergency application for an order freezing the assets of

relief defendant Elka Shereshevsky, the wife of defendant Joseph Shereshevsky ("Shereshevsky"). Recent evidence shows that Elka Shereshevsky was and still is being used by Shereshevsky as a means to divert Wextrust funds and hide the proceeds of his fraudulent conduct. The Commission filed its First Amended Complaint in this matter this morning, adding Elka Shereshevsky as a relief defendant (and additional broker-dealer fraud charges against defendant Steven Byers ("Byers")).[1]

By separate Orders issued on August 11, 2008, the Court froze the assets of the Defendants (the "Order Freezing Assets") and appointed Timothy J. Coleman as receiver for the Wextrust Entity Defendants.[2]

Mr. Coleman has learned that Shereshevsky routinely placed his own assets – residential real estate, bank accounts, and a share in the ownership of Wextrust – in his wife's name. Mr. Coleman also learned that Elka Shereshevsky had a "no show" job at Wextrust and received improper transaction-based compensation and bonuses for sales of securities her husband made through Wextrust Securities while not registered as an associated person with it. She also has no

---

[1] On August 11, 2008, the Commission sought a temporary restraining order, appointment of receiver, accountings, expedited discovery, and an order requiring the preservation of documents against Shereshevsky and Byers, and defendants Wextrust Capital, LLC ("Wextrust"), Wextrust Equity Partners, LLP, Wextrust Development Group, Wextrust Securities, LLC ("Wextrust Securities") and Axela Hospitality, LLC (the "Wextrust Entity Defendants," and collectively, "the Defendants".) Emergency relief was needed to halt the Defendants' misappropriation of funds, and their fraudulent offerings of securities that raised at least $255 million from at least 1,196 investors since at least 2002. That same day, Shereshevsky and Byers were arrested on a criminal complaint filed in the Southern District of New York alleging felony violations relating to the same fraudulent schemes alleged in this civil action.

[2] The next day, the Court granted the remaining emergency relief the Commission sought and issued a temporary restraining order and an order requiring accountings, expedited discovery, and the preservation of documents against the Defendants. A preliminary injunction hearing subsequently was scheduled for September 4, 2008, but has been adjourned until September 19, 2008.

source of income other than monies diverted to her from Wextrust by her husband, defendant Shereshevsky. Although Elka Shereshevsky purportedly holds twenty percent ownership of Wextrust Securities as General Partner of the Shereshevsky Family Partnership, the evidence shows that defendant Joseph Shereshevsky controls that interest.

Significantly, Mr. Coleman has learned that on or about August 1, 2008, Wachovia Corporation ("Wachovia") froze the assets in numerous Wextrust accounts in response to a freeze notice from the Department of Justice and in anticipation of this Court's eventual Order Freezing Assets. Thereafter, Shereshevsky directed his wife to open an account with BB&T Bank in Norfolk, Virginia, into which he diverted his own or Wextrust investment vehicle assets. Mr. Coleman has identified other accounts putatively controlled by Elka Shereshevsky that contain more $825,000 of her husband's or the Wextrust Defendants' assets. One wire transfer report showing a $100,000 transfer into such an account states, "per Joe's phone call 01-23-06," indicating Shereshevsky directed the transfer. The BB&T Bank is taking the position with Mr. Coleman that the account putatively under the control of Elka Shereshevsky is not covered by the Order Freezing Assets.

Because assets of the Defendants have been diverted and hidden by Shereshevsky in his wife Elka Shereshevsky's name,[3] an immediate freeze over her assets is necessary to maintain the *status quo*, and to ensure that proceeds of the fraud are protected against dissipation and that sufficient funds are available to satisfy any final judgment the Court might enter against the Defendants.

---

[3] Some of the accounts are held in the names of the Shereshevskys' children, with Elka Shereshevsky as a signatory on those accounts.

3

**STATEMENT OF FACTS**

The facts and evidence in support of this emergency application are contained in: (a) the Rule 6.1 Declaration of Steven G. Rawlings, (b) the declaration of Timothy J. Coleman, the Court-appointed receiver over the Wextrust Entity Defendants, dated August 26, 2008 (attached hereto as Exhibit 1 with Exhibits A-I thereto) ("Coleman Declaration" or "Coleman Decl."). Reference is also made to the declaration of Tamara R. Heller, a Staff Examiner at the New York Regional Office of the Commission, dated August 8, 2008 (filed with the Court on August 11, 2008, and Exhibits 1-78 thereto, separately bound in the accompanying Volumes 1, 2 and 3) ("Heller Declaration" or "Heller Decl.").

