ANDREW M. CALAMARI (AC-4864)
ASSOCIATE REGIONAL DIRECTOR
Alexander M. Vasilescu (AV-2575)
Doria Bachenheimer (DB-3307)
Steven G. Rawlings (SR-0623)
Danielle Sallah (DS-8686)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center
New York, NY 10281
(212) 336-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
:
Plaintiff,  :
:   __ Civ. __ ( )
- against -  :
:
STEVEN BYERS, JOSEPH  :
SHERESHEVSKY, WEXTRUST CAPITAL, LLC,  :
WEXTRUST EQUITY PARTNERS, LLC,  :
WEXTRUST DEVELOPMENT GROUP, LLC,  :
WEXTRUST SECURITIES, LLC, and  :
AXELA HOSPITALITY, LLC,  :
:
Defendants.  :
:
-----------------------------------------------------------------------x

## DECLARATION PURSUANT TO LOCAL RULE 6.1

I, Steven G. Rawlings, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am employed by Plaintiff Securities and Exchange Commission (the "Commission") in the Commission's New York Regional Office, and I am a member of the bar of the State of New York and of this Court. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reasons exist for bringing the Commission's application (the "Application") for a Temporary Restraining Order,

Preliminary Injunction, Order to Show Cause, Asset Freeze and Other Relief in connection with the action it has filed against defendants Steven Byers and Joseph Shereshevsky (together, the "Individual Defendants"), and Wextrust Capital, LLC ("Wextrust"), Wextrust Development Group, LLC ("WDG"), Wextrust Equity Partners, LLC ("WEP"), Wextrust Securities, LLC ("Wextrust Securities"), and Axela Hospitality, LLC ("Axela") (collectively, the "Wextrust Entity Defendants"). All Defendants are collectively referred to herein as "Defendants".

2. Emergency relief is needed to halt the misappropriation of funds by the Defendants and stop the fraudulent offerings of securities that have raised at least $255 million from at least 1,196 investors in at least 60 offerings since at least 2002 to the present. Among the emergency relief, the Commission seeks an immediate asset freeze of all Defendants' assets and the immediate appointment of a receiver for the Wextrust Entity Defendants. At approximately the same time that the Commission makes this emergency application, Defendants Shereshevsky and Byers will be arrested on a criminal complaint to be filed in this District alleging felony violations relating to the same fraudulent schemes alleged in this civil action.

3. As set forth in the complaint filed by the Commission on August 11, 2008, and the memorandum of law in support of Plaintiff Commission's application, dated August 11, 2008, and as evidenced by the Declaration of Tamara R. Heller, a Staff Examiner at the New York Regional Office of the Commission, executed on August 10, 2008, with 78 exhibits thereto, as well as 3 other declarations, the Commission has discovered that Defendants have been defrauding the investing public in violation of

federal securities laws and that, unless temporarily restrained and preliminarily enjoined, will continue to defraud the investing public.

4.  As explained in the Complaint, memorandum of law and the Heller Declaration, these securities offerings have generally been through private placements purportedly to fund the acquisition of specified assets. The Defendants have been materially misrepresenting to their investors in private placement memoranda that the funds raised will be used for specific investments in real estate or other assets identified in offering memoranda and fail to disclose that the funds would instead be diverted for purposes other than those specified in the private placement memoranda, including to make payments to prior investors in earlier unrelated securities offerings. Nor do the offering documents disclose to investors that Defendant Shereshevsky is a convicted felon who pled guilty to bank fraud in June 2003. For example, in one securities offering called GSA Investors, LLC, conducted from 2005 through 2008, Defendants falsely represented to investors that more than $9 million raised in that offering would be used to purchase seven specifically identified real estate properties that were leased by federal government agencies, such as the General Services Administration. In fact, the Defendants never purchased the seven properties and instead used the proceeds for other purposes. Overall, the Defendants have diverted over $100 million to uses other than those disclosed in private placement memoranda for the various offerings.

5.  To market their fraudulent offerings, Byers and Shereshevsky used Defendant Wextrust Securities, a captive broker-dealer registered with the Commission, and the other Wextrust Entities. To conceal Shereshevsky's involvement with Wextrust Securities, Wextrust Securities Form BD failed to disclose that Shereshevsky was one of

the individuals controlling that broker-dealer and that he has a felony conviction in 2003. Moreover, Shereshevsky and Byers failed to properly register as a broker or as associated with Wextrust Securities, and both Shereshevsky and Byers failed to obtain proper licenses, such as the Series 7 and Series 24, necessary to sell securities or manage a broker-dealer.

6. Emergency relief is needed as the Defendants are in the midst of raising funds in new private placement offerings and divert the funds raised to pay, among other things, the obligations owed to investors in prior offerings. Shereshevsky and Byers can easily transfer funds overseas, as they regularly travel overseas and have holdings in South Africa, Namibia and/or Israel. Absent an immediate asset freeze and appointment of receiver, Byers and Shereshevsky may move assets outside the Court's jurisdiction.

7. Additionally, absent expedited relief, the Defendants will continue to misappropriate investors' money in continuing fraudulent offerings.

8. On the morning of August 11, 2008, I provided notice to individuals I believe to be attorneys or representatives of the Defendants of the Commission's intention to make its instant application for an order to show cause on August 11, 2008, and requested that they make themselves available to be heard on this motion this morning.

9. No previous request has been made for the relief sought in the Application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   August 11, 2008
            New York, New York

*Steven G. Rawlings*
Steven G. Rawlings (SG-0623)