ANDREW M. CALAMARI (AC-4864)
ASSOCIATE REGIONAL DIRECTOR
Alexander M. Vasilescu (AV-2575)
Steven G. Rawlings (SR-0623)
Danielle Sallah (DS-8686)
Philip Moustakis (PM-1748)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
3 World Financial Center
New York, New York 10281
(212) 336-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,   :
                                      :
                  Plaintiff,          :
                                      : 08 Civ. 7104 (DC)
           - against -                :
                                      :
STEVEN BYERS, JOSEPH                  :
SHERESHEVSKY, WEXTRUST CAPITAL, LLC,  :
WEXTRUST EQUITY PARTNERS, LLC,        :
WEXTRUST DEVELOPMENT GROUP, LLC,      :
WEXTRUST SECURITIES, LLC, and         :
AXELA HOSPITALITY, LLC,               :
                                      :
                  Defendants, and     :
                                      :
ELKA SHERESHEVSKY,                    :
                                      :
                  Relief Defendant.   :
                                      :
-------------------------------------------------------------------x

## DECLARATION PURSUANT TO LOCAL RULE 6.1

I, Steven G. Rawlings, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am employed by Plaintiff Securities and Exchange Commission (the

"Commission") in the Commission's New York Regional Office, and I am a member of

the bar of the State of New York and of this Court. I make this declaration pursuant to

Local Civil Rule 6.1(d) to show that good and sufficient reasons exist for bringing the Commission's application (the "Application") for an order (1) directing relief defendant Elka Shereshevsky ("Relief Defendant" or "E. Shereshevsky") to show cause why an order should not be entered, pending a final disposition of this action, freezing Relief Defendant E. Shereshevsky's assets; and (2) pending adjudication of the foregoing, an Order freezing Relief Defendant E. Shereshevsky's assets.

2. Today, the Commission filed an Amended Complaint dated August 28, 2008, which names E. Shereshevsky as Relief Defendant in this action. Emergency relief is needed against the Relief Defendant to freeze immediately all assets of the Relief Defendant to maintain the status quo and to ensure that proceeds of the fraud are protected against dissipation and that sufficient funds are available to satisfy any final judgment the Court might enter against the Defendants.

3. On August 11, 2008, the Commission sought a temporary restraining order, appointment of receiver, accountings, expedited discovery, and an order requiring the preservation of documents against defendants Shereshevsky and Byers (the "Individual Defendants") and defendants Wextrust Capital, LLC ("Wextrust"), Wextrust Equity Partners, LLP ("WEP"), Wextrust Development Group ("WDG"), Wextrust Securities, LLC ("Wextrust Securities") and Axela Hospitality, LLC ("Axela") (the "Wextrust Entity Defendants," collectively "the Defendants".) Emergency relief was needed to halt the misappropriation of funds by the Defendants and stop the fraudulent offerings of securities that have raised at least $255 million from at least 1,196 investors since at least 2002 to the present. Earlier that same day, Defendants Shereshevsky and

2

Byers were arrested on a criminal complaint filed in the Southern District alleging felony violations relating to the same fraudulent schemes alleged in this civil action.

4. By separate Orders issued on August 11, 2008, the Court imposed the asset freeze over the Defendants (the "Asset Freeze Order") and appointed Timothy J. Coleman as receiver over the Wextrust Entity Defendants. On August 12, 2008, the Court granted the remaining emergency relief the Commission sought and issued a temporary restraining order and an order requiring accountings, expedited discovery, and the preservation of documents against the Defendants.

5. The receiver Mr. Coleman has since learned that Defendant Shereshevsky placed his assets – including residential real estate, bank accounts, and a share in the ownership of Wextrust – in the name of his wife, Relief Defendant E. Shereshevsky. Relief Defendant E. Shereshevsky was also provided a "no show" job at Wextrust Securities. In addition, she also received improper transaction based compensation and bonuses for sales of securities her husband Shereshevsky made though Wextrust Securities while not registered as an associated person with it. Relief Defendant E. Shereshevsky has no other source of income other than monies received from Wextrust though her husband.

6. Significantly, Mr. Coleman has learned that on or about August 1, 2008, Wachovia Corporation ("Wachovia") froze the assets in numerous Wextrust accounts in response to a freeze notice from the Department of Justice and in anticipation of this Court's eventual Asset Freeze Order. Thereafter Shereshevsky directed his wife, E. Shereshevsky, to open an account with BB&T Bank in Norfolk, Virginia, into which was transferred more assets that rightfully belong to Shereshevsky or a Wextrust investment

vehicle. Mr. Coleman has identified numerous other accounts putatively controlled by E. Shereshevsky that contain more than $825,000 in assets that rightfully belong to Shereshevsky or the Wextrust Defendants. One wire transfer report showing a $100,000 transfer into one such account states, "per Joes's phone call 01-23-06", indicating that Shereshevsky is directing the money flow. Indeed, the evidence developed to date indicates that, in the last year, Shereshevsky transferred nearly $1 million into the accounts he established in Elka Shereshevsky's name.

