UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/08
```

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

     --against--

STEVEN BYERS, JOSEPH SHERESHEVSKY,
WEXTRUST CAPITAL, LLC, WEXTRUST
EQUITY PARTNERS, LLC, WEXTRUST
DEVELOPMENT GROUP, LLC, WEXTRUST
SECURITIES, LLC, and AXELA HOSPITALITY,
LLC,

                    Defendants,

         - and -

ELKA SHERESHEVSKY,

                    Relief Defendant.

No. 08 Civ. 7104 (DC)

TIMOTHY J. COLEMAN, RECEIVER for
WEXTRUST CAPITAL, LLC, WEXTRUST
EQUITY PARTNERS, LLC, WEXTRUST
DEVELOPMENT GROUP, LLC, WEXTRUST
SECURITIES, LLC, and AXELA HOSPITALITY,
LLC,

                    Movant,

     --against--

STEVEN BYERS, JOSEPH SHERESHEVSKY,
WEXTRUST CAPITAL, LLC, WEXTRUST
EQUITY PARTNERS, LLC, WEXTRUST
DEVELOPMENT GROUP, LLC, WEXTRUST
SECURITIES, LLC, AXELA HOSPITALITY,
LLC, and ELKA SHERESHEVSKY

                    Respondents.

## AMENDED ORDER APPOINTING TEMPORARY RECEIVER

On the Application of Plaintiff Securities and Exchange Commission for an Order appointing a temporary receiver for defendants Wextrust Capital, LLC; Wextrust Equity Partners, LLC; Wextrust Development Group, LLC; Wextrust Securities, LLC; and Axela Hospitality, Inc. (collectively, the "Defendant Wextrust Entities") pending adjudication of the Commission's request for a preliminary injunction, the Court has considered (1) the Memorandum of Law dated September 4, 2008 submitted by Receiver Timothy J. Coleman; (2) the Declaration of David Cleary, as counsel to the Receiver, executed on September 3, 2008; and (3) the Declaration of Mark Radke, pursuant to Local Rule 6.1, executed on September 4, 2008; and the Court has also considered (1) the Amended Complaint filed by Plaintiff Securities and Exchange Commission on August 28, 2008; (2) the Order issued by Part I Judge Richard Sullivan, dated August 11, 2008, which granted an asset freeze over the assets of the individual Defendants and the Wextrust Defendants; (3) the Order issued by Judge Sullivan, dated August 11, 2008, which appointed Timothy J. Coleman as receiver over Wextrust, WEP, WDG, Wextrust Securities and Axela and affiliated entities to show cause why an order should not be entered, pending a final disposition of this action; (4) the Order issued by Judge Sullivan dated August 12, 2008 which granted expedited discovery, ordered the Defendants to provide accountings, ordered the parties not to destroy documents or records and scheduled a preliminary injunction hearing to be held on August 20, 2008; (5) the Order of this Court, dated August 13, 2008, scheduling the preliminary injunction hearing for the Defendants to be heard on September 4, 2008, which has since been adjourned by the Court; and (6) the Order of this Court, dated August 28, 2008, directing Relief Defendant Elka Shereshevsky to show cause why an order should not be entered, pending a final disposition of this action, freezing Relief Defendant

2

Elka Shereshevsky's assets and, pending adjudication of the foregoing, an Order freezing said assets.

Based on the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act, has been made for the relief granted herein because it appears that appointment of a receiver for the Defendant Wextrust Entities is necessary to preserve the *status quo*, to ascertain the extent of commingling of funds among the Defendant Wextrust Entities and all entities they control or in which they have an ownership interest, to ascertain the true financial condition of the Defendant Wextrust Entities and the disposition of investor funds, to prevent further dissipation of the property and assets of the Defendant Wextrust Entities and all entities they control or in which they have an ownership interest, to prevent the encumbrance or disposal of property or assets of the Defendant Wextrust Entities and the investors, to preserve the books, records, and documents of the Defendant Wextrust Entities, to be available to respond to investor inquiries, to protect investors' assets, and to determine whether the Defendant Wextrust Entities should undertake bankruptcy filings.

