

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**SHALOM JACOB**

shalom.jacob@dechert.com
+1 212 698 3818 Direct
+1 212 698 0488 Fax

November 20, 2008

**BY FACSIMILE**

Hon. Denny Chin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1020
New York, New York 10007-1312

Re: Securities and Exchange Commission v. Steven Byers, et al.
No. 08 Civ 7104 (DC) -- Wextrust Capital, LLC, Wextrust Equity Partners, LLC, Wextrust Development Group, LLC, Wextrust Securities, LLC, Axela Hospitality Group, LLC, and their affiliated entities (collectively, "Wextrust")

Dear Judge Chin:

We represent the International Ad Hoc Committee of Wextrust Creditors ( the "Committee").

We are writing with respect to the First Joint Monthly Application of the Receiver and Dewey & Lebouf, LLP for Allowance of Compensation and Reimbursement for Expenses incurred during the period of August 11, 2008 through August 31, 2008 (the "Receiver's First Fee Application"). The Receiver's First Fee Application, which was filed with the Court about an hour after the November 14, 2008 hearing on the Committee's Motion Seeking Modification of the Preliminary Injunction (Document No. 92), seeks an order of the Court allowing and authorizing interim payment to the Receiver and Dewey & LeBouf of fees and expenses in the aggregate amount of more than $2,200,000.00.

As explained below, the Committee is seriously concerned due to the lack of any procedures for parties-in-interest to receive notice and to be heard before the Court considers the reasonableness of the fees requested by the Receiver and his professionals.

The Receiver's First Fee Application is merely the first of a number of fee applications that the Receiver and his professionals can be expected to make in these cases even if the Court grants the Committee's Motion. In fact, at the Receiver's Town Hall Meeting held on November 10, 2008, the Receiver disclosed that, during the month of September, 2008, he and Dewey & LeBouf again incurred monthly fees in excess of $2,000,000.00. Furthermore, these fees do not appear to include the additional substantial fees undoubtedly incurred by the other professionals retained by the Receiver, including Deloitte and Hilco.

1009010.2

US Austin Boston Charlotte Hartford New York Newport Beach Philadelphia Princeton San Francisco Silicon Valley Washington DC
EUROPE Brussels London Luxembourg Munich Paris ASIA Hong Kong



Given the enormity of the fees already incurred in these cases, the likelihood that the Receiver will continue to incur substantial fees in the near term and the dire financial condition of the Wextrust entities, both the integrity of the receivership process and the due process to which all parties in interest are entitled require that appropriate procedures be implemented by the Court to guarantee that interested parties have a reasonable opportunity to be heard before the Court determines the reasonableness, and authorizes payment, of any fees in these cases.

In light of the financial condition of the Wextrust entities, the Committee respectfully requests that the Court implement the same conflict disclosure safeguards and fee procedures that would apply automatically if the Wextrust entities were being administered pursuant to Title 11, USC (the "Bankruptcy Code"), to wit:

1. Section 327(a) of the Bankruptcy Code prohibits any attorneys, accountants and other professional persons employed by a trustee from holding or representing an interest adverse to the estate and requires that such professionals be "disinterested persons." Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that, among other things, is not a creditor, shareholder or insider of the debtor and "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders. . ."

2. Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires that any professional employed by a trustee file a verified statement "setting forth the person's connections with the debtor, creditors, or any other party interest, their respective attorneys [or] accountants. . ."

3. Rule 2002(a)(6) of the Bankruptcy Rules requires that all creditors and such other parties as are directed by the Court must receive at least 20 days notice of any application for compensation of fees or reimbursement of expenses in excess of $1,000.

4. Under Sections 330 and 331 of the Bankruptcy Code, professionals that have complied with the foregoing requirements may apply for interim and final compensation. Section 330(a)(3) provides numerous criteria for determining the reasonableness of fees including, among other things, the time spent on such services, whether such services were necessary or beneficial at the time rendered and whether such services were performed within a reasonable amount of time.

A review of the docket in these cases reveals no procedures for disclosure of conflicts or the review of fees by interested parties. In fact, the Receiver's First Fee Application (¶19) provides that the SEC is the only party that had an opportunity to review the instant application and that it was provided to the SEC a full thirty days before it was filed with the Court. Given the inverse effect that these fees will have on assets available for distribution to the victims of the Wextrust fraud, the real parties in interest are entitled to the foregoing or other similar disclosure and conflict safeguards and have no less a right than the SEC to receive notice and to be heard on all issues that may have a direct and substantial impact on their interests, including consideration of fee applications. Indeed, the Committee considers it incredible that the proposed order submitted



with the Receiver's First Fee Application asks this Court to make a finding that "sufficient" notice of the application was provided.

In light of the foregoing, the Committee submits that the integrity of this process and due process require implementation of the procedures referred to above or other similar procedures so that all parties in interest receive full disclosure and have an opportunity to be heard before this Court considers the allowance or payment of any fees in these cases.

Respectfully submitted,

Shalom Jacob

cc: Attached Service List
(by facsimile or e-mail)



**SERVICE LIST**

Alexander Mircea Vasilescu, Esq.
Andrew M. Calamari, Esq.
U.S. Securities and Exchange Commission
Three World Financial Center
New York, NY 10281

Barry S. Zone, Esq.
Jason Canales, Esq.
Gerstsen, Savage, Kaplowitz, Wolf, & Marcus, LLP
600 Lexington Avenue
New York, NY 10022

John C. Meringolo, Esq.
Meringolo & Associates, P.C.
11 Evans Street
Brooklyn, NY 11201

Michael Fred Bachner, Esq.
Edward F. Malone, Esq.
Bachner & Herskovits, P.C.
26 Broadway, Ste. 2310
New York, NY 10004

Harvey Kurzweil, Esq.
Mark S. Radke, Esq.
Leo V. Gagion, Esq.
Dewey & LeBoeuf, L.L.P.
1301 Avenue of the Americas
New York, NY 10019

Timothy J. Coleman, Receiver
1101 New York Ave NW
Suite 1100
Washington, D.C. 20005

Steven G. Rawlings, Esq.
Securities and Exchange Commission
Branch Chief
New York Regional Office
3 World Financial Center
New York, NY 10281

# Dechert
LLP

Steven R. Popofsky, Esq.
Gersten Savage, LLP
600 Lexington Avenue
5th Floor
New York, NY 10022

Vincent Schmeltz III, Esq.
Dewey & LeBoeuf, L.L.P.
Two Prudential Plaza
Suite 3700
180 North Stetson Avenue
Chicago, IL 60601

Danielle Sallah, Esq.
Senior Attorney, Enforcement Division
New York Regional Office
3 World Financial Center
New York, NY 10281

George R. Mesires, Esq.
Edward F. Malone, Esq.
Barack, Ferrazzano, Kirschbaum, & Nagelberg LLP
200 West Madison Street
Suite 3900
Chicago, IL 60606

Barry S. Pollack, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

Martin Siegel, Esq.
Brown Rudnick
Seven Times Square
New York, NY 10036

Amnon Cohen
811 Country Club Dr.
Teaneck, New Jersey 07666-5613