UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE           :
COMMISSION,
                                  :
            Plaintiff,
                                  :   **MEMORANDUM DECISION**
       - against -
                                  :   08 Civ. 7104 (DC)

STEVEN BYERS, JOSEPH SHERESHEVSKY, :
WEXTRUST CAPITAL, LLC, WEXTRUST
EQUITY PARTNERS, LLC, WEXTRUST    :
DEVELOPMENT GROUP, LLC, WEXTRUST
SECURITIES, LLC, and AXELA        :
HOSPITALITY, LLC,
                                  :
            Defendants.           :

- - - - - - - - - - - - - - - - -x



**APPEARANCES:**     (See last page.)

**CHIN, District Judge**

  G&H Partners AG ("G&H") moves for leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) as a matter of right. G&H claims that it has an interest in "valuable property and claims" that can be "lost or otherwise jeopardized." (G&H Am. Mem. 1).[1] For the reasons set forth herein, the motion is denied.

  To intervene as of right under Rule 24(a), a party must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." N.Y. News,

---

[1] Citations to "G&H Am. Mem." refer to the Amended Memorandum in Support of G&H Partners AG's Emergency Motion for Leave to Intervene.

Inc. v. Kheel, 972 F.2d 482, 485 (2d Cir. 1992). Here, G&H has not shown the fourth element -- that its interests are not adequately represented by the Securities and Exchange Commission ("SEC") and the Court-appointed receiver (the "Receiver").

This is an enforcement action brought by the SEC to, among other things, address the alleged fraud perpetrated by defendants and to recover defendants' assets and the proceeds of their purported scheme for the benefit of defrauded investors and creditors. Although not all investors and creditors share the same interests, it is in all their interests to maximize the value of the assets under the receivership. This is what the Receiver is charged with doing.

G&H is not in a substantially different position from other creditors. As a practical matter, it does not make sense to allow individual victims and creditors to intervene as parties. There are allegedly 1,400 victims who invested in approximately sixty securities offerings that raised more than $250 million. There are dozens of creditors with divergent claims and interests. There is a complex web of some 120 Wextrust entities and affiliates operating throughout the world. In these circumstances, it would not be efficient or effective to permit individual creditors to intervene as parties. See, e.g., SEC v. Everest Mgmt. Corp., 475 F.2d 1236, 1240 (2d Cir. 1972) (affirming the district court's denial of intervention as of right on the ground that "the complicating effect of the additional issues and the additional parties outweighs any

advantage of a single disposition of the common issues"); SEC v. Credit Bancorp, Ltd., 194 F.R.D. 457, 467 (S.D.N.Y. 2000) ("[T]he majority of courts to have considered the subject of investor intervention under analgous circumstances have denied intervention."); SEC v. Canadian Javelin, Ltd., 64 F.R.D. 648, 650 (S.D.N.Y. 1974) ("[I]ntervention as of right by victims of alleged securities frauds in an SEC enforcement action is inappropriate.").

G&H is entitled to notice of certain transactions and events. The amended receivership order provides for such notice. To the extent G&H believes the notice is inadequate or that other provisions of the receivership order should be modified, it will have the opportunity to be heard.

G&H's motion for leave to intervene is denied.

SO ORDERED.

Dated: New York, New York
November 25, 2008

DENNY CHIN
United States District Judge

-3-

**APPEARANCES**

Attorneys for Proposed
Intervenor G&H Partners AG:   SULLIVAN & WORCESTER LLP
                                    By: Barry S. Pollack, Esq.
                              One Post Office Square
                              Boston, Massachusetts  02109

Attorneys for Plaintiff
Securities and
Exchange Commission:          DANIELLE SALLAH, Esq.
                              ANDREW M. CALAMARI, Esq.
                              ALEXANDER M. VASILESCU, Esq.
                              STEVEN G. RAWLINGS, Esq.
                              New York Regional Office
                              Three World Financial Center
                              Room 4300
                              New York, New York  10281

Attorneys for Timothy
J. Coleman, Receiver
for the WexTrust Entities:    DEWEY & LEBOEUF LLP
                                    By: Leo V. Gagion, Esq.
                                        Harvey Kurzweil, Esq.
                                        Mark S. Radke, Esq.
                                        Vincent P. Schmeltz, Esq.
                              1301 Avenue of the Americas
                              New York, New York  10019-6092