**TAGLIAFERRO & LoPRESTI, LLP**
45 Broadway, Suite 2200
New York, New York 10006

TELEPHONE (212) 732-4029
FACSIMILE (212) 232-2398
www.tlcorplaw.com

November 26, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

12-2-08

The Honorable Denny Chin
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    *Re:*   *SEC v. Byers, et al (08 Civ. 07104 (DC))*

Honorable Judge Chin:

    This Firm represents a number of individuals (the "Individual Investors") who invested in certain commodity pools operated by WexTrade Commodity Managers LLC ("WCM"). Pursuant to the Order Freezing Assets and the Order Appointing Receiver in the above-referenced action, the Receiver has assumed control of WCM and has frozen all accounts that hold funds belonging to the Individual Investors. The position of the Individual Investors (which has been articulated to the Receiver) is that the money held in these accounts should not be considered part of the Receivership, and that these funds should be released to the Individual Investors without passing through the Receivership. The Individual Investors and/or their representatives have articulated this position to the Receiver and his counsel, but the Receiver has not, to date, consented to the release of these funds to the Individual Investors.

    The Individual Investors intend to seek the assistance of the Court to secure the return of their investments. This matter has become pressing, insofar as the Receiver has recently submitted a Fee Application to the Court, in which the Receiver has summarily decided to include funds belonging to the Individual Investors within the property of the Receivership. The Individual Investors submit that the Receiver's actions are unsupported at law, and action must be taken before their funds are potentially placed in jeopardy.

    Accordingly, this correspondence and the proposed Motions discussed below shall serve as the Individual Investors' objection to the Receiver applying *any* portion of their funds to the First Joint Monthly Application of the Receiver and Dewey & LeBoeuf, LLP for Allowance and Compensation and Reimbursement of Expenses During the Period August 11, 2008 through August 31, 2008.

    The Individual Investors respectfully seek permission to file a Motion to intervene pursuant to Rule 24 (a)(2) of the Federal Rules of Civil Procedure. The pleading attached to the Motion to intervene as required by Rule 24 (c) will be a Motion to release these funds from the Asset Freeze Order. As the Individual Investors will set forth for the Court in their Memorandum of Law, the unique nature of commodity pools and their relationship with commodity pool operators, coupled with the relevant law, indicates that the assets of the WCM-managed commodity pools should not be considered part of the Receivership herein. Upon

**TAGLIAFERRO & LoPRESTI, LLP**
The Honorable Denny Chin
United States District Court
Southern District of New York
November 26, 2008
Page 2 of 2

confirmation that the Court will allow them to bring this Motion, counsel for the Individual Investors will confer with the Receiver and his counsel to set a proposed briefing schedule, to be approved by the Court.

Thank you in advance for Your Honor's time and attention to this matter.

Very truly yours,
TAGLIAFERRO & LoPRESTI, LLP

Marc X. LoPresti, Esq.

cc: Counsel to the Receiver:

Leo V. Gagion
Martin J. Bienenstock
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019

Mark S. Radke
Dewey & LeBoeuf LLP
1101 New York Avenue – NW
Suite 1100
Washington, D.C. 20005

*[Handwritten note:]* The Individual Investors may move to intervene, on a schedule to be proposed by the parties.

So ORDERED.

USDJ
12/2/08