UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-22-08

SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

- against -

STEVEN BYERS, JOSEPH SHERESHEVSKY,
WEXTRUST CAPITAL, LLC, WEXTRUST
EQUITY PARTNERS, LLC, WEXTRUST
DEVELOPMENT GROUP, LLC, WEXTRUST
SECURITIES, LLC, and AXELA
HOSPITALITY,
LLC,

              Defendants,

- and -

ELKA SHERESHEVSKY,

              Relief
Defendant.

No. 08 Civ. 7104 (DC)

ECF Case

## [~~PROPOSED~~] ORDER GRANTING MOTION OF RECEIVER TO RELINQUISH INTERESTS IN ROGERS PLAZA PROPERTY

On the motion of Timothy J. Coleman, duly appointed receiver herein (the "Receiver"), to relinquish interests in the Rogers Plaza property; the Court has considered (1) the Court's Amended Order Appointing Temporary Receiver, dated September 11, 2008 (the "Receivership Order"), appointing the Receiver as receiver to Wextrust Capital, LLC; Wexford Equity Partners, LLC; Wexford Development Group, LLC, n/k/a Wexford Development, LLC; Wextrust Securities, LLC; and Axela Hospitality, LLC (collectively the "Wextrust Entities") and various entities owned by or under the control of the Wextrust Entities (the "Wextrust Affiliates"); (2) the Order on Consent Imposing

CH23668.3

Preliminary Injunction and Other Relief Against Defendants and Relief Defendant entered by this Court on October 24, 2008 and incorporating the Receivership Order by reference ("Preliminary Injunction Order"); (3) the Memorandum of Law in Support of Motion of Receiver to Relinquish Interests in Rogers Plaza Property ("Memorandum of Law"); (4) the Declaration of Mitchell H. Kahn in Support of Motion of Receiver to Relinquish Interests in Rogers Plaza Property; and (5) the Declaration of Ronald Grove in Support of Motion of Receiver to Relinquish Interests in Rogers Plaza Property and the exhibits attached thereto. *and based on the arguments made today,* (pc)

Based on the foregoing, *and for the reasons stated on the record,* the Court finds that a proper showing has been made for the relief granted herein because (a) the Rogers Plaza property, as described in the Memorandum of Law and the supporting declarations, is of no or inconsequential value to the receivership estate; (b) the Receiver, in the exercise of his discretion and after consultation with his advisors, has determined that no sale or other transaction can be effected that will result in any monetary return or other benefit to outside private placement investors in the Rogers Park property; (c) continued ownership of the Rogers Plaza property will result in continued expenses to the receivership estate without any source of reimbursement to the estate; and (d) the status quo is not in the best interests of the receivership estate, its creditors, or investors in the Rogers Plaza[1] property. (pc)

The Court has jurisdiction over the subject matter of this motion and good and sufficient notice of this motion has been provided to all parties entitled thereto pursuant to the Court's prior orders.

**NOW THEREFORE**

---

[1] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Memorandum of Law in Support of Motion of Receiver to Relinquish Interests in Rogers Plaza Property.

**IT IS HEREBY ORDERED** that the Receiver's motion is granted in all respects and objections, if any, are overruled to the extent that such objections have not been previously withdrawn, waived, or settled.

**IT IS FURTHER ORDERED** that, pursuant to the Receivership Order, the Receiver, acting on behalf of First Wyoming Plaza, LLC has the authority to relinquish interests in the Rogers Plaza property.

**IT IS FURTHER ORDERED** that the Court modifies the litigation stay set forth on page 6 of the Receivership Order[2] and, to the extent applicable, the Court's Order Freezing Assets dated August 11, 2008, to permit Citizen Bank, the first mortgagee on the Rogers Plaza property, and RAIT Partnership, L.P. ("RAIT"), the mezzanine lender, to proceed with a foreclosure action, the exercise of powers of sale and/or the taking of other legal and equitable action under applicable state law against the Rogers Plaza property and, solely to the extent necessary to obtain a foreclosure or other lien enforcement judgment, against Wextrust affiliates First Wyoming Plaza, LLC ("Wyoming Plaza"), First Wyoming Investors, LLC ("Wyoming Investors") and/or First Wyoming Managers, LLC ("Wyoming Managers").

**IT IS FURTHER ORDERED** that, as of the date of the entry of this Order, the Receiver and the receivership estate are relieved of any further management or funding responsibility of any kind or nature with respect to the Rogers Plaza property, Wyoming Plaza, Wyoming Investors, and Wyoming Managers.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized to execute any documents he may deem appropriate in transferring good and merchantable title to the Rogers Plaza real property, fixtures, and personal property to Citizens Bank or RAIT,

---

[2] As explicitly incorporated by reference by the Court's Preliminary Injunction Order.

3

provided that the Receiver provides four (4) business days' written notice to Citizens Bank, RAIT, counsel for the SEC, counsel for the Defendants, and all other individuals who have entered an appearance in this matter prior to the execution of any such document.

**IT IS FURTHER ORDERED** that, notwithstanding the foregoing, this Court shall retain exclusive jurisdiction over any claims or causes of action asserted by Citizens Bank or RAIT relating to the enforcement of any deficiency judgment against, or other personal liability of, Wyoming Plaza, Wyoming Investors, Wyoming Managers, or the receivership estate generally as determined by state or any other non-receivership court.

**IT IS FURTHER ORDERED** that this Order shall have no effect on the relative rights of Citizens Bank and RAIT in any dispute that may exist between Citizens Bank and RAIT, including, without limitation, over the blocked bank account at Citizens Bank (#3158011662).

**IT IS FURTHER ORDERED** that the terms of the Order shall be binding upon the Receiver, Wyoming Plaza, Wyoming Managers, Wyoming Investors, the defendants in the SEC enforcement action, any investor in Wyoming Investors or Wyoming Managers, Citizens Bank, RAIT, any other person receiving actual notice of the motion, any other holder of a claim against or interest in the receivership estate, and any affiliates, successors, or assigns of any of the foregoing.

**IT IS FURTHER ORDERED** that, notwithstanding any motion for reconsideration or time for appeal, the terms of this Order shall be immediately enforceable.

**SO ORDERED**

Dated: December 22, 2008
New York, New York

_____
Hon. Denny Chin
United States District Judge

5