DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Shalom Jacob
Shmuel Vasser



*Attorneys for the International Ad-Hoc Committee of Wextrust Creditors*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

SECURITIES AND EXCHANGE COMMISSION, :

                          Plaintiff,        :

          -against-                         :

STEVEN BYERS, et al.,                       :

                          Defendants,       :

          -and-                             :

ELKA SHERESHEVSKY,                          :

                          Relief Defendant. :
------------------------------------------------------------- X

**NOTICE OF APPEAL**

Case No. 08-07104 (DC)

ECF CASE

     Please take notice that Interested Non-Party the International Ad-Hoc Committee of

Wextrust Creditors (the "Committee") hereby files this Notice of Appeal to the United States

Court of Appeals for the Second Circuit from the Memorandum Decision in this action, so

ordered and entered on the docket on December 17, 2008 (docket number 148), attached hereto

as Exhibit A, except to the extent of Point II.B of the Memorandum Decision, which held that if

a bankruptcy petition is filed, the bankruptcy court will hear all disputes in the first instance,

subject to the right of any party to appeal to the district court in accordance with usual rules and

procedures.

14803807

Dated: January 14, 2009
New York, New York

Respectfully submitted,

By:
A Member of the Firm
Shalom Jacob
shalom.jacob@dechert.com
Shmuel Vasser
shmuel.vasser@dechert.com
Dechert LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
*Attorneys for the International*
*Ad-Hoc Committee of Wextrust Creditors*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE                          :
COMMISSION,
                                                 :
                      Plaintiff,                 :        MEMORANDUM DECISION

                 - against -                     :        08 Civ. 7104 (DC)
                                                 :
STEVEN BYERS, JOSEPH SHERESHEVSKY,
WEXTRUST CAPITAL, LLC, WEXTRUST               :
EQUITY PARTNERS, LLC, WEXTRUST
DEVELOPMENT GROUP, LLC, WEXTRUST               :
SECURITIES, LLC, and AXELA
HOSPITALITY, LLC,                                :

                      Defendants.                :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-17-08

**APPEARANCES:**      (See last page)

**CHIN, District Judge**

        Before the Court are motions to modify a series of
orders appointing a receiver in this complex securities fraud
case.  For the reasons set forth below, the motions are denied in
part and granted in part.

                          **BACKGROUND**

        On August 11, 2008, the Securities and Exchange
Commission ("SEC") filed a complaint in this action against
Steven Byers and Joseph Shereshevsky and five Wextrust entities
(the "Wextrust Entities") for their role in a Ponzi scheme that
purportedly defrauded more than one thousand investors of
approximately $255 million.  (SEC Opp. 2).[1]  The SEC complaint

_____
        [1]    Citations to "Mov. Mem." refer to the International Ad-
Hoc Committee of Wextrust Creditors' motion to modify the
receivership order, which was joined by the International

alleged a massive fraud involving a complex web of some 240 Wextrust affiliates operating in the Middle East, Africa, and the United States. (SEC Opp. 2-3; Sordillo Decl. ¶ 3).

On August 11, 2008, this Court (Sullivan, J., sitting in Part I) entered an order (the "Receiver Order") appointing as temporary receiver Timothy Coleman (the "Receiver"). Pursuant to the Receiver Order, the Receiver was charged with, _inter alia_, ascertaining the financial condition of the Wextrust Entities, including the extent of commingling of funds among the Wextrust Entities and the entities they control, and determining whether the Wextrust Entities and the entities under their control should file for bankruptcy.

The Receiver Order provided that:

> no person or entity, including any creditor
> or claimant against any of the Defendants, or
> any person acting on behalf of such creditor
> or claimant, shall take any action to
> interfere with the taking control,
> possession, or management of the assets,
> including, but not limited to, the filing of
> any lawsuits, liens, or encumbrances, or
> bankruptcy cases to impact the property and
> assets subject to this order.

