```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
SECURITIES AND EXCHANGE          :
COMMISSION,
                                 :
              Plaintiff,
                                 :
         - against -                    MEMORANDUM DECISION
                                 :
STEVEN BYERS et al.,                    08 Civ. 7104 (DC)
                                 :
              Defendants,
                                 :
         - and -
                                 :
ELKA SHERESHEVSKY,
                                 :
         Relief Defendant.
                                 :
- - - - - - - - - - - - - - - - -x
```

**APPEARANCES:**      (See last page.)

**CHIN, District Judge**

   G&H Partners AG ("G&H") moves to modify two orders this Court entered appointing a receiver in this case.[*] The Securities and Exchange Commission (the "SEC") and the Receiver, Timothy Coleman (the "Receiver"), oppose the modifications G&H seeks. For the reasons set forth below, G&H's motion is denied.

### DISCUSSION

   G&H seeks three modifications to the Court's August 11, 2008, order appointing a temporary receiver (the "Receiver Order") and the amended version entered on September 11, 2008

---

[*] For a thorough recitation of the facts of this case, see the Court's prior decisions: SEC v. Byers, 08 Civ. 7104 (DC), 2008 U.S. Dist. LEXIS 105207 (S.D.N.Y. Dec. 30, 2008); SEC v. Byers, 08 Civ. 7104 (DC) 2008 U.S. Dist. LEXIS 103127, (S.D.N.Y. Dec. 17, 2008); SEC v. Byers, 08 Civ. 7104 (DC), 2008 U.S. Dist. LEXIS 100085 (S.D.N.Y. Nov. 25, 2008).

(the "Amended Receiver Order"). First, it argues that the advisers the Receiver retains should not be indemnified from liability for ordinary negligence. Second, it argues that non-parties should be able to file suit against assets under the control of the Receivership. Third, it argues that the Court should order the Receiver to submit monthly reports on the status of his investigation. I address each argument in turn.

## A. Indemnification of the Receiver's Advisers

G&H challenges the provision of the Amended Receiver Order indemnifying not only the Receiver but also the advisers he retains from liability "except for gross negligence, willful misconduct, fraud, and breach of fiduciary duty." (Amended Receiver Order at 9). G&H argues, without citation to any caselaw, that there is no justification for extending the indemnity to the Receiver's advisers, and that the advisers should be liable if they are negligent in carrying out their duties.

As the Receiver points out in his brief opposing G&H's motion, however, there is a sound reason for extending this protection to the Receiver's advisers: In a Receivership such as this, where hundreds if not thousands of innocent parties have been defrauded, the investors may seek to cast a wide net in search of potential sources of recovery -- including the Receiver's advisers. (Receiver Mem. 12-13). Permitting the

---

[2] G&H does not "at this time" challenge the indemnity provision as to the Receiver. (G&H Mem. at 5).

Receiver's advisers to be sued for ordinary negligence could expose them to an onslaught of litigation from former Wextrust investors seeking to recover, from any source, the money they lost, and undoubtedly many advisers would, as a result, cease to assist the Receiver.[3] This would seriously inhibit the Receiver's ability to carry out the duties with which he has been charged.

Moreover, as the Receiver and SEC point out, such provisions are common in SEC receiverships. See, e.g., SEC v. Mobley, Nos. 00 Civ. 1316, 1317 (S.D.N.Y. June 21, 2000) (permitting indemnification of receiver and advisers for all acts except those made "in bad faith"); SEC v. Credit Bancorp, Ltd., No. 99 Civ. 11395 (S.D.N.Y. Jan. 21, 2000) (permitting indemnification of receiver and advisers for all acts except those made "willfully or in bad faith"); SEC v. Bilzerian, 127 F. Supp. 2d 232, 234 (D.D.C. 2000) (permitting indemnification of "the Receiver and those persons or entities engaged or employed by the Receiver to assist her" except for any "bad faith act of willful or reckless misconduct").

For these reasons, and pursuant to this Court's authority to "fashion an appropriate remedy" once its equitable

---

[3] This argument applies with equal force to the law firm the Receiver retained to assist him, Dewey & LeBoeuf, of which he is also a partner. While G&H makes much of the potential conflicts that could arise from the Receiver retaining his own law firm to assist in carrying out the duties of the Receivership, it is unable to rebut the argument that it is unlikely that Dewey & LeBouef, or any comparable firm, would assist in a receivership such as this if it could be subject to suits for ordinary negligence.

jurisdiction has been invoked, SEC v. Manor Nursing Centers, Inc., 458 F.2d 1082, 1103 (2d Cir. 1972), G&H's motion to modify the indemnification provision of the Amended Receiver Order is denied.

## B. Injunction Against Lawsuits

The Receiver Order contains a provision enjoining parties and non-parties from filing an action against the Receivership assets. On December 17, 2008, after G&H filed the instant motion, I substantially upheld this provision on a challenge from two non-parties. See SEC v. Byers, 08 Civ. 7104 (DC), 2008 U.S. Dist. LEXIS 103127, at **5-12 (S.D.N.Y. Dec. 17, 2008). G&H's motion is therefore denied for the same reasons stated in my December 17, 2008 decision.

## C. Monthly Status Reports

G&H seeks an order compelling the Receiver to issue monthly reports on the status of his investigation. The motion is denied. It would be unduly burdensome -- and expensive -- to require the Receiver to prepare a monthly report. The Receiver has already released a lengthy report summarizing his work to date, and is required to report on the status of his investigation when he submits a fee request, required on a monthly or quarterly basis. The Receiver also maintains a website with information, including all court filings, and regularly holds town hall meetings. Under these circumstances, and mindful that the Receiver is paid out of Wextrust assets, I conclude that the Receiver's time would be better spent

ascertaining the financial condition of the Wextrust entities with the goal of recovering as much as possible for the defrauded investors.

## CONCLUSION

For the reasons set forth above, G&H's motion to modify the Receiver Order and the Amended Receiver Order is denied.

SO ORDERED.

Dated: New York, New York
January 30, 2009

DENNY CHIN
United States District Judge

**APPEARANCES**

Attorneys for G&H Partners AG:

    SULLIVAN & WORCESTER LLP
        By: Barry S. Pollack, Esq.
            Joshua L. Solomon, Esq.
    One Post Office Square
    Boston, Massachusetts 02109

Attorneys for Plaintiff
Securities and Exchange Commission:

    ALISTAIRE BAMBACH, Esq.
    NEAL JACOBSON, Esq.
    ALEXANDER M. VASILESCU, Esq.
    STEVEN G. RAWLINGS, Esq.
    DANIELLE SALLAH, Esq.
    Securities & Exchange Commission
    New York Regional Office
    Three World Financial Center, Room 4300
    New York, New York 10281

Attorneys for Timothy J. Coleman, Receiver
for the Wextrust Entities and Affiliates:

    DEWEY & LEBOEUF LLP
        By: Martin J. Bienenstock, Esq.
            Leo V. Gagion, Esq.
            Mark S. Radke, Esq.
            Dean C. Gramlich, Esq.
    1301 Avenue of the Americas
    New York, New York 10019-6092