USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-30-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

    - against -

STEVEN BYERS et al.,

            Defendants,

    - and -

ELKA SHERESHEVSKY,

            Relief Defendant.
- - - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

08 Civ. 7104 (DC)

**APPEARANCES:**    (See last page.)

**CHIN, District Judge**

       Timothy M. Holmes Revocable Trust, Larry Costa, Kristine Szabo, Stanley Simpson, Andrew Campbell, James D. Leckinger, Avraham Hochman, and Karen Polter ("Proposed Intervenors") move for leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) as a matter of right, or, in the alternative, pursuant to Federal Rule of Civil Procedure 24(b). Proposed Intervenors claim to have an interest in substantial assets subject to the receivership in this case -- namely, millions of dollars that they invested in various Wextrust commodities pools. (Proposed Intervenors Mem. at 6-7). They claim that their interest is not adequately represented by the appointed receiver in this case, Timothy Coleman (the "Receiver"), or the Securities and Exchange Commission (the

"SEC"). (Proposed Intervenors Mem. at 7-8). The Receiver opposes the motion.

The motion is denied, for the same reasons the Court denied the motion to intervene filed by G&H Partners AG. See SEC v. Byers, 08 Civ. 7104 (DC), 2008 U.S. Dist. LEXIS 100085 (S.D.N.Y. Nov. 25, 2008) ("Prior Decision"). The Proposed Intervenors have not shown that the Receiver and SEC are not adequately representing their interests in this case. (Cf. Prior Decision at 2). The position of the Proposed Intervenors is no different from that of the other creditors and victims in this case, and, as set forth in my Prior Decision,

> [a]s a practical matter, it does not make sense to allow individual victims and creditors to intervene as parties. There are allegedly 1,400 victims who invested in approximately sixty securities offerings that raised more than $250 million. There are dozens of creditors with divergent claims and interests. There is a complex web of some 120 Wextrust entities and affiliates operating throughout the world. In these circumstances, it would not be efficient or effective to permit individual creditors to intervene as parties. See, e.g., SEC v. Everest Mgmt. Corp., 475 F.2d 1236, 1240 (2d Cir. 1972) (affirming the district court's denial of intervention as of right on the ground that "the complicating effect of the additional issues and the additional parties outweighs any advantage of a single disposition of the common issues"); SEC v. Credit Bancorp, Ltd., 194 F.R.D. 457, 467 (S.D.N.Y. 2000) ("[T]he majority of courts to have considered the subject of investor intervention under analogous circumstances have denied intervention."); SEC v. Canadian Javelin, Ltd., 64 F.R.D. 648, 650 (S.D.N.Y. 1974) ("[I]ntervention as of right by victims of alleged securities frauds in an SEC enforcement action is inappropriate.").

(Prior Decision at 2-3). For this reason, and for the other reasons set forth in the Prior Decision, the Proposed Intervenors' motion to intervene is denied.

SO ORDERED.

Dated: New York, New York
January 30, 2009

DENNY CHIN
United States District Judge

**APPEARANCES**

Attorneys for Timothy M. Holmes Revocable Trust, Larry Costa, Kristine Szabo, Stanley Simpson, Andrew Campbell, James D. Leckinger, Avraham Hochman, and Karen Polter:

>TAGLIAFERRO & LOPRESTI, LLP
>    By: Marc X. LoPresti, Esq.
>45 Broadway
>Suite 2200
>New York, New York  10006
>
>    - and -
>
>HENDERSON & LYMAN
>    By: Harris L. Kay, Esq.
>175 West Jackson Boulevard
>Suite 240
>Chicago, Illinois  60604

Attorneys for Timothy J. Coleman, Receiver for the Wextrust Entities and Affiliates:

>DEWEY & LEBOEUF LLP
>    By: Vincent P. Schmeltz III, Esq.
>        Mark S. Radke, Esq.
>1301 Avenue of the Americas
>New York, New York  10019-6092