USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-20-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

- against -

STEVEN BYERS, JOSEPH SHERESHEVSKY,
WEXTRUST CAPITAL, LLC, WEXTRUST
EQUITY PARTNERS, LLC, WEXTRUST
DEVELOPMENT GROUP, LLC, WEXTRUST
SECURITIES, LLC, and AXELA
HOSPITALITY,
LLC,

                Defendants,

- and -

ELKA SHERESHEVSKY,

                Relief Defendant.

No. 08 Civ. 7104 (DC)

ECF Case

## [~~PROPOSED~~] ORDER GRANTING RECEIVER'S MOTION TO RELINQUISH INTERESTS IN 2435 WEST BELMONT DEVELOPMENT, LLC

On the motion of Timothy J. Coleman, duly appointed receiver herein (the "Receiver"), to relinquish interests in 2435 West Belmont Development, LLC ("West Belmont Development"), the Court has considered (1) the Court's Amended Order Appointing Temporary Receiver, dated September 11, 2008 (the "Receivership Order"), appointing the Receiver as receiver to Wextrust Capital, LLC; Wexford Equity Partners, LLC; Wexford Development Group, LLC, n/k/a Wexford Development, LLC; Wextrust Securities, LLC; and Axela Hospitality, LLC (collectively the "Wextrust Entities") and various entities owned by or under the control of the Wextrust Entities (the "Wextrust

Affiliates"); (2) the Order on Consent Imposing Preliminary Injunction and Other Relief Against Defendants and Relief Defendant entered by this Court on October 24, 2008 and incorporating the Receivership Order by reference ("Preliminary Injunction Order"); (3) the Memorandum of Law in Support of Receiver's Motion to Relinquish Interests in Certain Residential Realty ("Memorandum of Law"); (4) the Declaration of Mitchell H. Kahn in Support of Receiver's Motion to Relinquish Interests in Certain Residential Realty; (5) the Declaration of Donald Price in Support of Receiver's Motion to Relinquish Interests in Certain Residential Realty; and (6) the Declaration of Mark Radke in Support of Receiver's Motion to Relinquish Interests in Certain Residential Realty and the exhibits attached thereto. [and no opposition to this motion having been received,]

Based on the foregoing, the Court finds that a proper showing has been made for the relief granted herein because (a) West Belmont Development, as described in the Memorandum of Law and the supporting declarations, is of no or inconsequential value to the receivership estate; (b) the Receiver, in the exercise of his discretion and after consultation with his advisors, has determined that no sale or other transaction can be effected that will result in any monetary return or other benefit to outside private placement investors in 2435 West Belmont Investors, LLC or to the receivership estate; (c) continued ownership of West Belmont Development will result in continued expenses to the receivership estate without any source of reimbursement to the estate; and (d) the status quo is not in the best interests of the receivership estate, its creditors, or investors in 2435 West Belmont Development[1].

The Court has jurisdiction over the subject matter of this motion and good and

---

[1] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Memorandum of Law in Support Receiver's Motion to Relinquish Interests in Certain Residential Realty.

2

sufficient notice of this motion has been provided to all parties entitled thereto pursuant to the Court's prior orders.

**NOW THEREFORE**

**IT IS HEREBY ORDERED** that the Receiver's motion is granted in all respects and objections, if any, are overruled to the extent that such objections have not been previously withdrawn, waived, or settled.

**IT IS FURTHER ORDERED** that, pursuant to the Receivership Order, the Receiver, acting on behalf of 2435 West Belmont Investors, LLC, has the authority to relinquish interests in West Belmont Development and those interests are hereby relinquished.

**IT IS FURTHER ORDERED** that the Court modifies the litigation stay set forth on page 6 of the Receivership Order[2] and, to the extent applicable, the Court's Order Freezing Assets dated August 11, 2008, to permit First Bank to pursue its remedies under applicable law and the relevant loan documents, including without limitation, to proceed with a foreclosure action or to take such other legal action as they deem appropriate to obtain title to the West Belmont Development property.

**IT IS FURTHER ORDERED** that the Receiver, as an alternative to judicial foreclosure, is authorized to enter into a deed in lieu of foreclosure or similar agreement with First Bank and to execute such other incidental documentation as may be necessary to accomplish any such deed in lieu of foreclosure or similar agreement.

**IT IS FURTHER ORDERED** that, as of the date of the entry of this Order, the Receiver and the receivership estate are relieved of any further management or funding responsibility of any kind or nature with respect to West Belmont Development or the

---
[2] As explicitly incorporated by reference by the Court's Preliminary Injunction Order.

3

property owned by West Belmont Development; provided, however, that the Receiver shall take such action as he is permitted to take under the applicable operating agreements to preserve the West Belmont Development for a period of sixty days following the date of the entry of this Order and will reasonably cooperate with First Bank with respect to the West Belmont Development and transfer any records relating thereto in the Receiver's control and possession.

**IT IS FURTHER ORDERED** that, notwithstanding the foregoing, this Court shall retain exclusive jurisdiction over any claims or causes of action asserted by any of the Lender or their affiliates or nominees relating to the enforcement of any deficiency judgment against, or other liability, any of the Wextrust Entities or Affiliates, or the receivership estate generally, as determined by any state or other non-receivership court.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized to execute any documents he may deem appropriate in transferring title to the West Belmont Development property.

**IT IS FURTHER ORDERED** that the terms of the Order shall be binding upon the Receiver, any and all Wextrust Entities and Affiliates, the defendants in the SEC enforcement action, any investor in 2435 West Belmont Investors, LLC, First Bank, any other person receiving actual notice of the motion, any other holder of a claim against or interest in the receivership estate, and any affiliates, successors, or assigns of any of the foregoing.

**IT IS FURTHER ORDERED** that, notwithstanding any motion for reconsideration or time for appeal, the terms of this Order shall be immediately enforceable.

**SO ORDERED**

Dated: February 20, 2009
      New York, New York

                                              Hon. Denny Chin
                                              United States District Judge