~~COURTESY~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

- against -

STEVEN BYERS, JOSEPH SHERESHEVSKY, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST DEVELOPMENT GROUP, LLC, WEXTRUST SECURITIES, LLC, and AXELA HOSPITALITY, LLC,

                Defendants,

- and -

ELKA SHERESHEVSKY,

                Relief Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-1-09

No. 08 Civ. 7104 (DC)

ECF Case

## [~~PROPOSED~~] ORDER GRANTING RECEIVER'S MOTION TO RELINQUISH THE HILLTOP PROPERTY

On the motion (the "Motion") of Timothy J. Coleman, duly appointed receiver herein (the "Receiver"), to Relinquish the Hilltop and Homer Glen Properties, the Court has considered (1) the Court's Amended Order Appointing Temporary Receiver, dated September 11, 2008 (the "Receivership Order"), appointing the Receiver as receiver to Wextrust Capital, LLC; Wexford Equity Partners, LLC; Wexford Development Group, LLC, n/k/a Wexford Development, LLC; Wextrust Securities, LLC; and Axela Hospitality, LLC (collectively the "Wextrust Entities") and various entities owned by or under the control of the Wextrust Entities (the "Wextrust Affiliates"); (2) the Order on Consent Imposing Preliminary Injunction and Other Relief Against Defendants and

Relief Defendant entered by this Court on October 24, 2008 and incorporating the Receivership Order by reference ("Preliminary Injunction Order"); (3) the Memorandum of Law in Support of Receiver's Motion to Relinquish the Hilltop and Homer Glen Properties ("Memorandum of Law"); (4) the Declaration of Mitchell P. Kahn in Support of Receiver's Motion to Relinquish the Hilltop and Homer Glen Properties; (5) the Declaration of Mark S. Radke in Support of Receiver's Motion to Relinquish the Hilltop and Homer Glen Properties; (6) the Declaration of Donald Price in Support of Receiver's Motion to Relinquish the Homer Glen Property; and (7) the Declaration of Jim Gray in Support of Receiver's Motion to Relinquish the Hilltop Property and (8) the exhibits attached to the various supporting Declarations. *No objections to this motion have been received.*

Based on the foregoing, the Court finds that a proper showing has been made for the relief granted herein because (a) the Hilltop property, as described in the Memorandum of Law and the supporting Declarations, is of no or inconsequential value to the receivership estate; (b) the Receiver, in the exercise of his discretion and after consultation with his advisors, has determined that no sale or other transaction can be effected that will result in any monetary return or other benefit to outside private placement investors in Hilltop Investors or to the receivership estate; and (c) continued ownership of the Hilltop property will result in continued expense to the receivership estate without any source of reimbursement.

The Court has jurisdiction over the subject matter of this motion and good and sufficient notice of this motion has been provided to all parties entitled thereto pursuant to the Court's prior Orders.

**NOW THEREFORE**

**IT IS HEREBY ORDERED** that the Receiver's motion is granted in all respects ~~and objections, if any, are overruled to the extent that such objections have not been previously withdrawn, waived, or settled.~~



**IT IS FURTHER ORDERED** that, pursuant to the Receivership Order, the Receiver, acting on behalf of Hilltop Apartments, LLC ("Hilltop Apartments") and Hilltop Investors, LLC ("Hilltop Investors"), has the authority to relinquish interests in the Hilltop property to the mortgage lender, 4529 Columbus Avenue Holdings, LLC ("4529 Holdings").

**IT IS FURTHER ORDERED** that, as of the date of the entry of this Order, Hilltop Apartments, Hilltop Investors, the Receiver and the receivership estate are relieved of any further management or funding responsibility of any kind or nature with respect to the Hilltop property or any related property owned by Hilltop Apartments or Hilltop Investors.

**IT IS FURTHER ORDERED** that, notwithstanding the foregoing, this Court shall retain exclusive jurisdiction over any claims or causes of action asserted by 4529 Holdings, Wells Fargo Bank, N.A. ("Buckingham Management, LLC ("Buckingham")), CWCapital Asset Management, LLC ("CW Capital"), any of their respective employees, agents, affiliates, nominees or assigns, or any other party in interest, relating to the enforcement of a deficiency judgment, if any, against, or other personal liability of, Hilltop Apartments, Hilltop Investors, any other Wextrust Entity or Affiliate or the receivership estate generally relating to the Hilltop property as may be determined by the Madison County, Indiana Superior Court ("Indiana Court") in the case captioned *4529 Columbus Ave. Holdings, LLC v. Hilltop Apartments, LLC, et al.*, Cause No. 48C01-

*0808-MF00770* ("Indiana Foreclosure Action") or any other court of competent jurisdiction.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized, in his sole discretion, to enter into and execute any documents he may deem appropriate in transferring title to Hilltop, including, without limitation, a stipulation of foreclosure relieving Hilltop Apartments, Hilltop Investors, any other Wextrust Entity or Affiliate and the receivership estate generally of any liability for any deficiency judgment entered by the Indiana Court in the Indiana Foreclosure Action, or any similar agreement..

**IT IS FURTHER ORDERED** that the Court modifies the litigation stay set forth on page 6 of the Receivership Order and, to the extent applicable, the Court's Order Freezing Assets dated August 11, 2008, to permit 4529 Holdings to continue with the Indiana Foreclosure Action for the purpose of taking title to Hilltop and selling or otherwise transferring its interest in Hilltop in accordance with Indiana law; *provided*, *however*, nothing in the Motion or this Order shall be deemed to permit 4529 Holdings, Wells Fargo, Buckingham, CWCapital, any of their respective employees, agents, affiliates, nominees or assigns, or any other party in interest to take legal action against any other property owned, held by or controlled by any Wextrust Entity or Affiliate.

**IT IS FURTHER ORDERED** that the terms of the Order shall be binding upon the Receiver; any and all Wextrust Entities and Affiliates; the defendants in the SEC enforcement action; any investor in Hilltop Investors; 4529 Holdings, Wells Fargo, Buckingham, CWCapital or any of their respective employees, agents, affiliates, nominees, or assigns; any other person receiving actual notice of the motion; any other

holder of a claim against or interest in the receivership estate; and any affiliates, successors, or assigns of any of the foregoing.

**IT IS FURTHER ORDERED** that, notwithstanding any motion for reconsideration or the time for appeal from this Order, the terms of this Order shall be immediately enforceable. **SO ORDERED**

Dated: ~~March~~ 4/1, 2009
New York, New York

Hon. Denny Chin
United States District Judge