
~~COURTESY~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-1-09
```

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

- against -

STEVEN BYERS, JOSEPH SHERESHEVSKY, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST DEVELOPMENT GROUP, LLC, WEXTRUST SECURITIES, LLC, and AXELA HOSPITALITY, LLC,

    Defendants,

- and -

ELKA SHERESHEVSKY,

    Relief Defendant.

No. 08 Civ. 7104 (DC)

ECF Case

### ~~[PROPOSED]~~ ORDER GRANTING RECEIVER'S MOTION TO RELINQUISH THE HOMER GLEN PROPERTY

On the motion (the "Motion") of Timothy J. Coleman, duly appointed receiver herein (the "Receiver"), to Relinquish the Hilltop and Homer Glen properties, the Court has considered (1) the Court's Amended Order Appointing Temporary Receiver, dated September 11, 2008 (the "Receivership Order"), appointing the Receiver as receiver to Wextrust Capital, LLC; Wexford Equity Partners, LLC; Wexford Development Group, LLC, n/k/a Wexford Development, LLC; Wextrust Securities, LLC; and Axela Hospitality, LLC (collectively the "Wextrust Entities") and various entities owned by or under the control of the Wextrust Entities (the "Wextrust Affiliates"); (2) the Order on Consent Imposing Preliminary Injunction and Other Relief Against Defendants and

Relief Defendant entered by this Court on October 24, 2008 and incorporating the Receivership Order by reference ("Preliminary Injunction Order"); (3) the Memorandum of Law in Support of Receiver's Motion to Relinquish the Hilltop and Homer Glen Properties ("Memorandum of Law"); (4) the Declaration of Mitchell P. Kahn in Support of Receiver's Motion to Relinquish the Hilltop and Homer Glen Properties; (5) the Declaration of Mark S. Radke in Support of Receiver's Motion to Relinquish the Hilltop and Homer Glen Properties; (6) the Declaration of John Sordillo in Support of Receiver's Motion to Relinquish the Hilltop and Homer Glen Properties; and (7) the exhibits attached to the various supporting Declarations. *No objections to this motion have been received. DC*

Based on the foregoing, the Court finds that a proper showing has been made for the relief granted herein because (a) the Homer Glen real property and related fixtures and other personal property, as described in the Memorandum of Law and the supporting Declarations (collectively "Homer Glen Property"), is of no or inconsequential value to the receivership estate; (b) the Receiver, in the exercise of his discretion and after consultation with his advisors, has determined that no sale or other transaction can be effected that will result in any monetary return or other benefit to outside private placement investors in Homer Investors, LLC ("Homer Investors") or to the receivership estate; and (c) continued ownership of the Homer Glen Property will result in continued expense to the receivership estate without any source of reimbursement.

The Court has jurisdiction over the subject matter of this motion and good and sufficient notice of this motion has been provided to all parties entitled thereto pursuant to the Court's prior orders.

**NOW THEREFORE**

**IT IS HEREBY ORDERED** that the Receiver's motion is granted in all respects ⸳ ~~and objections, if any, are overruled to the extent that such objections have not been~~ → ~~previously withdrawn, waived, or settled.~~



**IT IS FURTHER ORDERED** that, pursuant to the Receivership Order, the Receiver, acting on behalf of Homer Development, LLC ("Homer Development"), Homer Investors and Homer Managers, LLC ("Homer Managers"), has the authority to relinquish the Homer Glen Property to the mortgage lender, Barrington Bank & Trust Company, LLC or any nominee thereof ("Barrington Bank").

**IT IS FURTHER ORDERED** that, as of the date of the entry of this Order, Homer Development, Homer Investors, Homer Managers, the Receiver and the receivership estate are relieved of any further management or funding responsibility of any kind or nature with respect to the Homer Glen Property or any other related property owned by Homer Development, Homer Investors or Homer Managers.

**IT IS FURTHER ORDERED** that, notwithstanding the foregoing, this Court shall retain exclusive jurisdiction over any claims or causes of action asserted by Barrington Bank, any of its employees, agents, affiliates or assigns, or any other party in interest relating to the enforcement of a deficiency judgment, if any, against, or other personal liability of, Homer Development, Homer Investors, Homer Managers, any other Wextrust Entity or Affiliate or the receivership estate generally relating to the Homer Glen Property, as may be determined by any state or other non-receivership court.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized, in his sole discretion, to enter into and execute any documents he may deem appropriate in relinquishing Homer Glen.

**IT IS FURTHER ORDERED** that the Court modifies the litigation stay set forth on page 6 of the Receivership Order and, to the extent applicable, the Court's Order Freezing Assets dated August 11, 2008, to permit Barrington Bank to proceed with a foreclosure action or to take such other legal action as it deems appropriate to obtain title to Homer Glen; *provided*, *however*, nothing in the Motion or this Order shall be deemed to permit Barrington Bank, any of its agents, employees, affiliates or assigns, or any other party in interest to take legal action against any other property held or controlled by the Wextrust Entities.

**IT IS FURTHER ORDERED** that the Receiver, as an alternative to judicial foreclosure, is authorized, in his sole discretion, to enter into a deed-in-lieu of foreclosure or similar agreement with Barrington Bank or any other secured creditor, and enter into and execute such other agreements or documentation as may be necessary to effect the transfer of title to Homer Glen.

**IT IS FURTHER ORDERED** that the terms of the Order shall be binding upon the Receiver, any and all Wextrust Entities and Affiliates, the defendants in the SEC enforcement action, any investor in or creditor of Homer Glen Investors, Barrington Bank, any of Barrington Bank's employees, agents, affiliates or assigns, any other person receiving notice of the Motion, any other holder of a claim against or interest in the receivership estate, and any affiliates, successors, or assigns of any of the foregoing.

**IT IS FURTHER ORDERED** that, notwithstanding any motion for reconsideration or the time for appeal from this Order, the terms of this Order shall be immediately enforceable.

SO ORDERED

Dated: March 4/1/09, 2009
New York, New York

Hon. Denny Chin
United States District Judge