UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE          :
COMMISSION,
                                 :
           Plaintiff,
                                 :
      - against -                        MEMORANDUM DECISION
                                 :
STEVEN BYERS et al.,                     08 Civ. 7104 (DC)
                                 :
           Defendants,
                                 :
      - and -
                                 :
ELKA SHERESHEVSKY,
                                 :
           Relief Defendant.
                                 :
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-29-09

APPEARANCES:     DEWEY & LEBOEUF LLP
                     By: Harvey Kurzweil, Esq.
                         Mark S. Radke, Esq.
                 1301 Avenue of the Americas
                 New York, New York 10019-6092
                 Attorneys for Timothy J. Coleman, Receiver
                 for the Wextrust Entities and Affiliates

                 SULLIVAN & WORCESTER LLP
                     By: Barry S. Pollack, Esq.
                 One Post Office Square
                 Boston, Massachusetts 02109
                 Attorneys for G&H Partners, AG

**CHIN, District Judge**

       Before the Court is the third application by Timothy J. Coleman (the "Receiver") and his law firm, Dewey & LeBoeuf ("D&L"), for fees and expenses, covering the period from October 1, 2008 through October 31, 2008 (the "third fee application"). The Receiver and D&L seek reimbursement of $136,317.78 in expenses and $1,257,729.97 in fees. The Securities and Exchange Commission ("SEC") supports the third fee application. G&H

Partners, AG ("G&H") has filed an objection. For the reasons set forth below, the third fee application is granted and G&H's objections are overruled.

On December 30, 2008, I issued an opinion deciding the first fee application in this securities fraud case. See SEC v. Byers, 590 F. Supp. 2d 637 (S.D.N.Y. 2008) (the "Prior Decision"). Familiarity with the Prior Decision is assumed.

In October 2008, the Receiver and professionals at D&L worked a total of 5,348.40 hours on this case. (App. Ex. B at 3). Before applying any discount, the fees for the Receiver and D&L would be $2,489,277. (App. at 16). The Receiver reduced his standard hourly rate from $850 to $250, which resulted in a reduction in fees of $105,240. (Id. at 13). D&L conducted an internal audit of its fees, which resulted in a reduction of $463,302.59. (Id. at 14). D&L then submitted the third fee application to the SEC. The SEC reviewed the application and requested an additional discount of $59,547.20. (Id.). D&L then reduced its fees by twenty percent, as required by the Prior Decision, which resulted in a further reduction of $304,001.24. (Id. at 15). All told the fees in the third fee application were reduced by $1,273,272.03, or roughly fifty percent. (Id. at 16).

G&H raises a number of issues regarding the third fee application. I address each in turn.

## I. Objections to Fees As Excessive and Unreasonable

G&H objects to the amount of fees requested as excessive and unreasonable, and asks the Court to reduce the fees

requested in the third fee application by an additional forty percent. Most of the concerns G&H raises now were addressed at length in the Prior Decision, and I see no need to revisit the issues discussed therein now. I will, however, address two new issues G&H raises.

First, G&H argues that the fees are excessive because the urgency that existed at the beginning of the Receivership -- in August 2008 -- no longer existed in October 2008. I disagree. The period in question was only two months after the SEC commenced this action, and, as discussed in prior decisions, this is a complex case. Indeed, the complexity of this case was apparent at a hearing held on May 21, 2009 to discuss the Receiver's proposed plan of distribution. G&H's assertion that the Receiver had conducted most of the work necessary to fulfill his obligations as Receiver by October 2008 is not correct.

Second, G&H criticizes the Receiver for not retaining less expensive law firms around the country to conduct some of the less complicated matters at issue in this case. As D&L points out in its April 17, 2009 letter, however, in October 2008 the Receiver and D&L devoted all their time and resources attending to the urgent matters of the Receivership, and did not place a high priority on the less urgent matters.[1] On this point I defer to the discretion of the Receiver, and note that bringing

---

[1] D&L also points out that the Receiver could not simply continue to use Wextrust's prior law firms, because those firms insisted on payment of all pre-receivership fees before they would agree to further representation.

in new counsel now would not necessarily result in any savings, as new counsel would require learning time and D&L would be required to supervise, at least to some extent.

Considering all the relevant factors, the application for fees in the amount of $1,257,729.97 for the third month of the receivership is not excessive in light of the complexities of this case.

## II. Fee Auditor

G&H asks the Court to direct the Receiver to engage an independent fee auditor to review D&L's bills. This request is denied. The Receiver and D&L performed an internal audit of their fee application, which resulted in a reduction of $463,302.59. (App. at 14). They then sent the fee application to the SEC, which reviewed it and requested an additional reduction of $59,547.20. (Id.). In light of these facts, and the availability of the SEC to review the fee applications, it is not in the best interests of the Receivership estate to require the Receiver to retain an auditor -- to be paid from Receivership assets -- to perform an additional audit of the Receiver's and D&L's bills.

## III. D&L's Use of the Term "Hold-Back"

The third fee application refers to a twenty percent "hold-back" of fees. (App. at 12). This is a reference to the twenty percent discount I applied to D&L's fees in the Prior Decision, and to the following paragraph:

At the conclusion of the case, Dewey may

> apply for payment of all or part of the
> [twenty percent] I am eliminating now.
> Depending on the results achieved and the
> benefits to the receivership estate, I would
> consider awarding some or all of these fees
> to Dewey then.

(Prior Decision at 23). G&H asks the Court to clarify that what D&L refers to as a "hold-back" is not a deferred or guaranteed payment. It is not, and D&L does not suggest otherwise. (See 4/17/09 D&L Letter at 7-8). At the conclusion of this case, D&L may apply to the Court for payment of the twenty percent of its fees held back in the first fee application, and which D&L has held back from submission in the second and third applications. If D&L makes such an application, I will consider it based on all relevant factors, and not solely on whether, as G&H recommends, "a majority of victims' assets is recovered." (4/8/09 G&H Letter at 4).

## CONCLUSION

For the reasons set forth above, the third fee application is granted, on an interim basis, as follows:

1. The Receiver is allowed fees of $41,725;
2. D&L is allowed fees of $1,216,004.97, subject to D&L's right to seek payment of the twenty percent hold-back at the conclusion of the case;
3. D&L is allowed reimbursement of expenses of $136,317.78; and
4. The Wextrust Entities, as the term is defined in the Receivership Order, are hereby authorized and

directed on an interim basis to pay the Receiver & D&L the amounts awarded herein within ten (10) business days from available funds.

SO ORDERED.

Dated: New York, New York
May 29, 2009

DENNY CHIN
United States District Judge