```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE            :
COMMISSION,
                                   :
              Plaintiff,
                                   :
       - against -                          ORDER
                                   :
STEVEN BYERS et al.,                        08 Civ. 7104 (DC)
                                   :
              Defendants,
                                   :
       - and -
                                   :
ELKA SHERESHEVSKY,
                                   :
              Relief Defendant.
                                   :
- - - - - - - - - - - - - - - - -x
```

**CHIN, District Judge**

On June 10, 2009, pro se defendant Joseph Shereshevsky requested a stay of proceedings in this case, based on his contention that his Fifth Amendment right against self-incrimination prevents him from actively asserting a defense because any statements he makes could be used against him in an ongoing criminal proceeding arising out of the same facts.

On June 18, 2009, I ordered any party wishing to be heard on Shereshevsky's request to respond by July 2, 2009. Plaintiff Securities and Exchange Commission (the "SEC") and Timothy J. Coleman, the receiver for the Wextrust entities (the "Receiver"), both objected to Shereshevsky's request.

A defendant's Fifth Amendment rights are not violated by parallel civil and criminal proceedings. See Nosik v. Singe, 40 F.3d 592, 596 (2d Cir. 1994) ("Nothing in the Constitution

forbids contemporaneous civil and criminal proceedings concerning the same subject matter."); SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc) ("The Constitution, therefore, does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."). The Court may, however, in its discretion, stay civil proceedings pending the outcome of a criminal case, but should be mindful that a "stay of the civil case [] is an extraordinary remedy." Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Factors to consider in determining if a stay is warranted include:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Id.

I decline to stay the civil proceedings, as the factors militating against a stay overwhelmingly outweigh the factors militating in favor of a stay. The civil case has been pending for almost a year -- without objection by Shereshevsky -- and is fast approaching resolution. A stay of the proceedings now would be contrary to the interests of the public, the victims of Shereshevsky's alleged Ponzi scheme, and the interests of justice

generally. Moreover, as both the Receiver and the SEC point out, neither the SEC nor the Receiver is currently seeking any discovery from Shereshevsky, and thus the risk of self-incrimination is remote, if not entirely absent. Accordingly, Shereshevsky's motion for a stay of these proceedings pending the outcome of the criminal case against him is denied.

SO ORDERED.

Dated: New York, New York
July 8, 2009

DENNY CHIN
United States District Judge