UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

STEVEN BYERS, JOSEPH SHERESHEVSKY,
WEXTRUST CAPITAL, LLC., WEXTRUST EQUITY
PARTNERS, LLC., WEXTRUST DEVELOPMENT
GROUP, LLC., WEXTRUST SECURITIES, LLC.,
and AXELA HOSPITALITY, LLC.,

    Defendants, and

ELKA SHERESHEVSKY,

    Relief Defendant, and

AVROHOM SHERESHEVSKY, and
CHANA SHERESHEVSKY,

    Intervening Defendants.
------------------------------------------------------------x

08 Civ. 07104 (DC)

**OBJECTION**

    Objector/Claimant Broadway Bank, by and through the undersigned Nesenoff & Miltenberg, LLP, hereby makes Objection to the Receiver's proposed Plan of Distribution as follows:

    1. The proposed Plan of Distribution does not specify and thus is unclear as to what treatment is being given to Broadway Bank's rights. Under the loan documentation for the loan by Broadway Bank to Wexford III, Broadway Bank was given collateral to the loan documentation in a real estate project in Atlantic City, New Jersey (the Boardwalk & Lincoln LLC Loan) and Broadway Bank is exercising its rights with respect to that collateral by having issued a Notice of Default. What we understand from Receiver's counsel is that Broadway Bank falls into the "secured creditor" category (_See_ Receiver's Proposed Plan of Distribution, pp. 27, 29-30); however, that treatment of Broadway Bank is not expressly spelled out in the Receiver's proposed Plan of Distribution. Consequently, there is insufficient notice given by the Receiver of how the proposed Plan of Distribution will operate with respect to Broadway Bank's rights and interests.

    2. If Broadway Bank is to be treated as a "secured creditor," then the Receiver's proposed Plan of Distribution would restrict any deficiency claim that Broadway Bank has, such that the

recourse loans that Broadway Bank had would in effect be turned into non-recourse loans. (*See* Receiver's Proposed Plan of Distribution, p. 30.)

3. As a general point, what the Receiver's proposed Plan of Distribution appears in substance to be is a "cram down" bankruptcy plan, only without the legal rules and remedies spelled out in the federal Bankruptcy Code and regulations. By taking Broadway Bank of its rights to property under color of a state receivership but without the required due process of the federal Bankruptcy laws, Broadway Bank is being deprived of property without due process of law.

4. Broadway Bank appeared earlier in this action, submitting a letter to the Court dated February 4, 2009, requesting a pre-motion conference in order to make a Motion To Intervene and then appearing before the Court in person on February 9, 2009, providing my business card with contact information to the Court reporter and to the Receiver before the Court session began and then formally addressing the Court, identifying myself and making a formal Appearance on the record on behalf of Broadway Bank. Thereafter, however, Broadway Bank was not put on the distribution list for Court filings, which has disadvantaged Broadway Bank in terms of now dealing with a Receiver's proposed Plan of Distribution. Only recently has Receiver's counsel responded to the e-mail sent to Receiver's counsel by Ira Nesenoff, Esq. of this office on March 26, 2009, requesting to be advised about the status of the receivership; the reply came on April 22, 2009, stating among other things that the Receiver's counsel had not heard from us in some time (which actually he had) and that we had until April 27 to file an Objection to the Receiver's proposed Plan of Distribution.

**Dated:** New York, New York
April 23, 2009

NESENOFF & MILTENBERG, LLP

By: _____
Philip A. Byler, Esq. (PB 1234)

**Attorneys for Objector/Claimant
Broadway Bank**
363 Seventh Avenue, Fifth Floor
New York, NY 10001
212.736.4500
pbyler@nmllplaw.com