UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE
COMMISSION,

         Plaintiff,

  - against -

STEVEN BYERS et al.,

         Defendants,

  - and -

ELKA SHERESHEVSKY,

         Relief Defendant.

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-18-14

ORDER

08 Civ. 7104 (DC)

**CHIN, District Judge**

      Before the Court are the Receiver's fourth and fifth fee applications seeking compensation for the Receiver and his law firm, Dewey & LeBoeuf LLP ("D&L"). The fourth fee application seeks $32,887.50 in fees for the Receiver, $916,432.80 in fees for D&L, and costs of $54,873.63. The fifth fee application seeks $24,975 in fees for the Receiver, $674,399 in fees for D&L, and costs of $72,171.75.

      I am concerned because the Court has already awarded the Receiver and D&L fees of $4,594,760.87 and costs of $384,148.30,[1] and the pending fee applications only take us through the end of 2008. The Receiver and D&L have been working for almost eight months in 2009, and the Court has little sense

---

[1] In addition, I have also approved fees and costs for the Receiver's accountants, financial advisors, and South African counsel.

of what the fees for those months will be, or what the fees will be going forward. Although the receivership is drawing to a close, there are undoubtedly at least several months of work still ahead.

It is not clear to the Court what concrete results have been achieved thus far in terms of recovering funds or assets, or what the prospects are for recovering additional sums in the future. I question whether it makes sense to continue spending millions of dollars in legal fees given the apparently uncertain prospect of recovering any substantial assets.

The Receiver and D&L have, to date, done an outstanding job in this case, and have acted with the competence, skill, and diligence one would expect from a firm with D&L's reputation. Notwithstanding their excellent work, however, the Court is deeply concerned by the prospect that the Receiver and D&L will receive millions of dollars in fees from the receivership estate while the hundreds of victims receive a mere fraction of the amount they invested. On the other hand, I recognize that the Receiver and D&L did not take on this case pro bono.

The Receiver is directed to respond to these concerns in writing by August 31, 2009. In his response the Receiver shall also provide a rough estimate of the fees incurred thus far in 2009 and the fees it anticipates it will incur going forward. The Receiver shall also provide the Court with a summary chart showing, for each month covered by the five fee applications, the lodestar amount, the fees sought after all deductions, and the

fees approved by the Court (where fees have been approved). It is difficult to evaluate the reasonableness of the costs and fees expended when I am looking at just one month at a time. The "big picture" must be considered.

Finally, the SEC is also directed to address the Court's concerns in writing by August 31, 2009. In particular, the SEC shall provide, from the perspective of the public interest, a cost-benefit analysis of continuing down this road.

SO ORDERED.

Dated:   New York, New York
         August 18, 2009

                                  _____
                                  DENNY CHIN
                                  United States District Judge