UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-20-09

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

STEVEN BYERS, JOSEPH SHERESHEVSKY, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST DEVELOPMENT GROUP, LLC, WEXTRUST SECURITIES, LLC, and AXELA HOSPITALITY, LLC,

Defendants,

- and -

ELKA SHERESHEVSKY,

Relief Defendant.

No. 08 Civ. 7104 (DC)

ECF Case

**ORDER**

The motion of Receiver Timothy J. Coleman to hold non-party Lawrence Costa in contempt having been fully briefed and the Court having heard oral argument on August 11, 2009, and the Receiver and Mr. Costa having submitted additional letters to the Court, and the Court having considered the arguments of counsel, it is hereby ordered:

1. The motion to hold Costa in contempt be and the same hereby is denied, without prejudice to the filing of any other future motion by the Receiver.

2. On or before September 7, 2009, Mr. Costa will produce to the Receiver's counsel any non-privileged documents and information that he may have in his possession, custody, and control, apart from the documents already produced by him, that pertain to the Wextrust African Entities and/or Affiliates, as defined herein, and all of their assets and interests.

"Wextrust African Entitles and/or Affiliates" shall include, Pure Africa Minerals (Pty), Ltd. ("PAM"); Pure Africa Holdings (Pty), Ltd. ("PAH"); Pure Africa Minerals, LLC; PAM Export (Pty) Ltd.; Pure Africa Agriculture (Pty) Ltd.; Pure Africa Development (Pty) Ltd.; Pure Africa Properties (Pty) Ltd.; IDEX Mines and Minerals LLC; IDEX Mining Managers, LLC; Pure Africa International, LLC; Pure Africa Investments, LLC; Thunder Energy, LLC; Semjee Consulting LLC; Brandon Investments, LLC; Lion's Walk, LLC; Morning Glow Properties (Pty) Ltd.; Robato Investments (Pty) Ltd., REDLEX 420 (Pty) Ltd.; African Sprit 155 (Pty) Ltd.; Vaticano Traders (Pty) Ltd., Vaticano, LLC; Deva Investments (Pty) Ltd., Juno Investments (Pty) Ltd., Block III Mines & Minerals, LLC; Golden Ribbon Trading 307 (Pty) Ltd.; RZT Zelpy 5031 (Pty) Ltd.; Bret Investments (Pty) Ltd.; Rapicorp 35 (Pty) Ltd.; Bret Investors Skeleton Coast LLC; Bret Investors Skeleton Coast III, LLC; Tropical Paradise Trading 508 (Pty) Ltd; King of Storms Investment (Pty) Ltd.; Dream Weaver Trading 61 (Pty) Ltd.; ATM II LLC; and including Brian Dinning, Thomas Lewis, Michael van der Merve, and Sybrand Hanekom. This definition has been provided by the Receiver, and its inclusion in this Order is not intended to imply that Mr. Costa has any information about any of the listed entities and individuals in particular.

3. "Document" means any written or graphic matter or other means of preserving thought or expression of every type and description, including, without limitation, calendar entries, notes, tapes, tape recordings, video tapes, information stored in computer or other data storage or processing equipment (including tapes, floppy disks and hard disks), voicemail and email messages (however recorded, stored or maintained), or electronic instant messages.

4. As defined in Paragraph 3 above, the term "document" includes electronic communications, such as e-mails and instant messages. The term includes existing hard copies of such electronic communications but also copies of any communications currently existing only in an electronic format wherever located, including, but not limited to, free standing or network computers, laptops, servers, floppy disks, CD-ROMs, DVDs, and/or personal digital assistants ("PDAs").

5. "Custody or control" encompasses all responsive documents and information in the possession, custody, or control of Mr. Costa or his attorneys, agents, or representatives.

6. If any document is withheld on the basis of privilege or a similar claim, a detailed list is to be furnished to the Receiver by counsel for Mr. Costa on or before September 7, 2009 identifying each document withheld, consistent with the Local Rules.

7. On any two days prior to October 3, 2009, the dates to be mutually agreed upon by the parties, Mr. Costa will provide oral deposition testimony under oath at the law offices of Dewey & LeBoeuf LLP located at 260 Franklin Street, Boston, MA 02110,[1] in accordance with the following terms:

   a. Unless the parties agree otherwise, the Receiver may depose Mr. Costa for up to seven hours on each day, during business hours, not counting time for breaks.

   b. Where a claim of privilege is asserted during Mr. Costa's deposition, and information is not provided on the basis of such assertion, the information

---

[1] Costa and the Receiver disagree as to the location of the deposition, and the Court resolves this dispute in favor of Costa. He is not a party to this case, the Receiver initially agreed to interview Costa in Boston, and the Receiver's attorneys have an office in Boston. It would therefore be a minimal burden to the Receiver to conduct the deposition in Boston.

3

required by paragraph 6 above shall be furnished (1) at the deposition, to the extent it is readily available from Mr. Costa or otherwise; and (2) to the extent the information is not readily available at the deposition, in writing to the Receiver's counsel within ten business days after the deposition session at which the privilege is asserted.

Dated: 8/20/09
New York, New York

**SO ORDERED:**

Hon. Denny Chin
United States District Judge

4