# Dewey & LeBoeuf

Dewey & LeBoeuf LLP
1101 New York Avenue, NW
Washington, D.C. 20005-4213
tel 202-346-8076
fax 202-346-8102

mradke@dl.com

October 16, 2009

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/09**

<u>VIA FACSIMILE</u>

The Honorable Denny Chin
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1020
New York, NY 10007
(212) 805-7906 (fax)

  Re: *Securities and Exchange Commission v. Byers, et al.,*
     Civil Action No. 08-Civ-7104 (DC)

Dear Judge Chin:

  As you know, we serve as counsel to Timothy J. Coleman, Receiver in the above-captioned case. We write to report the amicable resolution of two outstanding receivership claims that were left unresolved at the conclusion of the claims hearing on September 24, 2009, one concerning Mr. Lawrence Costa and one held by Universal Restoration Services, Inc. ("Universal").

  With respect to Mr. Costa, on August 20, 2009, the Court entered an Order that provided for the production of additional documents by Mr. Costa on or before September 7, 2009 and the taking of deposition testimony from Mr. Costa on or before October 3, 2009. (*See* Dkt. No. 443.) This additional discovery has now concluded.

  The Receiver, now having had the opportunity to review all of the additional documents produced and testimony provided by Mr. Costa, will not recommend that Mr. Costa be disqualified from receiving a *pro rata* distribution of estate assets. Although the Receiver believes that Mr. Costa's post-receivership decisions with respect to the management and operation of the Wextrust African entities and assets required further review, having made that review, the Receiver does not believe that Mr. Costa's actions rise to the level of disqualifiable conduct. Therefore, the Receiver recommends that Mr. Costa be entitled to a ratable share of his full net investor claim using the "net investor method" adopted by this Court in its plan of

NEW YORK | LONDON MULTINATIONAL PARTNERSHIP | WASHINGTON, DC
ALBANY | ALMATY | BEIJING | BOSTON | BRUSSELS | CHICAGO | DOHA | DUBAI
FRANKFURT | HONG KONG | HOUSTON | JOHANNESBURG (PTY) LTD. | LOS ANGELES | MILAN | MOSCOW
PARIS MULTINATIONAL PARTNERSHIP | RIYADH AFFILIATED OFFICE | ROME | SAN FRANCISCO | SILICON VALLEY | WARSAW

DC2257129.4

October 16, 2009
Page 2

distribution opinion dated July 23, 2009.[1] (*See* Dkt. No. 428 at 33-36.)

Universal performed emergency water mitigation, mold remediation, and construction repairs related to a water intrusion event on a hotel property formerly owned and operated by Wextrust. A portion of this work continued after the commencement of the receivership on August 11, 2008. At the Court's direction, the Receiver and his advisors conducted additional research relating to Universal's claim following the claims hearing on September 24, 2009. After undertaking this additional review, it appears that Wextrust received insurance proceeds in connection with the work performed by Universal in an amount sufficient to cover Universal's total outstanding claim of $106,507.41. In light of the receipt of these proceeds, Universal's position is different from that of an ordinary unsecured creditor, and the Receiver recommends that Universal's claim be paid now, in full, and not on a *pro rata* basis.

For the foregoing reasons, the Receiver respectfully requests that Your Honor so order this letter or enter this requested relief in the forthcoming Order resolving the remaining active claims disputes.

Respectfully,

*Mark S. Radke/by JKW*
*with permission*

Mark S. Radke
Dewey & LeBoeuf LLP

*Counsel to the Receiver*

**CC (Via Electronic Mail):**
Beth L. Kaufman, Esq. (bkaufman@schoeman.com)
David B. Gordon, Esq. (dgordon@schoeman.com)
SCHOEMAN, UPDIKE & KAUFMAN, LLP
*Counsel for non-party Lawrence Costa*

Jonathan P. Friedland, Esq. (jfriedland@lplegal.com)
LEVENFELD PEARLSTEIN, LLC
*Counsel for non-party Universal Restoration Services, Inc.*

SO ORDERED.

USDJ
10/22/09

---

[1] As set forth in the Receiver's letter to Mr. Costa dated May 21, 2009, the net investor claim for Mr. Costa is in the amount of $6,922,667.11. Mr. Costa also made an additional $1.8 million investment in Basfour 3650 (Pty) Ltd., which was listed on Exhibit A to the Receiver Order as a Wextrust Affiliate. Mr. Costa suffered a full loss of that investment, but Mr. Costa has agreed that this investment will not be counted in determining his *pro rata* recovery.