UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    - against -

STEVEN BYERS et al.,

        Defendants,

    - and -

ELKA SHERESHEVSKY,

        Relief Defendant.
- - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

08 Civ. 7104 (DC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/09

**APPEARANCES:**    THOMAS, ALEXANDER & FORRESTER LLP
                    By: Emily Alexander, Esq.
              14 27th Avenue
              Venice, California 90291
              Attorneys for Nonparty Martin Malek

              DEWEY & LEBOEUF LLP
                    By: Mark S. Radke, Esq.
                        John K. Warren, Esq.
              1101 New York Avenue, NW
              Washington, D.C. 20005
              Attorneys for the Receiver

**CHIN, District Judge**

        In an opinion dated July 23, 2009, I approved the distribution plan proposed by the Receiver (the "Distribution Plan"). See SEC v. Byers, No. 08 Civ. 7104 (DC), 637 F. Supp. 2d 166 (S.D.N.Y. 2009). Now, an investor in one of the Wextrust funds, nonparty Martin Malek, moves to stay the distribution of the receivership assets under the Distribution Plan pending his appeal to the Second Circuit. For the reasons set forth below, Malek's motion is denied.

"The four factors to be considered in issuing a stay pending appeal are well known: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" In re World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). In the instant case, a balance of the four factors weighs against issuing a stay.

First, Malek has not made a strong showing that he is likely to succeed on the merits on appeal. The Court's decision adopting a distribution plan for the receivership estate is reviewed for "abuse of discretion." See SEC v. Fischbach Corp., 133 F.3d 170, 175 (2d Cir. 1997) ("[I]t remains within the court's discretion to determine how and to whom money will be distributed, and the district court's distribution plan will not be disturbed on appeal unless that discretion has been abused."). Malek's arguments on the merits of his appeal are restatements of the arguments that he made to the Court when he opposed the adoption of the Distribution Plan. I considered these arguments prior to approving the Distribution Plan, and I have considered them again here. I am not persuaded that my factual determinations were erroneous, nor am I persuaded that I committed legal error or that I abused my discretion. Malek will

face a high burden in attempting to establish that the Court's decision was "not within the range of permissible decisions," and he has not made a strong showing that he will prevail on appeal. Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001).

Second, the balance of equities weighs against issuing a stay. First, Malek will not necessarily be irreparably injured if a stay is not issued. Though the amount of Malek's net investor claim is disputed, at most, it is $256,000. The Receiver plans to make a series of restitution payments to Wextrust victims, as cash becomes available for distribution. Under the Distribution Plan, as approved, Malek will receive something. If Malek were to prevail on appeal, it is true that he would be entitled to a higher amount, and that if the currently-available receivership assets are distributed now, there is a chance there would be insufficient receivership assets remaining to pay his claim if a different distribution plan were to be ordered. On the other hand, the thousands of other victims of the Wextrust fraud have already been waiting too long for some kind of recovery, and it is important that they receive some distribution. Moreover, the Receiver does plan to make subsequent distributions as cash becomes available, so Malek has a possibility of a further recovery if his appeal is successful. Finally, the public interest also weighs against entering a stay. The Securities and Exchange Commission initiated this action to serve the public's interest in a well-regulated securities market and in protecting individual investors. Malek's argument

regarding the public's interest in preserving Malek's "right to appellate review" is inapposite given that Malek will have the appellate review he seeks.

A review of the docket indicates that Malek is one of only two parties currently appealing the Court's Distribution Plan. It would be inequitable to delay recovery for thousands of investors for the benefit of one investor -- especially when Malek's likelihood of success on appeal is low. The motion for a stay pending appeal is denied.

SO ORDERED.

Dated: New York, New York
December 3, 2009

/s/ Denny Chin
DENNY CHIN
United States District Judge