UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

       v.

STEVEN BYERS, et al.,

       Defendants.

08-CV-07104 (DC)

## MARTIN MALEK'S OBJECTION TO DEWEY AND LEBOEUF'S FIRST OMNIBUS APPLICATION OF VARIOUS PROFESSIONALS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED THROUGH JULY 31, 2009 AND REQUEST FOR ONGOING PAYMENT OF CERTAIN PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS

Martin Malek, an investor in the Commodity Pools managed by WexTrade Commodity Managers, LLC, an entity currently subject to the receivership in this action, hereby objects to the payments requested in the "First Omnibus Application of Various Professionals for Allowance of Compensation and Reimbursement of Expenses Incurred Through July 31, 2009 and Request for Ongoing Payment of Certain Professionals in the Ordinary Course of Business" (the "First Omnibus Application") filed by Dewey & LeBoeuf LLP ("Dewey").

The United States Court of Appeals for the Second Circuit ("Second Circuit") entered an interim stay of distributions from the receivership assets in this case.[1] (Exh. A). Although Dewey is well aware of the stay, it actively seeks to distribute receivership assets to a number of different professionals through its First Omnibus Application. (D.E. 603). Dewey should not be allowed to flaunt the stay entered by the Second Circuit, and its First Omnibus Application must be denied.

**ARGUMENT**

Martin Malek sought an Order from the Second Circuit staying the distribution of the receivership assets during his appeal. (Exh. B (Motion to Stay Distribution of Receivership Assets)). In response, the Second Circuit stayed the distribution of receivership assets in this case pending its consideration of Malek's motion for stay of distribution pending appeal. (Exh. A). Specifically, the Second Circuit stated that: "It is hereby ordered that the Appellant's motion for stay of distribution pending appeal is referred to a 3-judge motions panel. An interim stay is granted until the motion is determined by the motions panel." *Id.* Since distributions from the receivership assets have been stayed, the First Omnibus Application – which asks this Court to distribute receivership assets – must be denied.

**A.    Dewey Ignores the Stay Entered by the Second Circuit**

In defiance of the stay entered by the Second Circuit, Dewey now seeks over $110,000 in distributions from the receivership assets for Bradley Arant Boult Cummings LLP, K&L Gates LLP, Kraft CPAs PLLC, Locke Lord Bissell & Liddell LLP and Samuels & Bernstein. (D.E.

---

[1] The Second Circuit put the Motion for Stay Pending Appeal on its substantive motions calendar for Tuesday, February 2, 2010.

603 at 2). Dewey is fully aware that the Second Circuit has entered a stay of distributions from the receivership assets in this matter. In its First Omnibus Application, Dewey acknowledges the stay ordered by the Second Circuit, but relegates it to a footnote where Dewey admits that "no distribution payments may be made until the Second Circuit rules on Mr. Malek's motion for a stay of the distribution." (D.E. 603 at 10 n.5). Nevertheless, Dewey now knowingly and improperly seeks payment for a number of professionals from the receivership assets in this case. (D.E. 603).

**B.    The Fees in the First Omnibus Application Cannot Be Paid Because Such Distributions Are Stayed by the Second Circuit's Order**

In the motion for a stay, Malek specifically requested "an Order staying any distribution pursuant to the December 21, 2009 Order, and including all future distributions as contemplated in the [July 23, 2009] Distribution Order, pending resolution of his appeal to [the Second Circuit] of the Distribution Order." (Exh. B at 2). The Second Circuit granted this request. (Exh. A). Malek's request – and the Second Circuit's stay – clearly encompasses fees such as those requested in the First Omnibus Application.

The Distribution Order – referenced in Malek's request for a stay – "contemplates" the distribution of fees to various professionals used by the Receiver. (D.E. 428 at 12). The Distribution Order specifically addresses payment of "administrative claims of the estate (including fees for the Receiver, his attorneys and advisers)." *Id.* Since Malek sought – and was granted – a stay of all distributions "as contemplated in the Distribution Order" and the fees contained in the First Omnibus Application are administrative fees contemplated in that Order, the stay prohibits the distributions at issue here. (Exh. A).

3

This makes sense. Malek sought a stay in order to prevent the dissipation of the receivership assets during his appeal, which argues that the commodity pool investors' assets never should have been included in the assets of the receivership. (Exh. B). Any distribution of receivership assets violates the spirit – and the letter – of the stay. *See In re Chateaugay Corp.*, 10 F.3d 944, __ (2d Cir. 1993) (noting that an interim stay "preserved the status quo" until a motions panel could conduct a hearing).

## **CONCLUSION**

WHEREFORE, for the reasons given above, Martin Malek respectfully requests an Order denying the First Omnibus Application while the distribution of receivership assets is stayed pursuant to the Second Circuit's Order.

Dated: January      , 2010                                  Respectfully submitted,

_____
Emily Alexander
THOMAS, ALEXANDER & FORRESTER LLP
14 27th Avenue
Venice, California 90291
Tel:  (310) 961-2536
Fax: (310) 526-6852
emilyalexander@tafattorneys.com

Attorney for Martin Malek

4