A.   **The Defendants, Relief Defendant and Relevant Parties**

**Steven Byers,** age 46, resides in Oakbrook, Illinois. Together with Shereshevsky, Byers owned or controlled the Wextrust Entity Defendants. Byers is Wextrust's Chairman and owns sixty percent of that entity. (Heller Decl. at ¶ 3, Ex. 19.)

**Joseph Shereshevsky,** age 52, together with Byers and others, owned or controlled the Wextrust Entity Defendants. Shereshevsky owns twenty percent of Wextrust through a partnership interest held in the name of his wife, Elka Shereshevsky, and, during the relevant time period, was Wextrust's Chief Operating Officer.

**Elka Shereshevsky,** age 37, is a resident of Norfolk, Virginia and owns twenty percent of Wextrust through the Shereshevsky Family Partnership, of which she is the General Partner. (Heller Decl., Ex. 11 at 8.) Elka Shereshevsky had a "no show" job with Wextrust Securities. She, along with her husband Shereshevsky, received transaction-based compensation and bonuses for the sales of private placements through Wextrust Securities.

**Wextrust** is an Illinois limited liability company headquartered in Chicago, Illinois, and maintains offices in New York, New York, Norfolk, Virginia, Atlanta, Georgia, Boca Raton, Florida, Nashville, Tennessee, Tel Aviv, Israel, and Johannesburg, South Africa. (Heller Decl. at ¶ 5, Ex. 17 (Snapshot from www.wextrust.com).)

B.   **The Fraudulent Conduct of Defendants**

As explained more fully in the Commission's emergency application on August 11, 2008, from at least 2002, the Defendants raised money in at least 60 different offerings of securities, usually in the form of private placements and have created 150 limited liability companies ("LLCs") to act as issuers or facilitators of the offerings. All of the Wextrust Entity Defendants, as well as hundreds of the LLCs created in connection with the various securities offerings, were owned or controlled by Shereshevsky, a convicted felon, Byers and others. Wextrust documents show that Defendants diverted over $100 million from issuer LLC entities to other Wextrust entities.

The Defendants knowingly and recklessly made false and material misrepresentations to investors about how moneys raised in the various offerings would be used. Private placement documents in a number of offerings represented that funds were being raised for specific investments, when in fact they were used to pay investors in unrelated offerings or to pay the operating expenses of Wextrust entities. Documents reveal that during the past year, inter-entity transfers were greatly escalating and the Wextrust entities were running a substantial deficit on funds owed to investors. (Heller Decl. at ¶ 18, Exs. 43, 46-49.) The diversion of funds from the various LLC entities (which raised funds from investors) to the Wextrust Entity Defendants is contrary to representations in the offering memoranda that proceeds will be used only for

specific purposes. The offering documents also tout Shereshevsky's background while failing to disclose that he is a convicted felon.

The Amended Complaint alleges widespread diversions of funds involving at least 45 of the 60 offerings. It also details four separate offerings as examples of the fraud: GSA Investors, LLC; Crowne-Phoenix Holdings, LLC; Block III Mines & Minerals, LLC; and Peoria Office Holdings, LLC. In addition, prior to the filing of the Commission's action on August 11, 2008, the Defendants were in the midst of conducting at least four other offerings in investments or instruments which are securities in the form of investment contracts, notes or other evidence of indebtedness: Drake Oak Brook Investors, LLC; 625 Paragon Investors, LLC; and ATM II. (*See* Heller Decl. at ¶ 64, Exs. 32-35.)

C.   **The Relief Defendant Has Been Used to Hide Illicit Assets**

Shereshevsky hid and is attempting to hide assets gained as a result of his frauds in his wife Elka Shereshevsky's name. Specifically, Mr. Coleman has learned that Shereshevsky placed his assets – including residential real estate, bank accounts, and a share in the ownership of Wextrust – in his wife's name. (Coleman Decl. ¶ 7.) Shereshevsky authorized repeated transfers of Wextrust assets to banking and investment accounts controlled by his wife. (Coleman Decl. at ¶ 25.) Further, Elka Shereshevsky has no other source of income other than monies received from Wextrust though her husband. (Coleman Decl. at ¶ 9.) Thus, all of her assets are derived from defendant Shereshevsky.