7. The BB&T Bank is taking the position with Mr. Coleman that the account putatively under the control of Elka Shereshevsky is not covered by the Court's previously issued Order Freezing Assets.

8. On August 19, 2008, the Commission learned from counsel for Relief Defendant that she has attempted to access funds that are subject to the Asset Freeze Order. Counsel for Relief Defendant then requested that the Commission permit her to access such funds. The Commission informed counsel that it would consider the request, provided that Relief Defendant disclose all assets and accounts held by her individually or jointly with others. The Commission has not to date received a response to this request. The Commission also informed counsel for Relief Defendant that her husband, Defendant Joseph Shereshevsky, has not yet complied with this Court's order that he execute an accounting. (Exhibit 1 (Email dated August 19, 2008 from A. Vasilescu to M. Bachner).) To this date, Defendant Shereshevsky has still not complied with the Court's order that he execute an accounting.

9.  Absent an immediate asset freeze and appointment of receiver, as well as other emergency relief, Defendant Shereshevsky will continue to divert and misappropriate assets through the Relief Defendant and defraud the investing public.

10. Earlier this morning, I attempted to provide notice to representatives of the Relief Defendant of the Commission's intention to make its instant application for an order to show cause today, and requested that they immediately appear in Court. *Mr. Bechner is available by cell phone at (917) 225-9276.*

11. No previous request has been made for the relief sought in the Application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   August 28, 2008
            New York, New York

_____
Steven G. Rawlings (SR-0623)

# EXHIBIT 1

Case 1:08-cv-07104-DC    Document 23    Filed 09/02/2008    Page 6 of 16

**From:** Vasilescu, Alexander M.
**Sent:** Tuesday, August 19, 2008 4:57 PM
**To:** 'mb@bhlawfirm.com'
**Subject:** Elka Shereshevsky re SEC v Byres, Shereshevksy, Wextrust et al.

Dear Mr. Bachner, pursuant to our discussion earlier today, please find a form financial disclosure. Among other items required by the forms, we emphasize that Mrs. Shereshevsky should disclose all assets and accounts that are in her name, her children's names, jointly held with her husband, jointly held with any family member (such as children), solely held in her husband's name, and any assets held in any affiliated entities, such as trusts for which Mrs. Shereshevsky or her children are beneficiaries. As we discussed, the Court ordered Joseph Shereshevsky to execute an accounting. We have not yet received such an accounting.



financls.doc (76 KB)

*Alexander M. Vasilescu*
*Regional Trial Counsel/Trial Unit Chief*
*New York Regional Office*
*Securities and Exchange Commission*
*3 World Financial Center*
*Room 4300*
*New York, New York 10281-1022*
*Tel:(212) 336-0178*
*Fax (703) 813-3282*

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
STATEMENT OF FINANCIAL CONDITION OF

I.  Statement of Assets and Liabilities as of _____:

A.  Assets:

List all assets owned by you, your spouse, or any other member of your household, directly or indirectly, and all assets which are subject to your or your spouse's possession, enjoyment, or control, regardless of whether legal title or ownership is held by a relative, trustee, lessor, or any other intermediary, including but not limited to the categories indicated below.

| | | |
|---|---|---|
| 1. | Cash | _____ |
| 2. | Cash Surrender Value of Insurance | _____ |
| 3. | Accounts Receivable | _____ |
| 4. | Loans or Notes Receivable | _____ |
| 5. | Real Estate | _____ |
| 6. | Furniture and Household Goods | _____ |
| 7. | Automobiles | _____ |
| 8. | Securities | _____ |
| 9. | Partnership Interests | _____ |
| 10. | Net Value of Ownership Interest in Business | _____ |
| 11. | Individual Retirement Accounts (IRAs) | _____ |
| 12. | Keogh Accounts or Plans | _____ |
| 13. | 401(k) Accounts or Plans | _____ |
| 14. | Other Pension Assets | _____ |
| 15. | Annuities | _____ |
| 16. | Prepaid Expenses or Liabilities | _____ |
| 17. | Credit Balances on Credit Cards | _____ |
| 18. | Other (Itemize) | _____ |
| 19. | _____ | _____ |
| 20. | _____ | _____ |
| | **Total Assets** | _____ |

1

Case 1:08-cv-07104-DC   Document 23   Filed 09/02/2008   Page 9 of 16

B. **Liabilities:**

List all liabilities, including but not limited to the items listed below.

1. Mortgages                          _____
2. Auto Loans                         _____
3. Credit Card Debt                   _____
4. Loans on Insurance Policies        _____
5. Installment Loans                  _____
6. Other Loans or Notes Payable       _____
7. Accrued Real Estate Taxes          _____
8. Judgments/Settlements Owed         _____
9. Other (Itemize):                   _____
10. _____        _____
11. _____        _____

---

      Total Liabilities                _____

C. Net Worth (Assets Minus Liabilities)  _____

D.  For each asset with a fair market value of greater than $1000, describe the asset, state the form of ownership (<u>e.g.</u>, individual, joint, beneficial interest), provide a fair market value and explain how fair market value was determined <u>(e.g.</u>, appraisal, comparison, estimate, etc.).