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary,

This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

## NOW, THEREFORE,

**IT IS HEREBY ORDERED** that Timothy J. Coleman of Dewey & LeBoeuf, LLP, pending further order of this Court, be and hereby is appointed to act as receiver for the Defendant Wextrust Entities and all entities they control or in which they have an ownership interest, including, but not limited to, those entities listed on Exhibit A, to (1) preserve the *status*

3

*quo*; (2) ascertain the true financial condition of the Defendant Wextrust Entities, of all entities they control or in which they have an ownership interest, and of the disposition of investor funds; (3) determine the extent of commingling of funds between the Defendant Wextrust Entities and all entities they control or in which they have an ownership interest; (4) prevent further dissipation of the property and assets of the Defendant Wextrust Entities and all entities they control or in which they have an ownership interest; (5) prevent the encumbrance or disposal of property or assets of the Defendant Wextrust Entities, of all entities they control or in which they have an ownership interest, and of the investors; (6) preserve the books, records, and documents of the Defendant Wextrust Entities and all entities they control or in which they have an ownership interest; (7) be available to respond to investor inquiries; (8) determine if the Defendant Wextrust Entities and all entities they control or in which they have an ownership interest should undertake a bankruptcy filing. To effectuate the foregoing, the receiver is hereby empowered to:

(A)   Take and retain immediate possession and control of all of the assets and property of the Defendant Wextrust Entities and all entities they control or in which they have an ownership interest, including, but not limited to, those entities listed on Exhibit A, and all books, records, and documents of Defendant Wextrust Entities and all entities they control or in which they have an ownership interest, and the rights and powers of it with respect thereto;

(B)   Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm, or financial institution that has possession or control of any assets or funds of Defendant Wextrust Entities and all entities they control or in which they have an ownership interest, including, but not limited to, those entities listed on Exhibit A;

4

(C)     Succeed to all rights to manage all properties owned or controlled, directly or indirectly, by the Wextrust Defendants, including, but not limited to, those entities listed on Exhibit A, pursuant to the LLC and operating agreement relating to each entity;

(D)     Pay from available funds necessary business expenses required to preserve the assets and property of Defendant Wextrust Entities and all entities they control or in which they have an ownership interest, including the books, records, and documents of the Defendants, notwithstanding the asset freeze imposed by the Court's Order Freezing Assets, issued on August 11, 2008;

(E)     Take preliminary steps to locate assets that may have been conveyed to third parties or otherwise concealed;

(F)     Take preliminary steps to ascertain the disposition and use of funds obtained by the Defendants resulting from the sale of securities issued by the Defendants and the entities they control;

(G)     Engage and employ persons, including accountants, attorneys, and experts, to assist in the carrying out of the receiver's duties and responsibilities hereunder;

(H)     Take all necessary steps to gain control of the Defendants' interests in assets in foreign jurisdictions, including, but not limited to, those foreign assets listed in Exhibit A, and those funds maintained in accounts at foreign institutions listed in Exhibit B, which may be proceeds of Defendants' fraud, including, but not limited to, taking steps necessary to repatriate foreign assets;

(I)     Take such further action as the Court shall deem equitable, just, and appropriate under the circumstances upon proper application of the receiver.

5

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order.

**IT IS FURTHER ORDERED** that the Defendants shall pay the reasonable costs, fees, and expenses of the receiver incurred in connection with the performance of his duties described herein, including, but not limited to, the reasonable costs, fees, and expenses of all persons who may be engaged or employed by the receiver to assist him in carrying out his duties and obligations. All applications for costs, fees, and expenses of the receiver and those employed by him shall be made by application to the Court setting forth in reasonable detail the nature of such costs, fees, and expenses, and shall conform to the Fee Guidelines that will be supplied by the U.S. Securities and Exchange Commission.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon the Defendants on or before August 12, 2008, by personal delivery, facsimile, overnight courier, or first-class mail.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

**IT IS FURTHER ORDERED** that in addition to the other powers granted herein and as an amendment to the Order Appointing Temporary Receiver, dated August 11, 2008 (the "Interim Appointment Order"), the Receiver be, and he hereby is, authorized and empowered to:

6

(a)     establish a new cash management system by closing, transferring, consolidating, and opening bank accounts and securities accounts, so long as records are kept of the sources and uses of all funds;