(Receiver Order 4). This provision is being challenged by the

Consortium of Wextrust Creditors. Citations to "Mov. Reply" refer to the International Ad-Hoc Committee's Reply. Citations to "SEC Opp." refer to the SEC's opposition brief. Citations to "Sordillo Decl." refer to the Declaration of John Sordillo filed in support of the Receiver's opposition brief. Citations to "Kahn Decl." refer to the Declaration of Mitchell P. Kahn filed in support of the Receiver's opposition brief. Citations to "11/14/08 Tr." refer to the Transcript of the hearing held on November 14, 2008.

International Ad-Hoc Committee of Wextrust Creditors and the International Consortium of Wextrust Creditors ("Movants").

On September 11, 2008, I entered an amended receiver order (the "Amended Receiver Order") that contained the following provision:

> [I]f in accordance with this order the Receiver determines that any of the Wextrust Entities and entities they own or control should undertake a bankruptcy filing, the Receiver, be and he hereby is, authorized to commence cases under title 11 of the United States Code for such entities in this district, and in such cases the Receiver shall prosecute the bankruptcy petitions in accordance with title 11 subject to the same parameters and objectives as a chapter 11 trustee and shall remain in possession, custody, and control of the title 11 estates subject to the rights of any party in interest to challenge such possession, custody, and control under 11 U.S.C. § 543 or to request a determination by this Court as to whether the Receiver should be deemed a debtor in possession or trustee, at a hearing, on due notice to all parties in interest, before the undersigned.

(Amended Receiver Order 10). Movants also challenge this provision.

On October 24, 2008, I entered an order imposing a preliminary injunction and other relief against defendants and the relief defendant, which incorporated the Receiver Order and Amended Receiver Order (collectively, the "Receiver Orders"). Movants challenge the two provisions quoted above. The SEC and the Receiver oppose any modifications, except in one respect, discussed below. I heard oral argument on the motions to modify on November 14, 2008, and reserved decision.

I.   Injunction Against Bankruptcy Petitions

The Movants' motion to modify the provision enjoining non-parties from filing involuntary bankruptcy petitions presents two issues:  First, whether the Court has the authority to prevent non-parties from proceeding against defendants and their assets, and second, if so, whether the Court should continue to exercise its authority to do so.  I conclude that I have such authority, and that I should continue to exercise that authority. I will, however, modify the Receiver Order in one respect, discussed below.

A.   Does This Court Have Authority to Enjoin Non-Parties From Filing Involuntary Bankruptcy Petitions?

There is no case in the Second Circuit directly addressing the authority of a court to enjoin non-parties from filing involuntary bankruptcy petitions with respect to property in receivership.  Consequently, Movants argue that I lack the authority to enter such an order.  I am persuaded, however, by the sound reasoning of cases outside this Circuit that the Court indeed has the authority to prevent non-parties from filing involuntary bankruptcy petitions against the Wextrust entities.

In SEC v. Wencke, the Ninth Circuit upheld the district court's issuance of a stay prohibiting "all investors, creditors, and other persons," including non-parties, from "commencing, prosecuting, continuing or enforcing any suit" against the receivership entities except by leave of the court.  622 F.2d

-4-

1363, 1365 (9th Cir. 1980). The Ninth Circuit reasoned that a district court's authority to issue such a stay "rests as much on its control over the property placed in receivership as on its jurisdiction over the parties to the securities fraud action." Id. at 1369. If the court could not control the receivership assets, the Ninth Circuit reasoned, the receiver would be unable to protect those assets. See id. at 1369-70. This would effectively undermine the purpose of the receivership.

Similarly, the Sixth Circuit recently held that a district court has the authority to enjoin non-parties from instituting suits against assets subject to a receivership, provided the non-parties have notice of the injunction. See Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 552 (6th Cir. 2006). The Sixth Circuit, citing Wencke, held that the district court's authority to issue such an injunction "arises from its power over the assets in question." Id.; cf. Lankenau v. Coggeshall & Hicks, 350 F.2d 61, 63 (2d Cir. 1965) ("There is a substantial jurisdictional basis for allowing the federal court receiver to have and keep custody and control of the assets in question, and to obtain the relief needed to implement that custody.").