As set forth in the Coleman Declaration, on or about August 1, 2008, Wachovia froze assets in numerous Wextrust accounts in response to a freeze notice from the Department of Justice and in anticipation of the Court's entry of an order freezing those assets. (Coleman Decl. ¶ 11.) Thereafter, Shereshevsky directed his wife to open an account with BB&T Bank in

Norfolk, Virginia, into which assets that belonged to Shereshevsky or a Wextrust investment vehicle were transferred. (Coleman Decl. at ¶ 12-17.)  Mr. Coleman has identified numerous other accounts putatively controlled by Elka Shereshevsky into which more than $825,000 of her husband's or the Wextrust Defendants' assets were diverted while the Defendants' business was collapsing. (Coleman Decl. at ¶¶ 19-23.)

Mr. Coleman and his team have been in active communication with BB&T bank to freeze the assets there in accordance with this Court's existing Order Freezing Assets. (Coleman Decl. at ¶¶ 24-26.)  Unfortunately, Mr. Coleman has been unable to obtain exclusive control of all the Wextrust funds and accounts, specifically including the BB&T account. (Coleman Decl. at ¶ 27.)

## ARGUMENT

### THE RELIEF DEFENDANT'S ASSETS SHOULD BE FROZEN

The Court may freeze the assets of a relief defendant in a securities enforcement action where that person (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds. *S.E.C. v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998); *S.E.C. v. Heden*, 51 F. Supp. 2d 296, 299 (S.D.N.Y. 1999) ("A freeze order can apply to non-parties, such as relief defendants allegedly holding the funds of defendants.")  When there has been no consideration given for the receipt of the ill-gotten funds, there is no legitimate claim to the funds and they may be frozen. *See S.E.C. v. Cavanagh*, 155 F.3d at 137 (freezing proceeds of stock sale where relief defendant gave no consideration for shares but received them as a gift).  In addition, the Commission need only show likelihood of success on the merits as to an account or other asset nominally held by a non-defendant, but controlled by a defendant for his own purposes. *See S.E.C. v. Heden*, 51 F. Supp. 2d at 299-300 (applying freeze order to assets in a family account jointly held by non-

defendants, which the defendant viewed and treated as his own, on the basis of SEC's showing that it was likely to succeed on merits).[4]

The evidence developed to date indicates that, in the last year, Shereshevsky transferred nearly $1 million into the accounts he established in Elka Shereshevsky's name. The Commission made its showing on August 11, 2008 that Defendant Shereshevsky's assets should be frozen and now that same relief should be extended to the assets of the Relief Defendant. *See SEC v. Heden,* 51 F. Supp. 2d at 299) ("If an asset belonging to a relief defendant is, in reality, also an asset of a defendant, then the freeze sought is against the defendant's assets."); *Commodity Futures Trading Comm'n v. International Berkshire Group Holdings, Inc.,* No. 05-61588, 2006 WL 3716390, at *10 (S.D. Fl. Nov. 3, 2006) (citing, among other cases, *SEC v. Heden*, 51 F. Supp. 2d at 299 for the proposition that a district court may freeze the assets of relief defendants). *Cf. Internat'l Controls Corp. v. Vesco,* 490 F.2d 1334, 1347 (2d Cir.), *cert. denied,* 417 U.S. 932 (1974) (noting that an asset freeze may be appropriate to assure compensation to those who are victims of a securities fraud).

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that this Court grant its application for emergency relief to protect the assets rightfully belonging to investors that were obtained by the Relief Defendant.

---

[4] The ancillary remedy of a freeze order requires a lesser showing than that needed to obtain an injunction against future securities law violations. *See SEC v. Gonzalez de Castilla,* 145 F. Supp. 2d 402, 415 (S.D.N.Y. 2001) (stating that "courts may order a freeze even where the SEC has failed to meet the standard necessary to enjoin future violations of the securities laws".)

8

Dated: New York, New York
       August 27, 2008

                                                /s/ Steven G. Rawlings (DS)
Steven G. Rawlings (SR-0623)
Danielle Sallah (DS-8686)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center
Room 4300
New York, New York 10281
Tel: (212) 336-0178

***Of Counsel:***
    Andrew M. Calamari
    Alexander M. Vasilescu
    Philip Moustakis