E.  For each liability, indicate the date incurred; the original amount of the liability; the length of the obligation; the interest rate, the collateral or security; if any, who is responsible for the obligation; the outstanding balance; the name(s) and address(es) of all obligee(s); and your relationship (if any) to each creditor.

F.  List all securities or commodities brokerage accounts and accounts at banks or other financial institutions in your name; under your control; in which you have or had a beneficial interest; or to which you are or were a signatory since Januay 1, 2002. For each account, specify the location of the account, account number and balance in cash or securities.

G.  List any 401(k) plans, pension plans, Keogh plans, individual retirement accounts, profit sharing plans, thrift plans, life insurance policies or annuities, in which you have an interest, vested or otherwise. For each account or plan, specify the account name, the location of the account, account number and balance, and the terms of withdrawal or loan options.

H.  List all credit cards or lines of credit in your name or to which you are a signatory, including the name of the credit issuer, account number, credit limit, and amount of indebtedness.

II. Cash Flow Information

   A. Income/Receipts

   List all money or other income received from any source on a monthly basis by you, your spouse, or any other member of your household, identifying the source, recipient, and amount. For any income received on a basis other than monthly, convert to a monthly basis for the purposes of this statement.

| Description | Source | Amount |
|---|---|---|
| 1. Salary/Wages | _____ | _____ |
| 2. Commissions/Advances | _____ | _____ |
| 3. Consulting Fees | _____ | _____ |
| 4. Dividends | _____ | _____ |
| 5. Interest | _____ | _____ |
| 6. Annuities | _____ | _____ |
| 7. Pensions | _____ | _____ |
| 8. Rents/Royalties | _____ | _____ |
| 9. Sales of Assets (Net) | _____ | _____ |
| 10. Repayment of Loans | _____ | _____ |
| 11. Payments on obligations made on your behalf by others | _____ | _____ |
| 12. Fringe Benefits (e.g., car) | _____ | _____ |
| 13. Alimony/Child Support | _____ | _____ |
| 14. Gifts/Bonuses | _____ | _____ |
| 15. Other (Itemize) | _____ | _____ |
| 16. _____ | _____ | _____ |

Total Receipts                                    _____

B. **Expenses/Disbursements**

List all monthly expenditures for whatever purpose for you or your household for the past 12 months, identifying the purpose and the amount, including projected expenses. For any expenditure which varies from month to month, indicate a range of amounts and the average amount on a monthly basis.

| Description | Amount |
|---|---|
| 1. Mortgage/Rent | _____ |
| 2. Food | _____ |
| 3. Utilities | _____ |
| 4. Payment on Loans | _____ |
| 5. Real Estate Taxes | _____ |
| 6. Insurance Premiums | _____ |
| 7. Medical Expenses | _____ |
| 8. Automobile Expenses | _____ |
| 9. Alimony/Child Support | _____ |
| 10. Income Taxes | _____ |
| 11. Other Expenses (Itemize) | _____ |
| 12. _____ | _____ |
| 13. _____ | _____ |
| 14. _____ | _____ |
| 15. _____ | _____ |

**Total Expenses/Disbursements** _____ *

*If you anticipate unusual expenses in the coming 12 months, please describe them.

6

III. Other Information

    A.    List any disbursement having a value of $1000 or more, made on your behalf, or on behalf of your spouse or children, by any other person or entity since Januay 1, 2002, the amount of the disbursement, and the name and address of the person or entity who made the disbursement.

    B.    List all transfers of cash in an amount of $1000 or more, or assets or property with a cost or fair market value of $1000 or more, made by you since Januay 1, 2002, and, if applicable, identify the value of the asset, the consideration received, and the relationship of the transferror to the transferee, or indicate that no such transfers have been made.

C. Identify any financial institution accounts (other than those identified in Item I.F. above) in which you have deposited more than $1000 since Januay 1, 2002, or indicate that no such deposits have been made.

D. List all dependents, their ages, and whether or not they reside with you.

E. Attach federal income tax returns filed by you or on your behalf (including personal, trust, or business returns) during the years ____ through ____ Januay 1, 2002.

F. Attach any federal gift tax returns filed by you or your spouse during the years ____ through ____. Januay 1, 2002..

G. Attach any financial statement which the declarant has prepared during the years ____ through ____ for any purpose (e.g., such as a financial statement provided to a bank to secure a loan). Januay 1, 2002..

H. *Attach copies of documents evidencing all outstanding loans for which you or your spouse is either a lender or borrower.*

I. *Attach copies of all securities, commodities, bank, or other financial institution account statements for the past 12 months in your or your spouse's name, under your or your spouse's control, or in which you or your spouse has a beneficial interest.*

Under penalties of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete. I further declare that I have no assets, owned either directly or indirectly, or income of any nature other than as shown in, or attached to, this statement. I understand that any material misstatements or

8

omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C. 1001.

                                                          _____
                                                              Date

Sworn before me this \_\_\_\_ day of _____, \_\_\_\_.

_____
            Notary Public