(b)     invest all cash of the Wextrust Entities in U.S. government securities or U.S. government guaranteed securities having remaining maturities of up to two years and in money market accounts maintained by financial institutions having net worths of no less than $50 billion;

(c)     discharge his duties as receiver by making and authorizing in the ordinary course payments and disbursements from the funds and assets under his control, incurring expenses, and entering into agreements, including loan agreements and credit facilities, all as reasonably necessary or advisable under the circumstances;

(d)     Notwithstanding the terms of the Interim Appointment Order, encumber assets of the Wextrust Entities and any entities they control or in which they have an ownership interest, to the extent such actions are deemed necessary by the Receiver based on his own experience and on input from his advisors to be most beneficial to preserving enterprise value for one or more of the Wextrust Entities and those entitled to the proceeds; provided that encumbrances in excess of $750,000 shall first require at least four (4) business days' written notice (unless shortened by court order) to the Securities and Exchange Commission (the "SEC"), the Individual Defendants (such notice to be given to the Individual Defendants via ECF, facsimile, e-mail, and/or hand delivery to their respective counsel of record), and such other Wextrust entity investors who request such

7

notice; provided further that the Receiver may apply for an order under seal or a hearing *in camera*, as circumstances require;

(e)    use, lease, sell, and convert into money all assets of the Wextrust Entities, either in public or private sales or other transactions on terms the Receiver reasonably believes based on his own experience and input from his advisors to be most beneficial to the Wextrust Entities and those entitled to the proceeds; provided, however, all leases and sales of property appraised for or having a cost basis of $750,000 or more shall only be consummated with prior court approval on at least four (4) business days' written notice (unless shortened by court order) to the Securities and Exchange Commission (the "SEC"), the Individual Defendants (such notice to be given to the Individual Defendants via ECF, facsimile, e-mail, and/or hand delivery to their respective counsel of record), and creditors and Wextrust entity investors having filed notices of appearance in the above-captioned case; provided further that the Receiver may apply for an order under seal or a hearing *in camera*, as circumstances require;

(f)    investigate, prosecute, defend, intervene in, and otherwise participate in, compromise and adjust actions in any state, federal, or foreign tribunal of any kind as the Receiver believes in his sole discretion advisable or proper to collect, conserve, or otherwise recover assets of the Wextrust Entities or entities they own or control.

**IT IS FURTHER ORDERED** that all banks, brokers, dealers, depositories and any other business entities having possession, custody, or control of any assets, funds, or accounts in the name of or for the benefit of any Wextrust Entities or entities they own or control shall

8

cooperate expeditiously in the transfer of funds, other assets, and accounts to the Receiver or at the direction of the Receiver.

**IT IS FURTHER ORDERED** that all officers, directors, partners, and employees of the Wextrust Entities and entities they own or control, and their agents, including attorneys, shall forthwith advise the Receiver in writing of and relinquish to the Receiver their respective signatory authority over any and all accounts, safe deposit boxes, and other depositories of property of such entities;

**IT IS FURTHER ORDERED** that the Receiver has the authority to issue subpoenas for documents, testimony, and property inspections, consistent with the Federal Rules of Civil Procedure;

**IT IS FURTHER ORDERED** that each of the Receiver and his advisors be, and they hereby are, indemnified by each of the Wextrust Entities, except for gross negligence, willful misconduct, fraud, and breach of fiduciary duty determined by final order no longer subject to appeal or certiorari, for all judgments, losses, costs, and reasonable expenses including legal fees (which shall be paid under the indemnity after court approval as they arise), arising from or related to any and all claims of whatsoever type brought against any of them in their capacities as Receiver or advisors to the Receiver; provided, however, that nothing herein shall limit the immunity of the Receiver and his advisors allowed by law or deprive the Receiver and his advisors of indemnity for any act or omission for which they have immunity.

**IT IS FURTHER ORDERED** that (a) no bond shall be required in connection with the appointment of the Receiver, (b) the Receiver and all other persons engaged or employed by the Receiver to assist him in carrying out his duties and obligations hereunder shall not be liable for any act or omission of the Receiver or such persons, respectively, or any of their partners,

9

employees, or agents unless it shall be proven and held in an order no longer subject to appeal or certiorari that the Receiver or such other persons committed gross negligence, willful misconduct, fraud, or breach of fiduciary duty for which no immunity exists. This provision shall apply to all claims whether filed during or after termination of the appointment of the Receiver and retentions of his advisors.