The rulings of the Ninth and Sixth Circuits are, moreover, consistent with the rule in this Circuit that "[o]nce the equity jurisdiction of the district court has been properly invoked by a showing of a securities law violation, the court possesses the necessary power to fashion an appropriate remedy."

SEC v. Manor Nursing Centers, Inc., 458 F.2d 1082, 1103 (2d Cir. 1972); see also Eberhard v. Marcu, 530 F.3d 122, 131 (2d Cir. 2008) (noting that federal securities laws do not explicitly vest district courts with authority to appoint receivers, but that such authority exists because "[d]istrict courts possess broad power to remedy violations of federal securities laws").

The authority of this Court to issue such an injunction is also supported by the Second Circuit's decision in United States v. Royal Business Funds Corp., 724 F.2d 12 (2d Cir. 1983). There the Second Circuit affirmed an order enjoining a debtor from filing a bankruptcy petition where a receivership was already underway. Id. at 15 (holding that "a debtor subject to a federal receivership has no absolute right to file a bankruptcy petition"). The Court explicitly held that its ruling was not intended to disturb the general rule "that the pendency of an equitable receivership rarely precludes a petition in bankruptcy," but it nonetheless affirmed the order because, among other reasons, the "bankruptcy petition, which was filed by the debtor rather than by third-party creditors, will, so far as we can tell on this record, disrupt the receiver's attempts to improve the company's fortunes." Id.

In light of these decisions, I conclude that the Court has the authority to enjoin non-parties from filing involuntary bankruptcy petitions against any of the Wextrust Entities.

**B.   Should the Court Lift the Injunction?**

In a subsequent proceeding in <u>Wencke</u>, the Ninth Circuit set forth three factors to consider in determining whether an injunction against litigation should be lifted:

> (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

<u>SEC v. Wencke</u>, 742 F.2d 1230, 1231 (9th Cir. 1984) ("<u>Wencke II</u>"); <u>see also</u> <u>United States v. Acorn Tech. Fund, L.P.</u>, 429 F.3d 438, 442 (3d Cir. 2005) (explicitly adopting <u>Wencke II</u> factors). Applying these factors to the facts of this case, I conclude that the injunction should stand.

As to the first factor, maintaining the stay undeniably maintains the status quo. The Receiver is charged with protecting the investments of <u>all</u> the Wextrust Entities' investors. Movants, on the other hand, are only concerned with recouping their own investments, presumably even at the expense of other investors. (<u>See</u> 11/14/08 Tr. 20). This is not to impugn the motives of the Movants -- it is perfectly rational that they want to recoup their investment -- but only to point out that the Movants' interest <u>may</u> diverge from the interests of the investors as a whole. The Receiver is charged with protecting the investors as a whole, and thus the best way to

maintain the status quo is to permit him to carry on with his investigation.

As to the second factor, the Ninth Circuit held that "where the motion for relief from the stay is made soon after the receiver has assumed control over the estate, the receiver's need to organize and understand the entities under his control may weigh more heavily than the merits of the party's claim." Wencke II, 742 F.2d at 1231 (internal citation and quotations omitted); accord Acorn Tech. Fund, L.P., 429 F.3d at 443-44 (holding that "very early in a receivership even the most meritorious claims might fail to justify lifting a stay given the possible disruption of the receiver's duties"). Here, the Receiver has only just begun to investigate the full extent of the fraudulent scheme, and permitting some investors to file involuntary bankruptcy petitions would hinder the Receiver's investigation. (See Kahn Decl. ¶ 6 (CEO of real estate firm retained by Receiver stating that "uninformed decisions to file [bankruptcy] cases without a sufficient basis or strategic plan can adversely affect the properties and put a taint on the properties"); Sordillo Decl. ¶ 8 (partner in Deloitte, financial advisory firm retained by Receiver, stating that "[b]ankruptcy cases will be a burden on the resources of the estate")). The timing, therefore, also weighs against modifying the order.