IT IS FURTHER ORDERED that if in accordance with this order the Receiver determines that any of the Wextrust Entities and entities they own or control should undertake a bankruptcy filing, the Receiver, be and he hereby is, authorized to commence cases under title 11 of the United States Code for such entities in this district, and in such cases the Receiver shall prosecute the bankruptcy petitions in accordance with title 11 subject to the same parameters and objectives as a chapter 11 trustee and shall remain in possession, custody, and control of the title 11 estates subject to the rights of any party in interest to challenge such possession, custody, and control under 11 U.S.C. § 543 or to request a determination by this Court as to whether the Receiver should be deemed a debtor in possession or trustee, at a hearing, on due notice to all parties in interest, before the undersigned. Before taking action under this paragraph, however, at least two (2) business days' written notice (unless shortened by court order) stating that the Receiver is contemplating action under title 11 must be provided to the Securities and Exchange Commission, the Individual Defendants (such notice to be given to the Individual Defendants via ECF, facsimile, e-mail, and/or hand delivery to their respective counsel of record), and such other Wextrust entity investors who request such notice; provided further that the Receiver may apply for an order under seal or a hearing *in camera*, as circumstances require.

**IT IS FURTHER ORDERED** that to facilitate an efficient coordination in one district of all bankruptcies of Wextrust Entities and entities they own or control, the Southern District of

10

New York shall be the Receiver's principal place of business for making decisions in respect of operating and disposing of each of the Wextrust Entities and entities they own or control and their respective assets.

**IT IS FURTHER ORDERED** that pending the Receiver's determination of (a) the financial condition of each Wextrust Entity and the entities they own and control, and (b) whether any or all of such entities should be substantively consolidated after a hearing on due notice, the Receiver may allow such entities to borrow funds from one another to pay necessary and valid expenses as long as records are maintained of every advance and the Receiver's advisors have furnished him for each advance a plausible basis to believe that based on the information they have the borrowing entity should be able to repay the advance from operating funds or sales, or that failure to pay the expense(s) of the borrowing entity will cause more loss to the entirety of the enterprise than if the expense is paid.

**IT IS FURTHER ORDERED** that each of the Receiver and his advisors shall be paid from the assets of the Wextrust Entities. Each Wextrust Entity shall be, and it hereby is, jointly and severally liable to pay for the fees and expenses of the Receiver and his advisors.

**IT IS FURTHER ORDERED** that, notwithstanding the terms of the Interim Appointment Order and U.S. Securities and Exchange Commission Billing Guidelines ("Fee Guidelines"), each of the Receiver and his advisors shall be paid on a monthly basis for the first six months of the case and quarterly thereafter, after (a) submission of a monthly or quarterly fee request to the SEC and to the Court, and (b) court approval after a hearing if requested by the SEC or ordered by the Court. Monthly fee requests shall be served on the U.S. Securities and Exchange Commission ("SEC") by facsimile and overnight courier. The SEC may raise objections and requests for clarification.

11

**IT IS FURTHER ORDERED** that in lieu of providing retainers to the Receiver and his advisors, all payments made pursuant to the foregoing procedures prior to the initiation of any voluntary or involuntary petition for relief under the United States Bankruptcy Code, or foreign insolvency proceeding, shall be deemed payments made according to ordinary business terms and incurred in the ordinary course of business or financial affairs of the transferees and the Wextrust Entities and not subject to avoidance as a preferential payment.

**IT IS FURTHER ORDERED** that service of a copy of this order by mail on creditors and interest holders of the Wextrust Entities whose addresses have heretofore been made accessible to the Receiver from the records of the Wextrust Entities shall be good and sufficient service on such creditors and interest holders, and publication of this order once in the national edition of *the Wall Street Journal,* once in the international edition of the *Wall Street Journal*, and once in the national edition of the *New York Times* shall be good and sufficient service on all other entities.

**IT IS FURTHER ORDERED** that the Receiver shall not return to investors in any of the Wextrust Entities or entities they own or control, any funds, securities, dividends, interest, or other entitlements or their proceeds without further order of this Court after a hearing on notice to all parties in interest.

**IT IS FURTHER ORDERED** that the Receiver's retentions of Deloitte LLP and Jerry B. Klein and Associates and The Hilco Organization be, and they hereby are, approved.

**IT IS FURTHER ORDERED** that this order and all other orders governing the appointment of the Receiver and his powers and authorities shall remain in effect until terminated by further order of this Court.

SO ORDERED.

Dated: September 11. 2008
       New York. New York

HON. DENNY CHIN
UNITED STATES DISTRICT JUDGE

13