As to the third factor, the Court does not have enough information about the merits of the Movants' claims to render a judgment. Even assuming the Movants' claims are strong, however,

-8-

the other two <u>Wencke</u> factors weigh heavily against lifting the
injunction.

For these reasons, I decline to lift the injunction
previously entered enjoining parties and non-parties alike from
filing an involuntary bankruptcy petition against any of the
Wextrust Entities.

### C.    <u>Modification of the Receiver Order</u>

While the injunction against non-parties filing
involuntary bankruptcy petitions stands, I hereby modify the
Receiver Order to permit any party or non-party to apply to this
Court on three days' notice for an order seeking permission to
file an involuntary bankruptcy petition upon a showing that such
a petition is appropriate and will benefit the receivership
estate.  I do this with the consent of the SEC (<u>see</u> SEC Opp. 15
n.6).  This modification will permit Movants, concerned that,
<u>inter alia</u>, the Receiver lacks the authority to reorganize
certain entities as opposed to merely liquidating them (<u>see</u> Mov.
Reply 5), to pursue their claims in bankruptcy, but only if they
can show that so doing will best serve the interests of the
receivership, and not just their own self-interest.

I now turn to the second provision challenged by the
Movants.

### II.  <u>Bankruptcy Procedure</u>

The Amended Receiver Order provides that in the event
the Receiver determines some or all of the Wextrust Entities
should file for bankruptcy,

> the Receiver shall prosecute the bankruptcy
> petitions in accordance with title 11 subject
> to the same parameters and objectives as a
> chapter 11 trustee and shall remain in
> possession, custody, and control of the title
> 11 estates subject to the rights of any party
> in interest to challenge such possession,
> custody, and control under 11 U.S.C. § 543 or
> to request a determination by this Court as
> to whether the Receiver should be deemed a
> debtor in possession or trustee, at a
> hearing, on due notice to all parties in
> interest, before the undersigned.

(Amended Receiver Order 10). Movants argue that this provision violates two provisions of the Bankruptcy Code. First, they argue that it "circumvents the statutory provisions of the Bankruptcy Code dealing with appointment and selection of bankruptcy trustees." (Mov. Mem. 4-7). Second, they argue that it amounts to an improper assertion of jurisdiction over a case that is statutorily required to be heard by a bankruptcy court. (Id. 7). I address each argument in turn.

## A. Appointment and Selection of Bankruptcy Trustees

Movants argue that the provision is improper because it "essentially allow[s] the Receiver to continue to act as a trustee post bankruptcy." (Mov. Mem. 5; see Mov. Reply 7). That is not the case. The Receiver will not serve in bankruptcy as a trustee, but rather as manager of the Wextrust entities, subject to the right of any party to challenge him under 11 U.S.C. § 543 or to seek appointment of a trustee pursuant to 11 U.S.C. § 1104.[2]

---

[2]    The SEC does not contest the Movants' right to seek appointment of a trustee under the legal standard set forth in 11

In In re Bayou Group, LLC, the Court upheld a challenge to a substantially similar provision based on its inherent equitable authority. 363 B.R. 674, 685 (S.D.N.Y. 2007).[3] The court there held that preventing the receiver from exercising managerial control over the receivership assets once bankruptcy proceedings began would "frustrate the equitable power of this court to fashion what it deemed an appropriate remedy." Id.

The court in Bayou also specifically addressed the argument, now advanced by Movants, that the order conflicts with

U.S.C. § 1104. (SEC Opp. 15 n.6).

[3]    The provision in Bayou read as follows:

[The receiver shall] succeed to be the sole and exclusive managing member and representative of each of the Bayou Entities with the sole and exclusive power and authority to manage and direct the business and financial affairs of the Bayou Entities, including without limitation, the authority to petition for protection under the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Code"), for any or all of the Bayou Entities and in connection therewith be and be deemed a debtor-in-possession for any or all of the Bayou Entities in proceedings under Chapter 11 of the Code, and prosecute such adversary proceedings and other matters as may be permitted under the Code and/or applicable law.

363 B.R. at 680. Similarly, the Amended Receiver Order, in addition to the provisions quoted above, authorizes the Receiver to "[s]ucceed to all rights to manage all properties owned or controlled, directly or indirectly, by the Wextrust [Entities] . . . pursuant to the LLC and operating agreement relating to each entity." (Amended Receiver Order 5). Movants devote a great deal of their briefs to differences between these two orders, but the reality is that, despite slight differences in language, both orders appoint the receiver to manage the affairs of the entities in receivership.

11 U.S.C. § 543, which provides that a "custodian" in possession of assets belonging to a bankruptcy debtor shall first deliver such assets to the trustee and then seek a hearing to excuse it from having to deliver the assets. The Bayou court held that once the receiver filed the bankruptcy petition, his role as receiver terminated, but his role as manager of the bankrupt entities continued, and the "management of a bankrupt entity that files in Chapter 11 is automatically authorized to act as the debtor-in-possession, since under the Bankruptcy Code, the term 'debtor-in-possession' quite simply 'means debtor.'" 363 B.R. at 686 (citing 11 U.S.C. § 1101(1) and Black's Law Dictionary 412 (7th ed. 1999) (defining "debtor-in-possession" as a "Chapter 11 or 12 debtor that continues to operate its business as a fiduciary to the bankruptcy estate")). The fact that the receiver becomes, by operation of the Bankruptcy Code, a debtor-in-possession once a bankruptcy petition is filed is critical because a debtor-in-possession is not a "custodian" within the meaning of the Bankruptcy Code, see 11 U.S.C. § 101(11), and therefore is not required to deliver the debtor's assets to the trustee. See Bayou 363 B.R. at 685-87.

Here, while the Amended Receiver Order does not designate the Receiver as the debtor-in-possession, in the event of a bankruptcy filing, as noted by the Bayou court, the Receiver would automatically succeed to that role by operation of the Bankruptcy Code. There is no conflict, then, with 11 U.S.C. §

543, because a debtor-in-possession is not a custodian within the meaning of the statute.

While it is true that the Bayou court expressed regret over the inclusion of the debtor-in-possession reference in its order -- insofar as making such a determination is "quintessentially the province of a bankruptcy judge" -- it nonetheless upheld the order, see id., and the court's reasoning for doing so is sound. Accordingly, I conclude that the Amended Receiver Order is not inconsistent with the Bankruptcy Code and decline to modify it.

B.    **Improper Assertion of Jurisdiction**

Movants argue that the provision of the Amended Receiver Order requiring this Court to hear disputes with respect to the Receiver's post-bankruptcy authority runs afoul of 28 U.S.C. § 157, which requires bankruptcy cases to be heard by bankruptcy judges. (Mov. Mem. 7). Section 157(d) provides that the Court can withdraw a case from the bankruptcy court's jurisdiction "for cause shown" if it "determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Movants argue that no showing of cause has been made to justify a preemptive withdrawal of cases from the bankruptcy court. (Mov. Mem. 7).

I agree. Even assuming I have the authority to continue to exercise control over this case in the event a bankruptcy petition is filed, I decline to exercise that

-13-

authority. If a bankruptcy petition is filed, the bankruptcy court will be well-equipped to ensure a fair and orderly process. If the parties disagree with any of the bankruptcy court's decisions, they are free to exercise their right to appeal. There is no reason to deviate from the usual procedures followed in bankruptcy court.

I therefore modify page ten of the Amended Receiver Order to strike the following language, which appears at the end of the disputed provision, after the reference to 11 U.S.C. § 543: "or to request a determination by this Court as to whether the Receiver should be deemed a debtor in possession or trustee, at a hearing, on due notice to all parties in interest, before the undersigned." In other words, if a bankruptcy petition is filed, the bankruptcy court will hear all disputes in the first instance, subject to the right of any party to appeal to the district court in accordance with the usual rules and procedures.

## CONCLUSION

For the reasons set forth above, the Movants' motions to modify the Receiver Orders are denied, except that they are modified in the two respects indicated above.

SO ORDERED.

Dated:    New York, New York
          December 17, 2008

DENNY CHIN
United States District Judge

Attorneys for Plaintiff
Securities and
Exchange Commission:

    ALISTAIRE BAMBACH, Esq.
    NEAL JACOBSON, Esq.
    ALEX M. VASILESCU, Esq.
    STEVEN G. RAWLINGS, Esq.
    DANIELLE SALLAH, Esq.
    New York Regional Office
    Three World Financial Center
    Room 4300
    New York, New York  10281

Attorneys for Timothy
J. Coleman, Receiver
for the Wextrust Entities
and Affiliates:

    DEWEY & LEBOEUF LLP
        By:  Leo V. Gagion, Esq.
             Martin F. Bienenstock,
             Esq.
             Mark S. Radke, Esq.
    1301 Avenue of the Americas
    New York, New York  10019-6092

Attorneys for the
International Ad-Hoc
Committee of Wextrust
Creditors:

    DECHERT LLP
        By:  Shalom Jacob, Esq.
             Shumuel Vasser, Esq.
    1095 Avenue of the Americas
    New York, New York  10036

Attorneys for the
International Consortium
of Wextrust Creditors:

    BROWN RUDNICK LLP
        By:  Martin S. Siegel, Esq.
             Steven B. Smith, Esq.
    Seven Times Square
    New York, New York  10036

## CERTIFICATE OF SERVICE

I, ANDREA CHOUPROUTA, hereby certify that:

I am not a party to the action, am over the age of eighteen years of age, and reside in Nassau County, New York.

On January 14, 2009, I caused to be served, true and correct copies of the Notice of Appeal upon the parties listed on the Service List attached hereto by E-Mail and Overnight Courier where indicated.

*Andrea Chouprouta*

Andrea Chouprouta

**SERVICE LIST**

Alexander Mircea Vasilescu, Esq. – Phone: (212) 336-0178
Andrew M. Calamari, Esq. -- Phone: (212) 336-0042
Danielle Sallah, Esq. – Phone: (212) 336-0130
U.S. Securities and Exchange Commission
Three World Financial Center
New York, NY 10281
vasilescua@sec.gov
calamaria@sec.gov
sallahd@sec.gov
Fax: 212-336-1322

Steven G. Rawlings, Esq.
Securities and Exchange Commission
Branch Chief
New York Regional Office
3 World Financial Center
New York, NY 10281
rawlingss@sec.gov
Phone: (212) 336-0149
Fax: (212) 336-1322

Barry S. Zone, Esq. –Phone: (212) 752-9700  Fax : (212)-752-3868
Jason Canales, Esq. –Phone: (212)752-9700  Fax: (212)-980-5192
Steven R. Popofsky, Esq. - Phone: (212) 752-9700 Fax: (212) 980-5192
Gerstsen, Savage, Kaplowitz, Wolf, & Marcus, LLP
600 Lexington Avenue
New York, NY 10022
bzone@gskny.com
jcanales@gskny.com
spopofsky@gskny.com
*Counsel to Steven Byers*

John C. Meringolo, Esq.
Meringolo & Associates, P.C.
11 Evans Street
Brooklyn, NY 11201
jmeringolo@aol.com
Phone: 646-319-9020
*Counsel to Joseph Shereshevsky*

Michael Fred Bachner, Esq.
Bachner & Herskovits, P.C.
26 Broadway, Ste. 2310
New York, NY 10004
mb@bhlawfirm.com
Phone: (212) 344-7778
Fax: (212) 344-7774
*Counsel to Elka Shereshevsky*

Harvey Kurzweil, Esq. – Phone: 212-259-8000  Fax: 212-259-6333
Mark S. Radke, Esq. –Phone: (202) 346-8000  Fax: (202) 346-8102
Leo V. Gagion, Esq. –Phone: (212) 259-8000  Fax: (212) 259-6333
Dewey & LeBoeuf, L.L.P.
1301 Avenue of the Americas
New York, NY 10019
hkurzweil@dl.com
mradke@dl.com
lgagion@dl.com
*Counsel to Receive, Timothy J. Coleman*

Vincent Schmeltz III, Esq.
Dewey & LeBoeuf, L.L.P.
Two Prudential Plaza
Suite 3700
180 North Stetson Avenue
Chicago, IL 60601
tschmeltz@dl.com
Phone: 312 794 8095
Fax: 312 794 8100
*Counsel to Receiver, Timothy J. Coleman*

Timothy J. Coleman, Receiver
c/o Dewey & LeBoeuf LLP
1101 New York Ave NW
Suite 1100
Washington, D.C. 20005
tcoleman@dl.com
Phone: (202) 346-8000
Fax: (202) 346-8102
*Receiver*

George R. Mesires, Esq.
Edward F. Malone, Esq.
Barack, Ferrazzano, Kirschbaum, & Nagelberg LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
George.mesires@bfkn.com
Edward.malone@bfkn.com
Phone: (312) 984-3100
Fax: (312) 984-3150
*Counsel to Barrington, Bank & Trust Company, N.A*
*Counsel to Hinsdale Bank & Trust Co.*

Barry S. Pollack, Esq.
Joshua L. Solomon, Esq.
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109
bpollack@sandw.com
jsolomon@sandw.com
Phone: 617-338-2800
Fax: 617-338-2880
*Counsel to G&H Partners AG*

Martin S. Siegel, Esq.
Brown Rudnick
Seven Times Square
New York, NY 10036
msiegel@brownrudnick.com
Phone: 212.209.4829
Fax: 212.209.4801
*Interested Party International Consortium of Wextrust Creditors*

Beth L. Kaufman, Esq.
David B. Gordon, Esq.
Schoeman, Updike & Kaufman, LLP
60 East 42nd Street
New York, NY 10165-0006
Phone: 212-661-5030
Fax: 212-687-2123
bkaufman@schoeman.com
dgordon@schoeman.com
*Counsel to Lawrence Costa and*
*Costa Block III Manager, LLC*

Paul A. Levine, Esq.
Lemery Greisler LLC
50 Beaver Street, 2nd Floor
Albany, NY 12207
Phone: 518-433-8800
Fax: 518-433-8823
plevine@lemerygreisler.com
*Counsel to Key Equipment Finance, Inc.*

Marc X. LoPresti, Esq.
Tagliaferro & LoPresti, LLP
45 Broadway, Suite 2200
New York, New York 10006
Phone (212) 732-4029
Email: marc@lntlb-ny.com
*Counsel to Intervening Defendants,*
*Timothy M. Holmes Revocable Trust, Larry Costa,*
*Kristine Szabo, Stanley Simpson, Andrew Campbell,*
*James D. Leckinger, Avraham Hochman, and Karen Polter*

Harris L. Kay, Esq.
Henderson & Lyman
175 West Jackson Boulevard, Suite 240
Chicago, IL 60604
Phone (212) 986-6960
Fax (212) 986-6961
*Counsel to Intervening Defendants,*
*Timothy M. Holmes Revocable Trust, Larry Costa,*
*Kristine Szabo, Stanley Simpson, Andrew Campbell,*
*James D. Leckinger, Avraham Hochman, and Karen Polter*

Edward P. Gilbert, Esq.
Ethan R. Holtz, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, New York 10022
Phone (212) 735-8600
Fax (212) 735-8708
egilbert@morrisoncohen.com
eholtz@morrisoncohen.com
*Counsel to Third Parties RAIT Partnership, L.P.*
*And RAIT Rogers Plaza, LLC*

Ungaretti & Harris LLP
70 West Madison Street
Suite 3500
Chicago, IL 60602
Phone (312) 977-4400
Fax (312) 977-4405
*Counsel to Third Parties RAIT Partnership, L.P.*
*and RAIT Rogers Plaza, LLC*

BY FEDERAL EXPRESS ONLY

Amnon Cohen
811 Country Club Dr.
Teaneck, New Jersey 07666-5613
*Third Party Defendant*