# Exhibit B

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Timothy J. Coleman, Receiver for the Wextrust Entities and Affiliates,<br><br>        Plaintiff–Appellee,<br><br>v.<br><br>MARTIN MALEK,<br><br>        Appellant. | Case No.: 09-3583 |



## APPELLANT'S BRIEF IN SUPPORT OF MOTION
## TO STAY DISTRIBUTION OF RECEIVERSHIP ASSETS

Appellant moves the Court to stay the distribution by Plaintiff-Appellee,

Timothy J. Coleman ("Receiver"), of certain receivership assets pursuant to a

December 21, 2009 Order Approving First Interim Distribution ("December 21,

2009 Order"), attached hereto as Exhibit A. The motion is made pending

resolution of Appellant's appeal to this Court of the Order approving the

Receiver's plan of distribution issued by the United States District Court for the

Southern District of New York and dated July 23, 2009 (the "Distribution Order"),

*SEC v. Byers*, 637 F. Supp. 2d 166, 175, 180 (S.D.N.Y. 2009). Appellant moved

to stay the Distribution Order with the District Court on November 4, 2009, which

motion was denied. *Byers*, 2009 WL 4582454 (S.D.N.Y. Dec. 3, 2009).

## RELIEF REQUESTED

Appellant moves for entry of an Order staying any distribution pursuant to the December 21, 2009 Order, and including all future distributions as contemplated in the Distribution Order, pending resolution of his appeal to this Court of the Distribution Order.

## INTRODUCTION

Appellant and other similarly-situated commodity pool investors (collectively, "Commodity Pool Investors"), are not victims of fraud. The $17.7 million invested by the Commodity Pool Investors was available to pay them 100 cents on the dollar. Instead, the Commodity Pool Investors are victims of the Receiver who, upon discovering that there was no money available to pay professional fees in the "Wextrust Entities" that *were* the victims of fraud, seized the Commodity Pool Investors' funds, claiming a "commingling" with fraudulent funds.

Now, the Commodity Pool Investors will receive only pennies on the dollar, while the bulk of the $17.7 million they invested is used to pay professional fees of the Receiver. Thus, although the Commodity Pool Investors' assets were unaffected by any fraud occurring at Wextrust, the Distribution Order permits the

redistribution of the Commodity Pool Investors' money to all Wextrust investors – and the subsidizing of substantial fees of the Receiver and counsel.

This Motion seeks a stay of distribution to preserve what is left of millions seized from the Commodity Pool Investors. Absent this relief, Appellants and the Commodity Pool Investors will never recover the $17.7 million they collectively invested in the Commodity Pools, even if they prevail on appeal. This danger is real, immediate, and irreparable. Moreover, Malek is likely to prevail on his appeal of the Distribution Order that even the District Court acknowledged was a "close call." *SEC v. Byers*, 637 F. Supp. 2d 166, 175, 180 (S.D.N.Y. 2009). When appeals are based on close questions of law and fact, the standard is met for substantial possibility of success and a stay should issue. *In re Suprema Specialties, Inc.*, 330 B.R. at 95-96.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint against Steven Byers, Joseph Shereshevsky and five Wextrust entities controlled by them ("Wextrust Entities"). The same day Timothy J. Coleman ("Receiver") was appointed the receiver over the Wextrust Entities and he assumed control thereof. *Byers*, 637 F. Supp. 2d at 168. In addition to including the Wextrust Entities' assets in the assets of the receivership, the

Receiver also included the assets in the Commodity Pool funds – which were managed by WexTrade Commodity Managers, LLC ("WCM"). The vast majority of cash in the receivership came from the Receiver's liquidation of the Commodity Pools. *Byers*, 637 F. Supp. 2d at 169, 170.

Malek and the Commodity Pool Investors were participants in the WexTrade Commodity Pools.[1] The Commodity Pools in which they invested were managed by WCM, a commodity pool operator. *Byers*, 637 F. Supp. 2d at 170. Significantly, WCM did not own the Commodity Pools, it merely had the ability to make investment decisions for the Commodity Pools. The Commodity Pool Investors' assets in the Commodity Pools were not assets of any of the Wextrust entities. Thus, while the Receiver had control over the assets of WCM, he had no rights to control the assets managed by WCM. Because WCM had no right to the $17.7 million invested by the Commodity Pool Investors, the Receiver also had no rights over the $17.7 million and, as such, those funds should never have been within the domain of the receivership.

---

[1] The Commodity Pools include WexTrade Diversified Futures Fund I, LLC, WexTrade Diversified Offshore Futures Fund I, Ltd., WexTrade Principal Protected Fund I, LLC, and WexTrade Principal Offshore Fund I, Ltd..

Millions of dollars in professional fees later, the Receiver moved for approval of a plan of distribution ("Plan"), which the District Court approved via the "Distribution Order" on July 23, 2009. *Byers*, 637 F. Supp. 2d 166. The Plan is flawed and should not have been confirmed by the District Court on several legal grounds, including that it is actually a plan of liquidation, exceeding the intended authority of the Receiver, and that it wrongfully contemplates a pro rata distribution of assets among investors who are not "similarly situated" – real estate speculators whose investments tanked and Commodity Pool investors whose funds did not – and whose assets were not commingled with those of actually defrauded investors.

More fundamentally, however, the Plan contemplates the distribution of assets that **do not belong to the receivership estate**, assets preliminarily frozen by the District Court and then, with no analysis or objective consideration, inexplicably included in a liquidation plan for the benefit of unrelated investors and for the Receiver himself. No plan can properly achieve this end. For these reasons, Appellant appealed the Distribution Order approving the Receiver's Plan and sought release of the Commodity Pool assets. This appeal is currently pending.

In the interim, Appellant filed a motion to stay the Distribution Order with the District Court on November 4, 2009, which motion was denied. *Byers*, 2009 WL 4582454 (S.D.N.Y. Dec. 3, 2009). The Receiver then filed, on December 18, 2009, a motion seeking approval of a "First Interim Distribution," which motion was granted on December 21, 2009. *See* Exhibit A.

On December 23, 2009, the Receiver announced by letter his intention to initiate distribution pursuant to the December 21, 2009 Order. *See* Exhibit B. According to this letter, the First Interim Distribution is scheduled for December 31, 2009. In addition to the distributions contemplated by the December 21, 2009 Order, which amount to $5 million, the Receiver alluded to his recommendation of "future distributions [to] be paid on a periodic basis." By this motion, Appellant seeks relief as to both the First Interim Distribution and any future distributions pending resolution of the appeal of the Distribution Order.

## **ARGUMENT**

This Court considers four factors when determining whether an action should be stayed: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be

affected." *Hirschfeld v. Board of Elections in City of New York*, 984 F.2d 35, 39

(2d Cir. 1993). Although each is weighed and no one factor is determinative, *id.* at

39, here *every* factor – and, in particular, the irreparable injury looming – favors

grant of a stay.

## I. MALEK AND THE COMMODITY POOL INVESTORS WILL SUFFER IRREPARABLE INJURY ABSENT A STAY

A monetary loss constitutes irreparable injury where the obligations are

owed by an insolvent. *Brenntag Int'l Chemicals, Inc. v. Bank of India*, 175 F.3d

245, 249-50 (2d Cir. 1999); *In re Netia Holdings S.A.*, 278 B.R. 344, 352

(S.D.N.Y. 2002) ("[T]he dissipation of finite resources of an insolvent estate

constitutes irreparable injury."); *Sea Carriers Corp. v. Empire Programs, Inc.*, No.

04 Civ 7395, 2006 WL 3354139, at *4 (S.D.N.Y. Nov. 20, 2006) (finding

irreparable harm where the party is "insolvent or imminently insolvent").

Here, the Distribution Order is a liquidation of the receivership estate, which

is not merely insolvent, but is hundreds of millions of dollars in debt. If the

Commodity Pool funds – which are the vast majority of the assets in the

receivership – were returned to the Commodity Pool Investors exclusively, their

recovery would be at or near 100%. In contrast, a distribution pursuant to the

Distribution Order and the December 21, 2009 Order – spreading limited cash over

hundreds of millions of dollars worth of creditors – means the Commodity Pool

7

Investors will no longer be able to recover their investments. *Byers*, 637 F. Supp. 2d at 168-71. The Commodity Pool Investors' pro rata portion of the receivership assets will amount to as little as 5 cents on the dollar of their investments. *Id.* at 169, 171. Each distribution irretrievably reduces that recovery.

As in *In re Adelphia Comm'ns Corp.*, 361 B.R. 337 (S.D.N.Y. 2007), "[o]nce the distributions are made pursuant to the Order, it will become impracticable to ever fashion effective relief" for the Commodity Pool Investors because the estate will have less money and, through successive distributions, eventually *no* money left. *Id.* at 351. Since the Distribution Order "truly cannot be unraveled" once it is set in motion, the Commodity Pool Investor's appeal would be moot, and – should they win on appeal – they would have no ability to recover their investments in the Commodity Pools because the receivership would already have distributed all of its assets. *Id.* This constitutes irreparable harm. *Id.*; *Brenntag*, 175 F.3d at 249-50; *Sea Carriers*, 2006 WL 3354139, at *4 (irreparable harm where "there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied."); *In re St. Johnsbury Trucking Co.*, 185 B.R. 687, 690 (S.D.N.Y. 1995).

The District Court's finding that Malek will not be irreparably injured absent a stay is based on reasoning that the District Court itself has questioned. The

District Court argued that although Malek currently stands to recoup only a tiny fraction of his losses under the pro rata plan, the Receiver intends to make additional, future distributions "as cash becomes available." *Byers*, 2009 WL 4582454 at*1 (S.D.N.Y. Dec. 3, 2009). But despite months of searching for additional assets, burning through what actual assets remain in fees, the Receiver has recovered nowhere near an amount sufficient to make up for his current planned distribution. Therefore, basing the conclusion that Malek will not be irreparably injured on the prospect of future recoveries is legally unsound.

## II.   NO ONE IS INJURED, SUBSTANTIALLY OR OTHERWISE, IF A STAY IS GRANTED

No one, including the other investors and creditors of the Wextrust Entities, will suffer substantial injury if the stay is granted.

Although distribution to the other investors and creditors under the Distribution Order and the December 21, 2009 Order may be delayed if a stay is granted, a delay in distribution to the investors and creditors of the Wextrust Entities does not constitute "substantial injury." *In re Klein Sleep Products, Inc.*, No. 93 Civ 7599, 1994 WL 652459, at *2 (S.D.N.Y. Nov. 18, 1994) (finding any prejudice to the other creditors from a delay in the distribution of their claims is not sufficient to deny a stay).

Here, all investors in this case have been waiting to collect some recompense for their losses since the receivership began on August 11, 2008. Since investors have been waiting to collect on their investments for over a year and their ability to collect throughout this period has been highly speculative, they do not suffer a "substantial injury" if they have to wait until Malek and the Commodity Pool Investors' appeal is complete. *See St. Johnsbury Trucking*, 185 B.R. at 690 (finding no irreparable harm to creditors who had been waiting for over two years where timing of distribution had always been speculative).

Moreover, because this motion to stay and separate notice of appeal have been filed in a timely manner, any potential delay to the other investors and creditors of the Wextrust Entities is not substantial. *Id.* (finding no irreparable harm where creditors were on notice of further delays and timing of appeal need not be lengthy); *see also Klein Sleep Products*, 1994 WL 652459, at *2. While, as the District Court noted, victims have been waiting "too long for some recovery, and it is important that they receive some distribution," *Byers*, 2009 WL 4582454 at *1, any additional waiting period resulting from a stay during appeal is minimal and would not rise to the level of substantial injury – nor does the District Court claim it does.

## III.  MALEK AND THE COMMODITY POOL INVESTORS HAVE A "SUBSTANTIAL POSSIBILITY" OF APPELLATE SUCCESS

"The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one excuses less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002). *See also Hirschfeld*, 984 F.2d at 39 (requiring "less than a likelihood of success on appeal"). Because the Commodity Pool Investors will suffer irreparable injury if their assets are distributed to the hundreds of millions of dollars of creditors victimized by the Wextrust Entities, they need only demonstrate a "substantial possibility" of success on appeal.

In fact, the Commodity Pool Investors have a *likelihood* of success on appeal on several issues that even the District Court acknowledged were "close calls," and certainly a "substantial possibility" as to at least three issues: (1) whether the District Court had the authority to approve a liquidation plan; (2) whether the Commodity Pool Investors are "similarly situated" with defrauded investors in the Wextrust Entities; and (3) whether funds among victims and the Commodity Pools were "commingled."

## A.    There Is a "Substantial Possibility" That The District Court Had No Authority to Approve a Distribution Order that Liquidated the Receivership Estate.

The District Court conceded that the Distribution Order "is effectively a liquidation." *Byers*, 637 F. Supp. 2d at 171, n.5.  However, this Court has held as recently as 2008 that it is improper to allow a receiver to liquidate an estate – liquidations are for bankruptcy courts.  *Eberhard v. Marcu*, 530 F.3d 122, 132 (2d Cir. 2008) ("receivership should not be used as an alternative to bankruptcy"); *SEC v. American Board of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir. 1987) ("equity receiverships should not be used to effect the liquidation of defendants in actions brought under the securities laws"); *Lankenau v. Coggeshall & Hicks*, 350 F.2d 61, 63 (2d Cir. 1965) ("receiverships ancillary to SEC actions . . . should not be continued, in a case involving insolvency, beyond the point necessary to get the estate into the proper forum for liquidation – the bankruptcy court.").

Moreover, this Court has further specified that it is likewise improper for the SEC to even pursue liquidations:

> We now state, however, that in actions of the present kind brought in the future by the SEC, we expect counsel for the agency, as an officer of the court and as part of his or her individual professional responsibility, to bring our views, as stated in this and other decisions, to the attention of the District

Court before the court embarks on a liquidation through an equity receivership.

*American Board of Trade*, 830 F.2d at 438.

The District Court's reliance on *SEC v. Credit Bancorp, Ltd.*, Case No. 99 CIV 11395, 2000 WL 1752979, at *27 (S.D.N.Y. Nov. 29, 2000) in knowingly permitting a liquidation is misplaced. *Credit Bancorp* involved only a partial distribution where none of the Credit Bancorp victims wished to initiate bankruptcy proceedings, unlike here. *Credit Bancorp*, 2000 WL 1752979 at *27-28. Moreover, the *Eberhard* case – which reiterated that receiverships did not have the power to liquidate estates – was decided after *Credit Bancorp*. *Eberhard*, 530 F.3d at 132; *Byers*, 637 F. Supp. 2d at 176 n.11.

In addition to raising the substantial possibility of reversal, the Second Circuit's guidance on whether district courts have the right to liquidate receivership estates is at most contradictory. *See Byers*, 637 F. Supp. 2d at 175 n.10 ("To be clear, the Second Circuit never directly addressed whether the plan Judge Sweet addressed ran afoul of dicta cautioning District Courts not to use receivership proceedings to liquidate assets."). Where there are conflicting decisions on a legal issue, then a substantial possibility of success on appeal exists as a matter of law. *Suprema Specialties*, 330 B.R. at 95-96; *Klein Sleep Products*,

1994 WL 652459, at *1 ("This is a quintessential circumstance presenting both substantial questions going to the merits and a substantial possibility of success on appeal"). *See also Larouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994) ("[T]he movant need not always show a 'probability of success' on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."); *Klein Sleep Products*, 1994 WL 652459, at *1.

### B. There Is a "Substantial Possibility" That The District Court Incorrectly Found the Commodity Pool Investors "Similarly Situated" With the Real Estate Investors.

The District Court acknowledged that it was a "much closer call" when it found that the Commodity Pool Investors were "similarly situated" with the other investors, justifying a pro rata distribution of funds. *Byers*, 637 F. Supp. 2d at 180 ("It is a much closer call as to the Commodity Funds investors."). Where a question addressed by the court is a "close call," a substantial possibility of appellate success exists as a matter of law. *Suprema Specialties*, 330 B.R. at 95-96 ("That question is sufficiently close for the Court to find that Movants have a substantial possibility of success on appeal.").

Regardless, in fact, the Commodity Pool Investors were not "similarly situated" to the other investors for several reasons. *First*, unlike the other

14

investors, the assets of Malek and the Commodity Pool Investors were not invested in any Wextrust Entity. Rather, they pooled their money into commodity pools that were managed by WCM and retained direct ownership over their investments. By contrast, other investors became shareholders in the Wextrust entity that owned the real property. Thus, the Commodity Pools and the Real Estate Funds were completely different investments – different risk, different assets, different management.

*Second*, and relatedly, the Commodity Pool assets should not have been part of the receivership. The Commodity Pools were wholly separate from the Wextrust Entities. By law, a commodity pool operator like WCM "must operate its pool as an entity cognizable as a legal entity separate from that of the pool operator" and may not "commingle the property of any pool that it operates or that it intends to operate with the property of any other person." 17 C.F.R. § 4.20(a)(1), (c).

*Third*, the Receiver had no authority over those assets. "[T]he power of a securities receiver is not without limits." *Eberhard*, 530 F.3d at 132. Notably, the authority of a receiver is defined by the entity or entities in the receivership. *Id.* By standing in the shoes of WCM, the Receiver may do only what WCM could do. Since WCM could assert no claim to the Commodity Pool assets, the Receiver

should not be permitted to do so. *Boston Trading Group, Inc. v. Burnazos*, 835 F.2d 1504, 1514 (1st Cir. 1988) (finding claims improper where "the Receiver is suing not on behalf of [the commodity pool operator] itself, but solely on behalf of the investors in . . . commodity pools, and the Receiver lacks the legal authority to bring this kind of suit."); *Dirks v. Clayton Brokerage Co. of St. Louis Inc.*, 105 F.R.D. 125, 135 (D. Minn. 1985) ("the pools were not assets of the corporations, but *were property of individual investors.*").

For each of these reasons, in addition to its open acknowledgement of at least a "close call," there is a "substantial possibility" that the District Court incorrectly determined that Malek and the Commodity Pool investors were "similarly situated."

### C. There Is a "Substantial Possibility" That The District Court Incorrectly Determined That Commodity Pool Assets Were Commingled and Part of the Fraud.

To justify including the $17.7 million invested by the Commodity Pool Investors – funds invested in entities over which the Receiver had no authority – the Receiver argued that the $17.7 million had been sufficiently "commingled" with the fraudulent funds to justify their inclusion in the Receivership estate.

Malek also appeals this finding with a "substantial possibility" of success since (1) there is no clear standard on what level of commingling warrants pro rata

distribution of assets and (2) the funds were not sufficiently commingled to justify a pro rata distribution. While the District Court found that there was "some evidence that commingling occurred," it acknowledged that there is no clear standard on what level of commingling warrants pro rata distribution of assets. *Byers*, 637 F. Supp. 2d at 178 ("the law **does not appear** to require more than that") (emphasis added). The Second Circuit has not spoken on the issue, and this Court relies on case law from other jurisdictions, all of which are factually dissimilar. *Id.* at 177-79. Since this is a close question of law on which the Second Circuit has yet to opine, Malek and the Commodity Pool Investors have a "substantial possibility of appellate success." *See Klein Sleep Products*, 1994 WL 652459, at *1 (finding a "substantial possibility" of appellate success where "the issue on appeal is a question never before ruled upon by the Second Circuit").

## IV.    A STAY SERVES THE PUBLIC INTEREST

Finally, the public interest favors granting a stay for Malek and the Commodity Pool Investors to protect the distribution of their investments in the Commodity Pools.

*First*, there is a public interest in the Commodity Pool Investors' right to appellate review, and "distribution of the challenged settlement award before its validity has been tested would deprive those parties of that right." *Adelphia*, 361

17

B.R. at 350-51 (*quoting In re "Agent Orange" Products Liability Litig.*, 804 F.2d 19, 20 (2d Cir. 1986)) (granting motion to stay bankruptcy liquidation plan based in part on public interest in ensuring right to appeal).

In addition, there is a public interest in protecting investors in commodities like Malek and the Commodity Pool Investors. 7 U.S.C. § 5 (Section 3 of the Commodity Exchange Act describes how transactions in commodities are "affected with a national public interest"). Since the public interest weighs in favor of a stay, a stay should be granted.

The District Court found that the public interest favored denying the stay, comparing the SEC's initiation of this action as serving the public interest while Malek's argument that the right to have his appeal heard "is inapposite given that Malek will have the review he seeks." *Byers*, 2009 WL 4582454 at *1 (S.D.N.Y. Dec. 3, 2009). Malek respectfully asserts that any appellate review would be pointless if there is no meaningful relief.

## **CONCLUSION**

For all the foregoing reasons, Malek's Motion should be granted.

Dated: December 31, 2009

Emily Alexander, Esq.
Thomas, Alexander & Forrester LLP
14 27th Avenue
Venice, California 90291
Telephone: (310) 961-2536
Facsimile: (310) 526-6852

Attorneys for Martin Malek

## CERTIFICATE OF SERVICE

I, Roberta Striplin, am over the age of 18 years of age and have an address of 14 27th Avenue, Venice, California 90293. On December 31, 2009 I served the within Appellant's Brief in Support of Motion to Stay Distribution to Receivership Assets:

> David Lisitza, Esq.
> U.S. Securities & Exchange Commission
> 100 F. Street NE
> Washington, D.C. 20549

> John K. Warren, Esq.
> Dewey & LeBoeuf LLP
> 1101 New York Avenue, N.W.
> Washington, D.C. 20005-4213

by Email and by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within California State.

_____
Roberta Striplin

# Exhibit A



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>STEVEN BYERS, JOSEPH SHERESHEVSKY, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST DEVELOPMENT GROUP, LLC, WEXTRUST SECURITIES, LLC, and AXELA HOSPITALITY, LLC,<br><br>Defendants,<br><br>- and -<br><br>ELKA SHERESHEVSKY,<br><br>Relief Defendant. | No. 08 Civ. 7104 (DC)<br><br>ECF Case |

### ~~[PROPOSED]~~ ORDER APPROVING FIRST INTERIM DISTRIBUTION

On the motion of Timothy J. Coleman, Receiver herein (the "Receiver"), for an order granting the Receiver the authority to proceed with a first interim distribution in this case, and finding that adequate notice as set forth in the Notice of Motion has been given and that no further notice is necessary, and after due deliberation, and good and sufficient cause,

**WHEREFORE,** the Securities and Exchange Commission (the "SEC") initiated this action on August 11, 2008 against Steven Byers; Joseph Shereshevsky; Wextrust Capital, LLC; Wextrust Equity Partners, LLC; Wextrust Development Group, LLC; Wextrust Securities, LLC; and Axela Hospitality, LLC (collectively, the "Defendants"); and

**WHEREFORE,** the Receiver filed a proposed plan to distribute the assets of the receivership estate to interested parties on March 27, 2009 ("Receiver's Plan") (Dkt. No. 243),

which set forth proposed principles and procedures to govern a distribution of assets in this case, after which time a series of objections and responses to the Receiver's Plan were entertained;

**WHEREFORE,** the SEC filed a statement in support of the Receiver's Plan on May 11, 2009, and the Court held a hearing on May 21, 2009 to entertain arguments and objections from all interested parties regarding the Receiver's Plan;

**WHEREFORE,** the Court approved the Receiver's Plan in an opinion dated July 23, 2009 ("Distribution Plan") (Dkt. No. 428), and ordered the Receiver to work with investors and creditors to attempt to agree on distributions;

**WHEREFORE,** the Court held a hearing on September 24, 2009 to discuss all outstanding disputes related to the Distribution Plan and ruled on certain disputes and reserved decision on others;

**WHEREFORE,** the Court issued two orders dated December 3, 2009 denying a motion to stay the distribution of receivership assets (Dkt. No. 580) and resolving active disputes related to the Distribution Plan (Dkt. No. 579);

**NOW THEREFORE, IT IS HEREBY FOUND THAT:**

1. This Court has authority pursuant to 15 U.S.C. § 77v(a), 15 U.S.C. § 78aa, and the Court's inherent equitable authority to grant the Receiver the authority to proceed with a first interim distribution of receivership assets in this case.

2. In light of the Court's prior hearings and Orders relating to the Distribution Plan, no further proceedings are necessary in order to grant the Receiver the authority to proceed with a first interim distribution in this case.

**IT IS THEREFORE ORDERED,** that the Receiver's motion for an order granting the Receiver the authority to proceed with a first interim distribution in this case is granted in all respects and objections, if any, are overruled to the extent such objections have not been previously withdrawn, waived, or settled; and it is

**FURTHER ORDERED,** that, notwithstanding any contrary provision in the Amended Order Appointing Temporary Receiver (Dkt. No. 36) ("Receiver Order"), the Receiver is hereby authorized to commence a first interim distribution to the entities and individuals in the specific amounts set forth in Schedule A, which is annexed to this Order; and it is

**FURTHER ORDERED,** that the Court's authorization of the Receiver to commence a first interim distribution does not limit, waive, or resolve any past, present, or future claim, right, or authority that the Receiver, the receivership estate, the SEC, the U.S. Attorney's Office, and/or the Court may possess to assert any legal or equitable claim or cause of action against any recipient of a first interim distribution including, but not limited to, an action seeking disgorgement of any distributions based on presently known or subsequently discovered facts and circumstances; and it is

**FURTHER ORDERED,** that the Receiver is hereby authorized to take any action and execute any documents he may deem appropriate and/or necessary to execute this Order, and is specifically empowered to treat the costs associated with the execution of this Order as an ordinary course business expense in accordance with the Receiver Order's express authorization that the Receiver is empowered to make and authorize "in the ordinary course payments and disbursements from the funds and assets under [the Receiver's] control . . . all as reasonably necessary or advisable under the circumstances." (Receiver Order at 7.)

- 3 -

**SO ORDERED**

Dated: _12 | 21 | 09_
       New York, New York

Hon. Denny Chin
United States District Judge

SCHEDULE A

| Key | INVESTOR CONTACT | ADJUSTED NET CLAIM | FIRST DISTRIBUTION AMOUNT |
|---|---|---|---|
| 1 | | $235,000.00 | $4,867.03 |
| 2 | | $50,135.52 | $1,038.34 |
| 3 | | $254,967.72 | $5,280.58 |
| 4 | | $191,123.17 | $3,958.31 |
| 5 | | $333,452.65 | $6,906.07 |
| 6 | | $240,250.51 | $4,975.78 |
| 9 | | $23,542.00 | $487.57 |
| 11 | | $48,261.47 | $999.53 |
| 12 | | $121,595.22 | $2,518.33 |
| 14 | | $50,000.00 | $1,035.54 |
| 16 | | $41,067.80 | $850.54 |
| 17 | | $400,514.58 | $8,294.97 |
| 18 | | $40,829.12 | $845.60 |
| 20 | | $119,198.71 | $2,468.70 |
| 21 | | $100,473.38 | $2,080.88 |
| 22 | | $50,000.00 | $1,035.54 |
| 24 | | $498,853.28 | $10,331.65 |
| 25 | | $164,296.67 | $3,402.71 |
| 27 | | $19,112.33 | $395.83 |
| 28 | | $211,722.29 | $4,384.93 |
| 29 | | $43,396.83 | $898.78 |
| 30 | | $259,920.89 | $5,383.16 |
| 31 | | $445,150.68 | $9,219.42 |
| 32 | | $85,848.77 | $1,777.99 |
| 33 | | $10,389.99 | $215.18 |
| 35 | | $621,667.29 | $12,875.22 |
| 36 | | $267,942.04 | $5,549.29 |
| 37 | | $87,244.12 | $1,806.89 |
| 39 | | $726,130.42 | $15,038.74 |
| 40 | | $100,000.00 | $2,071.08 |
| 41 | | $76,510.47 | $1,584.59 |
| 43 | | $41,104.79 | $851.31 |
| 44 | | $350,000.00 | $7,248.78 |
| 45 | | $33,000.00 | $683.45 |
| 47 | | $40,620.90 | $841.29 |
| 48 | | $200,000.00 | $4,142.16 |
| 49 | | $85,719.27 | $1,775.31 |
| 50 | | $48,674.64 | $1,008.09 |
| 51 | | $183,123.28 | $3,792.62 |
| 52 | | $52,533.54 | $1,088.01 |
| 53 | | $100,000.00 | $2,071.08 |
| 54 | | $127,705.17 | $2,644.87 |
| 55 | | $200,820.68 | $4,159.15 |
| 56 | | $122,424.66 | $2,535.51 |
| 57 | | $285,002.77 | $5,902.63 |
| 58 | | $29,388.13 | $608.65 |
| 59 | | $97,769.83 | $2,024.89 |
| 60 | | $218,821.93 | $4,531.97 |

- 1 -

SCHEDULE A

| | | |
|---|---|---|
| 63 | $471,979.01 | $9,775.06 |
| 64 | $43,092.27 | $892.47 |
| 66 | $34,805.00 | $720.83 |
| 71A | $18,219.78 | $377.34 |
| 71B | $52,946.78 | $1,096.57 |
| 71C | $1,670.04 | $34.58 |
| 71D | $1,401.54 | $29.02 |
| 82 | $30,983.51 | $641.69 |
| 83 | $104,383.67 | $2,161.86 |
| 84 | $173,749.26 | $3,598.48 |
| 85 | $38,779.13 | $803.14 |
| 86 | $75,534.81 | $1,564.38 |
| 87 | $54,405.90 | $1,126.78 |
| 89 | $16,672.41 | $345.29 |
| 90 | $282,849.50 | $5,858.03 |
| 91 | $70,716.45 | $1,464.59 |
| 93 | $359,035.29 | $7,435.90 |
| 95 | $30,736.94 | $636.58 |
| 96 | $100,000.00 | $2,071.08 |
| 97 | $394,344.35 | $8,167.18 |
| 98 | $179,217.46 | $3,711.73 |
| 99 | $99,715.07 | $2,065.17 |
| 100 | $33,383.51 | $691.39 |
| 101 | $90,668.07 | $1,877.80 |
| 103 | $58,784.44 | $1,217.47 |
| 104 | $284,024.57 | $5,882.37 |
| 105 | $100,000.00 | $2,071.08 |
| 106 | $18,063.45 | $374.10 |
| 107 | $100,000.00 | $2,071.08 |
| 109 | $346,043.00 | $7,166.82 |
| 110 | $147,431.98 | $3,053.43 |
| 111 | $26,170.75 | $542.01 |
| 113 | $60,571.02 | $1,254.47 |
| 114 | $39,711.30 | $822.45 |
| 115 | $154,601.08 | $3,201.91 |
| 116 | $46,135.63 | $955.50 |
| 117 | $80,803.64 | $1,673.50 |
| 119 | $243,360.94 | $5,040.19 |
| 120 | $78,051.57 | $1,616.51 |
| 121 | $7,230.71 | $149.75 |
| 123 | $37,740.26 | $781.63 |
| 125 | $52,829.25 | $1,094.13 |
| 126 | $28,668.48 | $593.74 |
| 127 | $91,484.87 | $1,894.72 |
| 128 | $100,000.00 | $2,071.08 |
| 129 | $185,164.50 | $3,834.90 |
| 130 | $45,627.40 | $944.97 |
| 131 | $160,355.23 | $3,321.08 |
| 133 | $98,378.45 | $2,037.49 |
| 134 | $62,252.10 | $1,289.29 |
| 136 | $18,020.83 | $373.22 |
| 137 | $16,108.22 | $333.61 |

SCHEDULE A

| | | | |
|---|---|---|---|
| 138 | | $4,044.46 | $83.76 |
| 139 | | $1,469,783.53 | $30,440.39 |
| 140 | | $47,797.93 | $989.93 |
| 142 | | $25,590.99 | $530.00 |
| 144 | | $70,000.00 | $1,449.75 |
| 148 | | $16,199.85 | $335.51 |
| 149 | | $100,000.00 | $2,071.08 |
| 151 | | $23,898.97 | $494.96 |
| 153 | | $11,889.28 | $246.23 |
| 154 | | $95,890.35 | $1,985.96 |
| 155 | | $95,890.35 | $1,985.96 |
| 156 | | $47,175.32 | $977.03 |
| 157 | | $79,227.55 | $1,640.86 |
| 163 | | $105,442.74 | $2,183.80 |
| 164 | | $112,574.53 | $2,331.50 |
| 166 | | $176,074.02 | $3,646.63 |
| 167 | | $130,892.51 | $2,710.88 |
| 168 | | $200,396.31 | $4,150.36 |
| 170 | | $103,823.34 | $2,150.26 |
| 171 | | $154,113.55 | $3,191.81 |
| 172 | | $8,104.63 | $167.85 |
| 174 | | $229,383.56 | $4,750.71 |
| 176 | | $125,000.00 | $2,588.85 |
| 177 | | $338,260.74 | $7,005.65 |
| 178 | | $101,152.64 | $2,094.95 |
| 179 | | $111,202.04 | $2,303.08 |
| 180 | | $47,985.53 | $993.40 |
| 181 | | $100,000.00 | $2,071.08 |
| 182 | | $26,024.39 | $538.98 |
| 183 | | $23,905.67 | $495.10 |
| 184 | | $341,937.90 | $7,081.80 |
| 186 | | $252,386.96 | $5,227.13 |
| 187 | | $149,789.09 | $3,102.25 |
| 188 | | $58,709.32 | $1,215.91 |
| 189 | | $77,692.15 | $1,609.06 |
| 193 | | $182,772.59 | $3,785.36 |
| 195 | | $18,889.78 | $391.22 |
| 199 | | $9,801.10 | $202.98 |
| 200 | | $57,497.62 | $1,190.82 |
| 201 | | $500,000.00 | $10,355.40 |
| 202 | | $287,611.67 | $5,956.66 |
| 203 | | $67,497.74 | $1,397.93 |
| 204 | | $23,976.15 | $496.56 |
| 205 | | $237,210.11 | $4,912.81 |
| 207 | | $97,166.19 | $2,012.38 |
| 208 | | $211,952.42 | $4,389.70 |
| 209 | | $558,051.98 | $11,557.70 |
| 211 | | $122,397.26 | $2,534.94 |
| 212 | | $83,250.15 | $1,724.17 |
| 213 | | $190,078.01 | $3,936.66 |
| 214 | | $41,763.39 | $864.95 |
| 215 | | $412,823.25 | $8,549.89 |

SCHEDULE A

| | | | |
|---|---|---|---|
| 216 | | $40,850.43 | $846.04 |
| 217 | | $10,419.68 | $215.79 |
| 218 | | $358,969.53 | $7,434.54 |
| 220 | | $81,164.43 | $1,680.98 |
| 221 | | $162,270.64 | $3,360.75 |
| 223 | | $17,763.71 | $367.90 |
| 225 | | $118,065.23 | $2,445.22 |
| 227 | | $95,595.85 | $1,979.86 |
| 228 | | $105,798.98 | $2,191.18 |
| 229 | | $83,634.85 | $1,732.14 |
| 231 | | $50,000.00 | $1,035.54 |
| 233 | | $130,691.39 | $2,706.72 |
| 234 | | $250,000.00 | $5,177.70 |
| 235 | | $295,198.78 | $6,113.80 |
| 236 | | $61,999.89 | $1,284.06 |
| 239 | | $37,029.21 | $766.90 |
| 240 | | $47,890.37 | $991.84 |
| 241 | | $102,819.71 | $2,129.47 |
| 243 | | $97,942.30 | $2,028.46 |
| 245 | | $200,000.00 | $4,142.16 |
| 246 | | $16,612.24 | $344.05 |
| 248 | | $64,566.61 | $1,337.22 |
| 250 | | $33,531.46 | $694.46 |
| 251 | | $75,000.00 | $1,553.31 |
| 252 | | $100,000.00 | $2,071.08 |
| 253 | | $253,230.87 | $5,244.61 |
| 254 | | $109,164.39 | $2,260.88 |
| 255 | | $63,174.24 | $1,308.38 |
| 257 | | $63,326.04 | $1,311.53 |
| 258 | | $38,470.58 | $796.75 |
| 259 | | $99,956.16 | $2,070.17 |
| 260 | | $435,949.16 | $9,028.85 |
| 261 | | $374,772.56 | $7,761.83 |
| 262 | | $100,000.00 | $2,071.08 |
| 263 | | $201,416.51 | $4,171.49 |
| 264 | | $130,666.61 | $2,706.21 |
| 265 | | $1,076,605.26 | $22,297.35 |
| 267 | | $40,362.13 | $835.93 |
| 270 | | $174,026.64 | $3,604.23 |
| 273 | | $183,928.27 | $3,809.30 |
| 275 | | $13,494.53 | $279.48 |
| 276 | | $70,003.54 | $1,449.82 |
| 277 | | $460,557.98 | $9,538.52 |
| 279 | | $1,396,359.95 | $28,919.73 |
| 282 | | $109,765.21 | $2,273.32 |
| 283 | | $276,065.66 | $5,717.54 |
| 284 | | $91,539.73 | $1,895.86 |
| 286 | | $500,000.00 | $10,355.40 |
| 287 | | $1,453,961.61 | $30,112.70 |
| 288 | | $285,592.02 | $5,914.83 |
| 290 | | $599,721.43 | $12,420.71 |
| 292 | | $107,398.66 | $2,224.31 |

- 4 -

SCHEDULE A

| | | |
|---|---|---|
| 293 | $144,256.79 | $2,987.67 |
| 294 | $153,209.55 | $3,173.09 |
| 295 | $339,883.61 | $7,039.26 |
| 296 | $116,369.86 | $2,410.11 |
| 297 | $45,967.12 | $952.01 |
| 298 | $100,000.00 | $2,071.08 |
| 299 | $40,230.50 | $833.20 |
| 300 | $244,767.47 | $5,069.33 |
| 303 | $211,547.12 | $4,381.31 |
| 304 | $138,808.88 | $2,874.84 |
| 305 | $146,707.24 | $3,038.42 |
| 307 | $195,691.84 | $4,052.93 |
| 309 | $18,087.15 | $374.59 |
| 310 | $312,107.77 | $6,464.00 |
| 312 | $107,388.49 | $2,224.10 |
| 315 | $13,300.73 | $275.46 |
| 317 | $100,000.00 | $2,071.08 |
| 318 | $57,665.29 | $1,194.29 |
| 319 | $26,309.22 | $544.86 |
| 321 | $65,874.39 | $1,364.31 |
| 324 | $94,482.16 | $1,956.80 |
| 326 | $441,104.17 | $9,135.82 |
| 327 | $131,493.83 | $2,723.34 |
| 329 | $81,330.56 | $1,684.42 |
| 330 | $497,501.68 | $10,303.65 |
| 333 | $116,390.90 | $2,410.54 |
| 334 | $40,533.22 | $839.47 |
| 336 | $41,892.20 | $867.62 |
| 337 | $79,267.85 | $1,641.70 |
| 338 | $91,484.87 | $1,894.72 |
| 339 | $46,263.01 | $958.14 |
| 341 | $100,000.00 | $2,071.08 |
| 342 | $99,746.29 | $2,065.82 |
| 344 | $818,862.40 | $16,959.29 |
| 345 | $184,624.86 | $3,823.72 |
| 346 | $173,949.25 | $3,602.62 |
| 348 | $155,362.30 | $3,217.67 |
| 349 | $2,060.57 | $42.67 |
| 350 | $54,942.63 | $1,137.90 |
| 352 | $122,208.35 | $2,531.03 |
| 354 | $46,021.92 | $953.15 |
| 355 | $80,265.19 | $1,662.35 |
| 356 | $289,076.48 | $5,987.00 |
| 357 | $441,210.24 | $9,137.81 |
| 358 | $90,182.54 | $1,867.75 |
| 360 | $662,814.38 | $13,727.41 |
| 361 | $45,742.43 | $947.36 |
| 362 | $147,071.00 | $3,045.95 |
| 363 | $211,785.80 | $4,386.25 |
| 364 | $9,801.10 | $202.98 |
| 366 | $95,595.85 | $1,979.86 |
| 368 | $59,472.30 | $1,231.71 |

SCHEDULE A

| | | |
|---|---|---|
| 369 | $104,468.24 | $2,163.62 |
| 370 | $19,923.85 | $412.63 |
| 372 | $20,562.58 | $425.86 |
| 374 | $150,000.00 | $3,106.62 |
| 375 | $91,123.29 | $1,887.23 |
| 376 | $269,734.55 | $5,586.41 |
| 377 | $250,000.00 | $5,177.70 |
| 378 | $145,654.05 | $3,016.61 |
| 379 | $81,188.90 | $1,681.48 |
| 380 | $173,400.08 | $3,591.25 |
| 381 | $125,000.00 | $2,588.85 |
| 382 | $87,016.07 | $1,802.17 |
| 383 | $400,000.00 | $8,284.32 |
| 384 | $486,520.54 | $10,076.22 |
| 385 | $24,321.95 | $503.72 |
| 386 | $78,046.59 | $1,616.40 |
| 389 | $77,311.85 | $1,601.19 |
| 390 | $10,206.00 | $211.37 |
| 391 | $99,070.80 | $2,051.83 |
| 393 | $12,038.18 | $249.32 |
| 395 | $113,361.53 | $2,347.80 |
| 397 | $39,546.91 | $819.04 |
| 398 | $95,595.85 | $1,979.86 |
| 399 | $120,000.00 | $2,485.29 |
| 400 | $1,574,297.83 | $32,604.96 |
| 401 | $1,625,928.66 | $33,674.28 |
| 402 | $106,360.95 | $2,202.82 |
| 404 | $100,000.00 | $2,071.08 |
| 405 | $173,123.27 | $3,585.52 |
| 406 | $67,367.97 | $1,395.24 |
| 407 | $503,770.84 | $10,433.49 |
| 408 | $38,696.94 | $801.44 |
| 410 | $84,404.93 | $1,748.09 |
| 411 | $26,627.93 | $551.48 |
| 412 | $56,772.02 | $1,175.79 |
| 414 | $322,387.68 | $6,676.90 |
| 415 | $36,375.35 | $753.36 |
| 417 | $91,139.72 | $1,887.57 |
| 418 | $378,309.36 | $7,835.08 |
| 419 | $1,374,825.17 | $28,473.72 |
| 420 | $100,000.00 | $2,071.08 |
| 421 | $254,401.29 | $5,268.85 |
| 425 | $970,088.96 | $20,091.31 |
| 426 | $574,068.27 | $11,889.41 |
| 428 | $1,031,380.16 | $21,360.70 |
| 429 | $91,013.70 | $1,884.96 |
| 431 | $84,195.36 | $1,743.75 |
| 432 | $66,997.15 | $1,387.56 |
| 433 | $1,026,595.60 | $21,261.61 |
| 434 | $186,224.62 | $3,856.86 |
| 435 | $19,261.96 | $398.93 |
| 436 | $16,612.24 | $344.05 |

SCHEDULE A

| | | |
|---|---|---|
| 438 | $287,310.73 | $5,950.43 |
| 439 | $459,722.85 | $9,521.22 |
| 440 | $58,562.11 | $1,212.86 |
| 441 | $26,330.58 | $545.32 |
| 443 | $46,120.55 | $955.19 |
| 445 | $10,260.02 | $212.49 |
| 446 | $20,227.93 | $418.93 |
| 447 | $53,175.14 | $1,101.29 |
| 448 | $86,639.81 | $1,794.37 |
| 449 | $211,683.34 | $4,384.13 |
| 455 | $54,444.39 | $1,127.58 |
| 457 | $118,697.66 | $2,458.32 |
| 458 | $37,085.55 | $768.07 |
| 459 | $319,508.10 | $6,617.26 |
| 460 | $45,761.65 | $947.76 |
| 461 | $45,643.73 | $945.31 |
| 463 | $678,829.86 | $14,059.10 |
| 464 | $88,991.78 | $1,843.09 |
| 466 | $519,113.64 | $10,751.25 |
| 467 | $281,694.93 | $5,834.12 |
| 468 | $55,218.71 | $1,143.62 |
| 469 | $100,888.64 | $2,089.48 |
| 470 | $45,825.33 | $949.07 |
| 472 | $23,788.89 | $492.68 |
| 474 | $34,971.74 | $724.29 |
| 476 | $85,321.13 | $1,767.06 |
| 477 | $25,000.00 | $517.77 |
| 478 | $100,000.00 | $2,071.08 |
| 479 | $48,936.99 | $1,013.52 |
| 480 | $95,704.11 | $1,982.10 |
| 481 | $38,528.05 | $797.94 |
| 482 | $500,000.00 | $10,355.40 |
| 483 | $239,673.85 | $4,963.83 |
| 484 | $6,696.70 | $138.69 |
| 485 | $205,721.66 | $4,260.66 |
| 487 | $100,000.00 | $2,071.08 |
| 490 | $150,000.00 | $3,106.62 |
| 491 | $8,021.40 | $166.12 |
| 492 | $149,970.00 | $3,105.99 |
| 493 | $492,020.24 | $10,190.13 |
| 494 | $527,432.77 | $10,923.55 |
| 495 | $81,813.45 | $1,694.42 |
| 497 | $271,480.49 | $5,622.57 |
| 498 | $50,000.00 | $1,035.54 |
| 500 | $1,000,000.00 | $20,710.80 |
| 501 | $74,938.56 | $1,552.03 |
| 502 | $100,000.00 | $2,071.08 |
| 503 | $150,000.00 | $3,106.62 |
| 504 | $307,476.01 | $6,368.07 |
| 505 | $44,495.84 | $921.54 |
| 506 | $103,589.54 | $2,145.42 |

SCHEDULE A

| | | | |
|---|---|---|---|
| 508 | | $482,477.01 | $9,992.48 |
| 510 | | $77,007.65 | $1,594.89 |
| 511 | | $110,470.63 | $2,287.93 |
| 512 | | $26,795.16 | $554.94 |
| 514 | | $101,725.46 | $2,106.81 |
| 515 | | $88,181.68 | $1,826.31 |
| 516 | | $207,221.40 | $4,291.72 |
| 517 | | $50,000.00 | $1,035.54 |
| 519 | | $453,233.47 | $9,386.82 |
| 520 | | $105,019.85 | $2,175.04 |
| 521 | | $41,943.57 | $868.68 |
| 522 | | $91,232.88 | $1,889.50 |
| 523 | | $2,450,000.00 | $50,741.46 |
| 524 | | $167,976.10 | $3,478.91 |
| 525 | | $36,021.49 | $746.03 |
| 527 | | $66,118.81 | $1,369.37 |
| 528 | | $276,533.52 | $5,727.23 |
| 530 | | $927,299.37 | $19,205.11 |
| 531 | | $7,004.44 | $145.06 |
| 532 | | $15,494.91 | $320.91 |
| 534 | | $100,000.00 | $2,071.08 |
| 535 | | $96,253.39 | $1,993.48 |
| 536 | | $86,029.11 | $1,781.73 |
| 538 | | $45,742.43 | $947.36 |
| 539 | | $73,350.87 | $1,519.15 |
| 540 | | $275,481.90 | $5,705.45 |
| 541 | | $208,354.01 | $4,315.17 |
| 542 | | $372,083.52 | $7,706.14 |
| 544 | | $1,982.78 | $41.06 |
| 545 | | $108,080.39 | $2,238.43 |
| 546 | | $243,134.02 | $5,035.50 |
| 547 | | $57,487.37 | $1,190.60 |
| 549 | | $53,106.75 | $1,099.88 |
| 550 | | $337,943.66 | $6,999.08 |
| 551 | | $477,914.30 | $9,897.98 |
| 552 | | $193,469.82 | $4,006.91 |
| 553 | | $103,960.19 | $2,153.09 |
| 555 | | $154,638.36 | $3,202.68 |
| 556 | | $20,402.11 | $422.54 |
| 560 | | $200,000.00 | $4,142.16 |
| 562 | | $424,810.21 | $8,798.15 |
| 563 | | $250,000.00 | $5,177.70 |
| 564 | | $112,821.05 | $2,336.61 |
| 565 | | $74,284.03 | $1,538.48 |
| 587 | | $66,494.25 | $1,377.14 |
| 568 | | $98,882.19 | $2,047.92 |
| 569 | | $106,871.63 | $2,213.39 |
| 571 | | $60,000.00 | $1,242.64 |
| 572 | | $1,089,683.48 | $22,568.21 |
| 574 | | $112,622.37 | $2,332.49 |
| 576 | | $13,968.82 | $289.30 |
| 577 | | $33,197.05 | $687.53 |

SCHEDULE A

| | | | |
|---|---|---|---|
| 579 | | $70,000.00 | $1,449.75 |
| 580 | | $247,500.00 | $5,125.92 |
| 581 | | $45,742.43 | $947.36 |
| 582 | | $999,539.73 | $20,701.26 |
| 583 | | $59,835.48 | $1,239.24 |
| 584 | | $110,267.90 | $2,283.73 |
| 585 | | $51,604.57 | $1,068.77 |
| 587 | | $303,678.72 | $6,289.42 |
| 588 | | $53,654.04 | $1,111.21 |
| 589 | | $246,404.68 | $5,103.23 |
| 590 | | $52,252.28 | $1,082.18 |
| 591 | | $37,299.72 | $772.50 |
| 593 | | $94,350.65 | $1,954.07 |
| 594 | | $94,350.65 | $1,954.07 |
| 595 | | $165,208.07 | $3,421.59 |
| 596 | | $131,602.60 | $2,725.59 |
| 597 | | $59,154.42 | $1,225.13 |
| 600 | | $40,688.74 | $842.69 |
| 601 | | $74,171.12 | $1,536.14 |
| 602 | | $324,068.62 | $6,711.72 |
| 603 | | $204,816.51 | $4,241.91 |
| 604 | | $148,936.99 | $3,084.60 |
| 605 | | $344,327.87 | $7,131.30 |
| 606 | | $527,106.65 | $10,916.80 |
| 607 | | $500,000.00 | $10,355.40 |
| 608 | | $2,060.57 | $42.67 |
| 609 | | $103,154.54 | $2,136.41 |
| 610 | | $40,781.89 | $844.62 |
| 611 | | $14,834.32 | $307.23 |
| 612 | | $80,232.38 | $1,661.67 |
| 613 | | $93,293.15 | $1,932.17 |
| 614 | | $127,283.00 | $2,636.13 |
| 615 | | $40,981.50 | $848.75 |
| 617 | | $68,619.18 | $1,421.15 |
| 618 | | $37,085.55 | $768.07 |
| 619 | | $38,039.40 | $787.82 |
| 620 | | $100,000.00 | $2,071.08 |
| 621 | | $80,431.04 | $1,665.79 |
| 622 | | $46,183.64 | $956.50 |
| 623 | | $82,086.25 | $1,700.07 |
| 624 | | $90,198.13 | $1,868.07 |
| 626 | | $126,816.46 | $2,626.47 |
| 628 | | $450,000.00 | $9,319.86 |
| 630 | | $203,397.26 | $4,212.51 |
| 631 | | $96,174.86 | $1,991.85 |
| 632 | | $45,128.48 | $934.64 |
| 633 | | $81,176.46 | $1,681.22 |
| 634 | | $229,232.02 | $4,747.57 |
| 637 | | $187,063.62 | $3,874.23 |
| 638 | | $45,813.70 | $948.83 |
| 639 | | $285,484.97 | $5,912.62 |

SCHEDULE A

| | | |
|---|---:|---:|
| 640 | $313,965.07 | $6,502.46 |
| 641 | $250,000.00 | $5,177.70 |
| 642 | $215,224.60 | $4,457.47 |
| 644 | $111,346.93 | $2,306.08 |
| 646 | $129,148.80 | $2,674.77 |
| 648 | $47,175.32 | $977.03 |
| 649 | $168,477.38 | $3,489.30 |
| 650 | $149,267.76 | $3,091.45 |
| 653 | $98,333.99 | $2,036.57 |
| 654 | $94,350.55 | $1,954.07 |
| 656 | $66,984.27 | $1,386.88 |
| 657 | $93,287.67 | $1,932.06 |
| 659 | $42,115.64 | $872.24 |
| 661 | $77,103.60 | $1,596.87 |
| 662 | $226,683.66 | $4,694.79 |
| 665 | $295,453.60 | $6,119.08 |
| 667 | $234,272.95 | $4,851.96 |
| 668 | $241,854.25 | $5,008.99 |
| 671 | $38,911.62 | $805.89 |
| 672 | $43,503.71 | $900.99 |
| 674 | $729,205.20 | $15,102.42 |
| 675 | $91,386.30 | $1,892.68 |
| 676 | $100,000.00 | $2,071.08 |
| 677 | $297,216.86 | $6,155.59 |
| 679 | $234,799.85 | $4,862.89 |
| 680 | $6,649.85 | $137.72 |
| 681 | $82,091.83 | $1,700.18 |
| 682 | $200,000.00 | $4,142.16 |
| 683 | $211,566.98 | $4,381.72 |
| 684 | $53,641.70 | $1,110.96 |
| 686 | $41,325.16 | $855.87 |
| 687 | $89,298.63 | $1,849.44 |
| 688 | $142,861.55 | $2,958.77 |
| 689 | $315,108.06 | $6,526.14 |
| 690 | $239,674.24 | $4,963.84 |
| 691 | $166,961.85 | $3,457.91 |
| 692 | $89,178.91 | $1,846.96 |
| 693 | $252,581.27 | $5,231.16 |
| 694 | $77,103.60 | $1,596.87 |
| 695 | $54,672.63 | $1,132.31 |
| 696 | $122,747.68 | $2,542.20 |
| 699 | $38,104.16 | $789.16 |
| 700 | $386,636.58 | $8,007.55 |
| 702 | $250,000.00 | $5,177.70 |
| 703 | $250,000.00 | $5,177.70 |
| 705 | $56,952.32 | $1,179.52 |
| 706 | $172,391.72 | $3,570.37 |
| 707 | $47,117.81 | $975.84 |
| 709 | $122,698.80 | $2,541.14 |
| 710 | $167,273.11 | $3,464.35 |
| 711 | $28,994.47 | $600.49 |
| 712 | $309,345.55 | $6,408.79 |

SCHEDULE A

| | | | |
|---|---|---|---|
| 716 | | $580,077.61 | $12,013.87 |
| 717 | | $136,849.95 | $2,834.27 |
| 719 | | $79,444.92 | $1,645.36 |
| 719 | | $26,481.64 | $548.45 |
| 723 | | $648,920.62 | $13,439.66 |
| 724 | | $31,690.36 | $656.33 |
| 726 | | $73,034.63 | $1,512.60 |
| 727 | | $82,469.39 | $1,708.00 |
| 729 | | $43,759.68 | $906.29 |
| 732 | | $240,363.92 | $4,978.12 |
| 733 | | $78,739.28 | $1,630.75 |
| 735 | | $53,210.26 | $1,102.02 |
| 736 | | $115,078.19 | $2,383.36 |
| 737 | | $312,010.79 | $6,461.99 |
| 739 | | $49,420.77 | $1,023.54 |
| 740 | | $20,535.56 | $425.30 |
| 741 | | $23,043.84 | $477.25 |
| 743 | | $22,786.63 | $471.92 |
| 744 | | $87,949.96 | $1,821.51 |
| 745 | | $785,516.50 | $16,268.67 |
| 747 | | $236,979.15 | $4,908.02 |
| 748 | | $42,388.75 | $877.90 |
| 750 | | $82,086.25 | $1,700.07 |
| 751 | | $108,265.39 | $2,242.26 |
| 752 | | $283,711.71 | $5,875.89 |
| 753 | | $42,575.05 | $881.76 |
| 754 | | $3,154.89 | $65.34 |
| 756 | | $180,875.85 | $3,746.08 |
| 757 | | $86,891.54 | $1,799.59 |
| 758 | | $16,650.69 | $344.84 |
| 761 | | $20,402.11 | $422.54 |
| 762 | | $150,000.00 | $3,106.62 |
| 763 | | $50,000.00 | $1,035.54 |
| 765 | | $50,070.61 | $1,037.00 |
| 768 | | $231,430.17 | $4,793.10 |
| 769 | | $125,000.00 | $2,588.85 |
| 770 | | $46,153.42 | $955.87 |
| 771 | | $147,404.74 | $3,052.87 |
| 772 | | $353,663.15 | $7,324.64 |
| 773 | | $250,000.00 | $5,177.70 |
| 775 | | $42,500.65 | $880.22 |
| 776 | | $51,176.92 | $1,059.91 |
| 777 | | $48,936.99 | $1,013.52 |
| 778 | | $605,339.62 | $12,537.06 |
| 779 | | $250,000.00 | $5,177.70 |
| 780 | | $32,373.36 | $670.47 |
| 781 | | $84,707.67 | $1,754.36 |
| 783 | | $45,704.11 | $946.56 |
| 784 | | $16,683.57 | $345.53 |
| 785 | | $249,181.08 | $5,160.73 |
| 787 | | $1,292,610.11 | $26,770.98 |
| 788 | | $164,542.32 | $3,407.80 |

SCHEDULE A

| | | |
|---|---|---|
| 789 | $143,393.78 | $2,969.79 |
| 791 | $190,569.29 | $3,946.84 |
| 792 | $88,325.74 | $1,829.29 |
| 793 | $300,530.95 | $6,224.23 |
| 797 | $200,000.00 | $4,142.16 |
| 798 | $108,074.46 | $2,238.30 |
| 799 | $100,000.00 | $2,071.08 |
| 801 | $96,764.78 | $2,004.07 |
| 803 | $71,298.41 | $1,476.64 |
| 805 | $68,790.67 | $1,424.70 |
| 807 | $110,248.04 | $2,283.32 |
| 809 | $145,869.54 | $3,021.07 |
| 810 | $21,612.92 | $447.62 |
| 812 | $128,381.39 | $2,658.88 |
| 814 | $44,438.08 | $920.34 |
| 815 | $43,292.29 | $896.61 |
| 816 | $40,741.45 | $843.78 |
| 818 | $164,938.73 | $3,416.01 |
| 819 | $522,162.42 | $10,814.40 |
| 820 | $24,500.00 | $507.41 |
| 821 | $575,829.22 | $11,925.88 |
| 822 | $90,947.94 | $1,883.60 |
| 823 | $360,797.85 | $7,472.41 |
| 825 | $77,986.43 | $1,615.16 |
| 827 | $22,157.18 | $458.89 |
| 828 | $51,536.14 | $1,067.35 |
| 829 | $12,613.73 | $261.24 |
| 831 | $215,486.96 | $4,462.90 |
| 832 | $249,845.16 | $5,174.49 |
| 834 | $48,936.99 | $1,013.52 |
| 837 | $154,043.27 | $3,190.35 |
| 838 | $900,191.97 | $18,643.69 |
| 840 | $278,306.22 | $5,763.94 |
| 842 | $56,411.53 | $1,168.32 |
| 843 | $27,005.43 | $559.30 |
| 844 | $89,375.34 | $1,851.03 |
| 845 | $41,625.08 | $862.08 |
| 846 | $39,678.42 | $821.77 |
| 848 | $472,845.55 | $9,793.00 |
| 849 | $87,245.71 | $1,806.92 |
| 851 | $9,801.10 | $202.98 |
| 853 | $91,484.87 | $1,894.72 |
| 854 | $82,105.30 | $1,700.46 |
| 855 | $122,698.97 | $2,541.19 |
| 856 | $100,000.00 | $2,071.08 |
| 859 | $51,843.34 | $1,073.71 |
| 860 | $172,705.69 | $3,576.87 |
| 861 | $74,285.30 | $1,538.50 |
| 862 | $100,000.00 | $2,071.08 |
| 863 | $688,783.92 | $14,265.26 |
| 864 | $42,930.83 | $889.13 |
| 865 | $500,000.00 | $10,355.40 |

- 12 -

SCHEDULE A

| | | |
|---|---|---|
| 866 | $213,317.84 | $4,417.98 |
| 867 | $100,000.00 | $2,071.08 |
| 868 | $216,510.89 | $4,484.11 |
| 869 | $51,401.28 | $1,064.56 |
| 871 | $15,232.17 | $315.47 |
| 873 | $100,000.00 | $2,071.08 |
| 874 | $463,553.49 | $9,600.56 |
| 875 | $43,092.27 | $892.47 |
| 878 | $20,914.48 | $433.15 |
| 881 | $21,985.73 | $455.34 |
| 884 | $21,406.76 | $443.35 |
| 887 | $42,876.83 | $888.01 |
| 889 | $45,282.20 | $937.83 |
| 890 | $26,008.44 | $538.65 |
| 891 | $574,725.81 | $11,903.03 |
| 892 | $485,787.49 | $10,061.04 |
| 893 | $200,000.00 | $4,142.16 |
| 894 | $388,681.78 | $8,049.91 |
| 895 | $71,673.01 | $1,484.40 |
| 896 | $33,027.44 | $684.02 |
| 897 | $7,245.73 | $150.06 |
| 898 | $142,767.89 | $2,956.83 |
| 899 | $4,287,908.98 | $88,806.02 |
| 900 | $82,086.25 | $1,700.07 |
| 901 | $250,000.00 | $5,177.70 |
| 902 | $156,636.70 | $3,244.07 |
| 902 | $239,301.22 | $4,956.11 |
| 904 | $89,221.91 | $1,847.85 |
| 905 | $601,718.17 | $12,462.06 |
| 906 | $199,715.72 | $4,136.27 |
| 908 | $2,406,304.18 | $49,836.48 |
| 910 | $73,037.31 | $1,512.66 |
| 913 | $29,200.53 | $604.76 |
| 916 | $29,899.55 | $619.24 |
| 917 | $19,237.49 | $398.42 |
| 918 | $20,402.11 | $422.54 |
| 919 | $100,000.00 | $2,071.08 |
| 920 | $33,169.81 | $686.97 |
| 921 | $89,877.54 | $1,861.43 |
| 922 | $177,388.04 | $3,673.84 |
| 923 | $45,742.43 | $947.36 |
| 924 | $45,742.43 | $947.36 |
| 925 | $81,512.30 | $1,688.18 |
| 926 | $84,286.58 | $1,745.64 |
| 928 | $6,922,667.11 | $143,373.97 |
| 931 | $29,362.19 | $608.11 |
| 932 | $250,912.33 | $5,196.59 |
| 933 | $94,350.65 | $1,954.07 |
| 934 | $174,344.68 | $3,610.81 |
| 935 | $47,383.54 | $981.35 |
| 936 | $184,608.21 | $3,823.38 |
| 937 | $33,026.85 | $684.01 |

SCHEDULE A

| | | |
|---|---|---|
| 938 | $309,328.28 | $6,406.43 |
| 939 | $301,400.64 | $6,242.24 |
| 940 | $560,950.49 | $11,617.73 |
| 943 | $51,760.78 | $1,072.00 |
| 945 | $105,581.50 | $2,186.67 |
| 946 | $178,866.23 | $3,704.46 |
| 948 | $392,191.86 | $8,122.60 |
| 949 | $134,648.82 | $2,788.68 |
| 952 | $81,608.50 | $1,690.17 |
| 953 | $20,227.93 | $418.93 |
| 954 | $94,378.02 | $1,954.64 |
| 958 | $203,875.54 | $4,222.42 |
| 959 | $198,835.71 | $4,118.04 |
| 960 | $500,000.00 | $10,355.40 |
| 961 | $77,394.03 | $1,602.89 |
| 962 | $152,287.19 | $3,153.98 |
| 964 | $132,422.81 | $2,742.58 |
| 966 | $26,000.00 | $538.48 |
| 967 | $200,030.16 | $4,142.78 |
| 968 | $384,895.51 | $7,971.49 |
| 970 | $295,406.06 | $6,118.09 |
| 973 | $3,526.21 | $73.03 |
| 975 | $25,135.93 | $520.58 |
| 976 | $100,000.00 | $2,071.08 |
| 977 | $80,911.78 | $1,675.74 |
| 978 | $95,463.01 | $1,977.11 |
| 979 | $165,433.30 | $3,426.25 |
| 980 | $41,799.73 | $865.70 |
| 981 | $118,137.16 | $2,446.71 |
| 982 | $21,211.91 | $439.31 |
| 983 | $196,639.94 | $4,072.57 |
| 984 | $66,964.27 | $1,386.88 |
| 985 | $22,251.38 | $460.84 |
| 986 | $16,270.28 | $336.97 |
| 988 | $61,510.70 | $1,273.93 |
| 990 | $21,859.58 | $452.72 |
| 994 | $191,122.22 | $3,958.29 |
| 995 | $93,863.01 | $1,943.97 |
| 996 | $246,301.77 | $5,101.10 |
| 997 | $19,689.54 | $407.78 |
| 999 | $104,339.72 | $2,160.95 |
| 1001 | $234,435.55 | $4,855.34 |
| 1005 | $85,787.59 | $1,776.72 |
| 1006 | $77,054.89 | $1,595.86 |
| 1007 | $46,024.11 | $953.19 |
| 1008 | $277,341.68 | $5,743.96 |
| 1011 | $282,826.83 | $5,857.56 |
| 1012 | $31,986.25 | $662.46 |
| 1013 | $116,736.43 | $2,417.70 |
| 1014 | $221,935.53 | $4,596.46 |
| 1016 | $265,380.84 | $5,496.24 |
| 1017 | $9,866.67 | $204.34 |

SCHEDULE A

| | | |
|---|---|---|
| 1019 | $97,797.93 | $2,025.47 |
| 1020 | $95,595.85 | $1,979.86 |
| 1021 | $68,224.39 | $1,412.98 |
| 1022 | $330,805.74 | $6,851.25 |
| 1023 | $71,758.54 | $1,486.17 |
| 1024 | $86,500.82 | $1,791.50 |
| 1025 | $91,715.07 | $1,899.49 |
| 1027 | $56,840.61 | $1,177.21 |
| 1029 | $68,171.98 | $1,411.89 |
| 1030 | $141,164.77 | $2,923.63 |
| 1031 | $191,983.45 | $3,976.13 |
| 1032 | $7,736.27 | $160.22 |
| 1033 | $115,787.26 | $2,398.04 |
| 1034 | $130,348.30 | $2,699.61 |
| 1035 | $61,345.80 | $1,270.52 |
| 1037 | $56,623.55 | $1,172.71 |
| 1039 | $81,777.14 | $1,693.66 |
| 1040 | $500,000.00 | $10,355.40 |
| 1041 | $183,432.01 | $3,799.02 |
| 1042 | $188,246.85 | $3,898.74 |
| 1043 | $40,357.88 | $835.84 |
| 1045 | $501,570.84 | $10,387.93 |
| 1046 | $200,000.00 | $4,142.16 |
| 1047 | $422,104.37 | $8,742.11 |
| 1048 | $134,349.52 | $2,782.48 |
| 1050 | $49,343.51 | $1,021.94 |
| 1051 | $664,108.87 | $13,754.22 |
| 1052 | $83,611.24 | $1,731.65 |
| 1053 | $143,098.41 | $2,963.68 |
| 1055 | $32,955.85 | $682.54 |
| 1056 | $57,072.10 | $1,182.00 |
| 1057 | $138,382.25 | $2,866.00 |
| 1058 | $100,000.00 | $2,071.08 |
| 1059 | $14,414.59 | $298.53 |
| 1060 | $52,639.54 | $1,090.20 |
| 1061 | $195,934.19 | $4,057.95 |
| 1062 | $268,303.26 | $5,556.77 |
| 1064 | $40,851.04 | $846.05 |
| 1065 | $150,000.00 | $3,106.62 |
| 1067 | $16,955.41 | $351.16 |
| 1069 | $100,000.00 | $2,071.08 |
| 1070 | $230,374.25 | $4,771.23 |
| 1072 | $97,873.97 | $2,027.04 |
| 1074 | $41,820.28 | $866.13 |
| 1075 | $80,512.67 | $1,667.48 |
| 1076 | $265,734.30 | $5,503.56 |
| 1077 | $49,528.77 | $1,025.78 |
| 1078 | $89,452.05 | $1,852.62 |
| 1079 | $132,207.21 | $2,738.11 |
| 1081 | $100,000.00 | $2,071.08 |
| 1082 | $127,089.48 | $2,632.12 |
| 1083 | $118,013.96 | $2,444.16 |

- 15 -

SCHEDULE A

| | | |
|---|---|---|
| 1084 | $83,261.14 | $1,724.40 |
| 1085 | $200,000.00 | $4,142.16 |
| 1086 | $853,869.45 | $17,684.31 |
| 1087 | $90,894.63 | $1,882.50 |
| 1088 | $332,796.67 | $6,892.48 |
| 1089 | $53,257.43 | $1,103.00 |
| 1090 | $47,019.00 | $973.80 |
| 1091 | $50,000.00 | $1,035.54 |
| 1092 | $40,851.04 | $846.05 |
| 1093 | $91,031.35 | $1,885.33 |
| 1095 | $176,181.10 | $3,648.85 |
| 1096 | $69,417.43 | $1,437.69 |
| 1097 | $136,717.47 | $2,831.52 |
| 1098 | $300,082.55 | $6,214.94 |
| 1099 | $5,965.02 | $123.54 |
| 1101 | $233,863.04 | $4,843.49 |
| 1102 | $148,934.06 | $3,084.54 |
| 1104 | $49,463.01 | $1,024.41 |
| 1105 | $81,509.15 | $1,688.11 |
| 1106 | $794,189.52 | $16,448.30 |
| 1108 | $117,243.10 | $2,428.19 |
| 1109 | $63,396.82 | $1,312.99 |
| 1110 | $80,759.81 | $1,672.60 |
| 1111 | $76,278.34 | $1,579.78 |
| 1112 | $500,000.00 | $10,355.40 |
| 1113 | $90,778.22 | $1,880.08 |
| 1114 | $284,536.94 | $5,892.98 |
| 1115 | $43,508.03 | $901.08 |
| 1116 | $228,712.17 | $4,736.81 |
| 1117 | $52,963.89 | $1,096.92 |
| 1118 | $162,440.11 | $3,364.26 |
| 1120 | $91,408.22 | $1,893.13 |
| 1121 | $81,258.65 | $1,682.93 |
| 1122 | $127,383.61 | $2,638.21 |
| 1123 | $90,947.94 | $1,883.60 |
| 1124 | $230,164.38 | $4,766.88 |
| 1125 | $143,483.51 | $2,971.65 |
| 1126 | $122,048.83 | $2,527.72 |
| 1127 | $370,000.00 | $7,662.99 |
| 1128 | $186,392.67 | $3,860.34 |
| 1129 | $207,114.86 | $4,289.51 |
| 1131 | $50,035.72 | $1,036.27 |
| 1132 | $85,965.21 | $1,780.40 |
| 1133 | $100,000.00 | $2,071.08 |
| 1134 | $37,869.78 | $784.31 |
| 1135 | $45,715.07 | $946.79 |
| 1136 | $48,921.80 | $1,013.20 |
| 1137 | $115,585.21 | $2,393.86 |
| 1138 | $1,000,000.00 | $20,710.80 |
| 1139 | $412,313.36 | $8,539.33 |
| 1140 | $100,024.00 | $2,071.57 |
| 1142 | $445,595.85 | $9,228.64 |

SCHEDULE A

| | | |
|---|---|---|
| 1143 | $68,602.00 | $1,420.80 |
| 1144 | $726,465.20 | $15,045.67 |
| 1146 | $183,313.54 | $3,796.57 |
| 1148 | $80,000.00 | $1,656.86 |
| 1149 | $1,517,144.70 | $31,421.28 |
| 1151 | $195,357.52 | $4,046.01 |
| 1152 | $115,006.87 | $2,381.88 |
| 1153 | $91,583.56 | $1,896.76 |
| 1154 | $20,228.76 | $418.95 |
| 1155 | $1,093,787.60 | $22,653.21 |
| 1156 | $81,690.46 | $1,691.87 |
| 1157 | $879,953.97 | $18,224.55 |
| 1158 | $181,875.74 | $3,766.79 |
| 1161 | $343,002.56 | $7,103.85 |
| 1162 | $218,531.36 | $4,525.95 |
| 1164 | $26,928.46 | $557.70 |
| 1166 | $45,726.03 | $947.02 |
| 1167 | $40,390.76 | $836.52 |
| 1168 | $102,820.72 | $2,129.49 |
| 1171 | $58,168.76 | $1,204.72 |
| 1172 | $220,828.08 | $4,573.52 |
| 1174 | $42,457.94 | $879.33 |
| 1175 | $9,982.59 | $206.74 |
| 1177 | $125,000.00 | $2,588.85 |
| 1178 | $2,225,000.00 | $46,081.53 |
| 1180 | $100,000.00 | $2,071.08 |
| 1181 | $271,598.24 | $5,625.01 |
| 1182 | $92,827.42 | $1,922.53 |
| 1183 | $1,773,478.76 | $36,730.16 |
| 1184 | $100,000.00 | $2,071.08 |
| 1185 | $281,962.96 | $5,839.67 |
| 1186 | $44,687.67 | $925.51 |
| 1188 | $111,230.43 | $2,303.67 |
| 1190 | $28,353.34 | $587.22 |
| 1193 | $99,224.04 | $2,055.00 |
| 1194 | $122,876.31 | $2,544.86 |
| 1195 | $137,021.88 | $2,837.83 |
| 1196 | $57,423.73 | $1,189.29 |
| 1197 | $288,227.95 | $5,969.43 |
| 1199 | $363,761.93 | $7,533.80 |
| 1200 | $40,840.08 | $845.83 |
| 1201 | $551,021.56 | $11,412.09 |
| 1203 | $182,726.59 | $3,784.41 |
| 1206 | $37,791.55 | $782.69 |
| 1207 | $223,311.82 | $4,624.96 |
| 1209 | $101,235.18 | $2,096.66 |
| 1210 | $144,241.06 | $2,987.34 |
| 1211 | $50,000.00 | $1,035.54 |
| 1214 | $53,808.18 | $1,114.41 |
| 1217 | $94,350.65 | $1,954.07 |
| 1219 | $118,715.64 | $2,458.69 |
| 1220 | $95,595.85 | $1,979.86 |

- 17 -

SCHEDULE A

| | | |
|---|---|---|
| 1222 | $98,690.33 | $2,043.95 |
| 1223 | $33,498.58 | $693.78 |
| 1224 | $190,000.00 | $3,935.05 |
| 1225 | $96,804.98 | $2,004.90 |
| 1226 | $121,000.00 | $2,506.00 |
| 1228 | $91,408.22 | $1,893.13 |
| 1230 | $113,967.01 | $2,360.34 |
| 1231 | $155,371.81 | $3,217.87 |
| 1232 | $509,848.88 | $10,559.37 |
| 1234 | $82,409.34 | $1,706.76 |
| 1235 | $30,736.94 | $636.58 |
| 1236 | $104,466.87 | $2,163.59 |
| 1237 | $95,787.63 | $1,983.83 |
| 1238 | $19,382.20 | $401.42 |
| 1239 | $200,000.00 | $4,142.16 |
| 1240 | $12,643.41 | $261.85 |
| 1242 | $391,124.64 | $8,100.50 |
| 1243 | $139,359.57 | $2,886.24 |
| 1245 | $459,632.34 | $9,519.35 |
| 1247 | $44,534.25 | $922.33 |
| 1249 | $569,224.08 | $11,789.08 |
| 1250 | $188,281.88 | $3,899.46 |
| 1251 | $373,424.64 | $7,733.92 |
| 1255 | $118,859.50 | $2,461.67 |
| 1256 | $56,636.70 | $1,172.99 |
| 1258 | $290,513.95 | $6,016.77 |
| 1259 | $31,725.16 | $657.05 |
| 1260 | $4,697,538.90 | $97,289.78 |
| 1262 | $37,926.39 | $785.48 |
| 1263 | $61,698.41 | $1,277.82 |
| 1264 | $71,913.45 | $1,489.38 |
| 1265 | $215,022.41 | $4,453.28 |
| 1267 | $82,377.61 | $1,706.10 |
| 1270 | $50,000.00 | $1,035.54 |
| 1271 | $34,032.20 | $704.83 |
| 1272 | $56,091.92 | $1,161.70 |
| 1274 | $5,840.75 | $120.96 |
| 1276 | $200,000.00 | $4,142.16 |
| 1277 | $50,365.92 | $1,043.11 |
| 1278 | $50,000.00 | $1,035.54 |
| 1279 | $149,934.25 | $3,105.25 |
| 1280 | $57,995.38 | $1,201.13 |
| 1281 | $73,380.81 | $1,519.77 |
| 1283 | $183,698.80 | $3,804.54 |
| 1286 | $90,230.62 | $1,868.74 |
| 1287 | $17,584.17 | $364.18 |
| 1289 | $341,987.71 | $7,082.83 |
| 1293 | $173,197.26 | $3,587.05 |
| 1295 | $56,104.77 | $1,161.97 |
| 1296 | $46,098.63 | $954.73 |
| 1298 | $25,000.00 | $517.77 |
| 1299 | $67,376.83 | $1,395.42 |

SCHEDULE A

| | | | |
|---|---|---|---|
| 1301 | | $43,122.32 | $893.09 |
| 1302 | | $13,041.11 | $270.09 |
| 1303 | | $159,491.94 | $3,303.20 |
| 1304 | | $20,118.78 | $416.67 |
| 1306 | | $188,241.06 | $3,898.62 |
| 1308 | | $18,184.98 | $376.62 |
| 1309 | | $45,878.00 | $950.17 |
| 1310 | | $20,516.44 | $424.91 |
| 1313 | | $940,127.73 | $19,470.79 |
| 1314 | | $238,202.51 | $4,933.36 |
| 1317 | | $210,321.01 | $4,355.91 |
| 1318 | | $90,180.82 | $1,867.71 |
| 1319 | | $388,492.42 | $8,045.98 |
| 1320 | | $179,641.54 | $3,720.52 |
| 1321 | | $47,797.93 | $989.93 |
| 1322 | | $267,796.16 | $5,546.27 |
| 1323 | | $416,011.50 | $8,615.93 |
| 1325 | | $150,000.00 | $3,106.62 |
| 1326 | | $108,225.24 | $2,241.43 |
| 1330 | | $148,936.99 | $3,084.60 |
| 1331 | | $54,032.21 | $1,119.05 |
| 1332 | | $15,281.49 | $316.49 |
| 1333 | | $163,437.75 | $3,384.92 |
| 1335 | | $52,070.12 | $1,078.41 |
| 1336 | | $110,375.86 | $2,285.97 |
| 1337 | | $62,361.54 | $1,291.55 |
| 1338 | | $123,246.38 | $2,552.53 |
| 1339 | | $36,348.78 | $752.81 |
| 1341 | | $223,601.11 | $4,830.95 |
| 1342 | | $117,018.93 | $2,423.55 |
| 1343 | | $100,000.00 | $2,071.08 |
| 1344 | | $743.15 | $15.39 |
| 1345 | | $47,657.51 | $987.02 |
| 1347 | | $91,452.05 | $1,894.04 |
| 1349 | | $71,004.81 | $1,470.56 |
| 1351 | | $73,187.95 | $1,515.78 |
| 1352 | | $59,744.07 | $1,237.34 |
| 1354 | | $55,656.40 | $1,152.68 |
| 1355 | | $106,840.91 | $2,212.76 |
| 1356 | | $205,454.14 | $4,255.11 |
| 1362 | | $43,563.79 | $902.24 |
| 1363 | | $185,589.15 | $3,843.69 |
| 1365 | | $865,257.45 | $17,920.17 |
| 1367 | | $1,000,000.00 | $20,710.80 |
| 1368 | | $1,000,000.00 | $20,710.80 |
| 1369 | | $2,279,860.28 | $47,217.73 |
| 1370 | | $677,145.05 | $14,024.21 |
| 1371 | | $500,000.00 | $10,355.40 |
| 1373 | | $98,378.45 | $2,037.49 |
| 1375 | | $21,192.04 | $438.90 |
| 1377 | | $12,370.38 | $256.20 |
| 1378 | | $150,000.00 | $3,106.62 |

SCHEDULE A

| | | | |
|---|---|---|---|
| 1379 | | $107,276.28 | $2,221.77 |
| 1380 | | $31,742.59 | $657.41 |
| 1381 | | $156,736.29 | $3,246.13 |
| 1384 | | $18,442.24 | $381.95 |
| 1386 | | $44,515.07 | $921.94 |
| 1387 | | $123,227.94 | $2,552.14 |
| 1389 | | $250,000.00 | $5,177.70 |
| 1393 | | $244,521.38 | $5,064.23 |
| 1394 | | $43,445.20 | $899.78 |
| 1395 | | $204,019.93 | $4,225.41 |
| 1396 | | $94,350.65 | $1,954.07 |
| 1397 | | $82,313.36 | $1,704.77 |
| 1398 | | $100,000.00 | $2,071.08 |
| 1400 | | $610,733.19 | $12,648.77 |
| 1401 | | $46,241.10 | $957.69 |
| 1403 | | $129,220.10 | $2,676.25 |
| 1404 | | $26,131.50 | $541.20 |
| 1405 | | $352,063.45 | $7,291.51 |
| 1407 | | $324,153.64 | $6,713.48 |
| 1408 | | $47,979.41 | $993.69 |
| 1409 | | $96,904.83 | $2,006.97 |
| 1410 | | $301,910.20 | $6,252.80 |
| 1411 | | $90,065.75 | $1,865.33 |
| 1412 | | $108,812.52 | $2,253.59 |
| 1413 | | $20,660.92 | $427.90 |
| 1414 | | $4,453.54 | $92.23 |
| 1415 | | $98,465.75 | $2,039.30 |
| 1416 | | $554,289.04 | $11,479.76 |
| 1417 | | $100,000.00 | $2,071.08 |
| 1418 | | $16,119.38 | $333.84 |
| 1418 | | $43,132.10 | $893.30 |
| 1421 | | $31,180.77 | $645.77 |
| 1422 | | $590,279.94 | $12,225.16 |
| 1423 | | $91,484.87 | $1,894.72 |
| 1424 | | $18,010.71 | $373.01 |
| 1427 | | $210,943.92 | $4,368.81 |
| 1428 | | $285,058.26 | $5,903.78 |
| 1429 | | $83,455.63 | $1,728.43 |
| 1430 | | $147,750.42 | $3,060.02 |
| 1431 | | $138,890.57 | $2,876.53 |
| 1432 | | $146,443.74 | $3,032.96 |
| 1433 | | $112,844.13 | $2,337.09 |
| 1436 | | $133,412.19 | $2,763.07 |
| 1438 | | $371,123.15 | $7,686.25 |
| 1439 | | $150,000.00 | $3,106.62 |
| 1440 | | $765,849.11 | $15,861.34 |
| 1443 | | $23,859.64 | $494.15 |
| 1445 | | $46,076.71 | $954.28 |
| 1446 | | $125,000.00 | $2,588.85 |
| 1447 | | $103,503.00 | $2,143.62 |
| 1450 | | $84,231.28 | $1,744.49 |
| 1451 | | $67,904.35 | $1,406.35 |

SCHEDULE A

| | | | |
|---|---|---|---|
| 1452 | | $89,069.14 | $1,844.69 |
| 1454 | | $29,914.31 | $619.54 |
| 1456 | | $100,024.00 | $2,071.57 |
| 1458 | | $216,013.74 | $4,473.81 |
| 1459 | | $203,631.79 | $4,217.37 |
| 1460 | | $35,504.78 | $735.33 |
| 1461 | | $125,000.00 | $2,588.85 |
| 1463 | | $41,949.69 | $868.81 |
| 1464 | | $150,000.00 | $3,106.62 |
| 1465 | | $612,483.21 | $12,685.01 |
| 1466 | | $81,650.00 | $1,691.03 |
| 1467 | | $56,152.16 | $1,162.95 |
| 1468 | | $47,252.03 | $978.62 |
| 1469 | | $161,256.55 | $3,339.75 |
| 1471 | | $12,885.17 | $266.86 |
| 1473 | | $100,000.00 | $2,071.08 |
| 1475 | | $100,000.00 | $2,071.08 |
| 1476 | | $40,277.20 | $834.17 |
| 1477 | | $245,008.19 | $5,074.31 |
| 1478 | | $50,398.20 | $1,043.78 |
| 1479 | | $75,000.00 | $1,553.31 |
| 1480 | | $149,087.67 | $3,087.72 |
| 1481 | | $9,145.51 | $189.41 |
| 1482 | | $1,000,000.00 | $20,710.80 |
| 1483 | | $41,625.08 | $862.08 |
| 1484 | | $47,052.83 | $974.50 |
| 1487 | | $262,340.00 | $5,433.27 |
| 1489 | | $2,694,697.54 | $55,809.34 |
| 1491 | | $200,000.00 | $4,142.16 |
| 1492 | | $52,022.04 | $1,077.41 |
| 1494 | | $43,563.79 | $902.24 |
| 1496 | | $43,508.03 | $901.08 |
| 1499 | | $60,726.54 | $1,257.69 |
| 1501 | | $626,317.56 | $12,971.53 |
| 1503 | | $103,554.17 | $2,144.68 |
| 1505 | | $13,032.89 | $269.92 |
| 1506 | | $14,324.94 | $296.68 |
| 1507 | | $285,000.00 | $5,902.57 |
| 1508 | | $126,841.82 | $2,626.99 |
| 1511 | | $89,298.63 | $1,849.44 |
| 1512 | | $33,350.63 | $690.71 |
| 1513 | | $119,649.56 | $2,478.03 |
| 1514 | | $41,041.00 | $849.99 |
| 1516 | | $131,101.79 | $2,715.22 |
| 1518 | | $50,762.58 | $1,051.33 |
| 1520 | | $109,798.36 | $2,274.01 |
| 1522 | | $33,391.48 | $691.56 |
| 1524 | | $46,021.92 | $953.15 |
| 1525 | | $82,557.66 | $1,709.83 |
| 1526 | | $200,000.00 | $4,142.16 |

- 21 -

SCHEDULE A

| | | |
|---|---:|---:|
| 1527 | $9,801.10 | $202.98 |
| 1529 | $100,000.00 | $2,071.08 |
| 1530 | $41,561.07 | $860.76 |
| 1531 | $28,291.97 | $585.94 |
| 1533 | $20,228.76 | $418.95 |
| 1534 | $19,978.08 | $413.76 |
| 1536 | $248,757.75 | $5,151.97 |
| 1537 | $85,180.85 | $1,764.16 |
| 1538 | $213,249.76 | $4,416.57 |
| 1539 | $100,000.00 | $2,071.08 |
| 1540 | $47,187.64 | $977.29 |
| 1542 | $19,954.40 | $413.27 |
| 1543 | $1,000,000.00 | $20,710.80 |
| 1544 | $103,226.64 | $2,137.90 |
| 1545 | $74,898.28 | $1,551.20 |
| 1547 | $38,819.89 | $803.99 |
| 1548 | $185,589.15 | $3,843.69 |
| 1550 | $100,000.00 | $2,071.08 |
| 1551 | $101,615.79 | $2,104.54 |
| 1553 | $87,203.31 | $1,806.05 |
| 1556 | $25,334.62 | $524.70 |
| 1557 | $250,000.00 | $5,177.70 |
| 1558 | $39,623.62 | $820.63 |
| 1559 | $250,000.00 | $5,177.70 |
| 1560 | $67,339.01 | $1,394.64 |
| 1562 | $28,859.58 | $597.70 |
| 1564 | $240,177.09 | $4,974.25 |
| 1565 | $621,045.41 | $12,862.34 |
| 1568 | $140,000.00 | $2,899.51 |
| 1569 | $156,146.85 | $3,233.92 |
| 1570 | $242,069.79 | $5,013.45 |
| 1571 | $46,501.32 | $963.07 |
| 1572 | $50,000.00 | $1,035.54 |
| 1573 | $59,630.22 | $1,234.98 |
| 1574 | $191,123.17 | $3,958.31 |
| 1576 | $48,153.00 | $997.28 |
| 1578 | $20,402.11 | $422.54 |
| 1579 | $72,321.97 | $1,497.84 |
| 1580 | $51,795.80 | $1,072.73 |
| 1582 | $517,418.68 | $10,716.15 |
| 1583 | $414,986.22 | $8,594.69 |
| 1584 | $47,241.08 | $978.40 |
| 1585 | $15,549.33 | $322.03 |
| 1586 | $120,702.35 | $2,499.84 |
| 1588 | $16,612.24 | $344.05 |
| 1591 | $149,501.89 | $3,096.30 |
| 1592 | $146,250.59 | $3,028.96 |
| 1593 | $50,000.00 | $1,035.54 |
| 1594 | $29,938.26 | $620.04 |
| 1595 | $40,840.08 | $845.83 |
| 1597 | $1,952,480.67 | $40,437.43 |
| 1598 | $857,334.28 | $17,756.07 |

- 22 -

SCHEDULE A

| | | |
|---|---|---|
| 1600 | $32,307.32 | $669.11 |
| 1601 | $31,917.97 | $661.04 |
| 1603 | $75,863.81 | $1,571.20 |
| 1605 | $57,209.61 | $1,184.85 |
| 1606 | $87,664.36 | $1,815.59 |
| 1608 | $186,886.23 | $3,870.56 |
| 1609 | $95,721.14 | $1,982.46 |
| 1610 | $87,920.37 | $1,820.90 |
| 1611 | $259,313.02 | $5,370.58 |
| 1612 | $99,605.48 | $2,062.90 |
| 1613 | $81,507.23 | $1,688.07 |
| 1615 | $38,152.42 | $790.16 |
| 1616 | $202,068.62 | $4,185.00 |
| 1619 | $40,282.62 | $834.28 |
| 1620 | $211,104.83 | $4,372.14 |
| 1621 | $337,078.76 | $6,981.17 |
| 1622 | $200,425.61 | $4,150.97 |
| 1624 | $49,001.38 | $1,014.85 |
| 1625 | $146,514.83 | $3,034.43 |
| 1627 | $118,123.60 | $2,446.43 |
| 1628 | $151,094.47 | $3,129.28 |
| 1629 | $96,232.21 | $1,993.04 |
| 1630 | $175,000.00 | $3,624.39 |
| 1631 | $41,457.24 | $858.61 |
| 1632 | $20,182.48 | $417.99 |
| 1634 | $141,515.49 | $2,930.89 |
| 1635 | $200,000.00 | $4,142.16 |
| 1637 | $420,822.84 | $8,715.57 |
| 1638 | $39,557.87 | $819.27 |
| 1639 | $94,972.51 | $1,966.95 |
| 1641 | $39,512.33 | $818.33 |
| 1642 | $500,000.00 | $10,355.40 |
| 1644 | $125,000.00 | $2,588.85 |
| 1645 | $1,016,278.73 | $21,047.94 |
| 1646 | $200,000.00 | $4,142.16 |
| 1649 | $2,338.89 | $48.44 |
| 1651 | $54,522.15 | $1,129.19 |
| 1654 | $42,813.52 | $886.70 |
| 1656 | $100,000.00 | $2,071.08 |
| 1657 | $55,387.26 | $1,147.11 |
| 1658 | $35,140.74 | $727.79 |
| 1660 | $71,837.95 | $1,487.82 |
| 1661 | $48,742.92 | $1,009.50 |
| 1662 | $58,171.20 | $1,204.77 |
| 1663 | $80,891.32 | $1,675.32 |
| 1664 | $78,414.12 | $1,624.01 |
| 1666 | $50,000.00 | $1,035.54 |
| 1667 | $44,162.86 | $914.64 |
| 1668 | $179,105.93 | $3,709.42 |
| 1669 | $357,360.72 | $7,401.22 |
| 1671 | $276,180.82 | $5,719.92 |
| 1672 | $91,003.07 | $1,884.74 |

- 23 -

SCHEDULE A

| | | |
|---|---|---|
| 1673 | $100,000.00 | $2,071.08 |
| 1674 | $150,000.00 | $3,106.62 |
| 1675 | $50,000.00 | $1,035.54 |
| 1677 | $100,000.00 | $2,071.08 |
| 1679 | $80,601.11 | $1,669.31 |
| 1680 | $100,000.00 | $2,071.08 |
| 1681 | $41,043.14 | $850.03 |
| 1682 | $56,124.57 | $1,162.38 |
| 1683 | $91,190.07 | $1,888.61 |
| 1685 | $16,612.24 | $344.05 |
| 1687 | $100,000.00 | $2,071.08 |
| 1688 | $54,480.83 | $1,128.34 |
| 1690 | $45,967.12 | $952.01 |
| 1691 | $253,547.65 | $5,251.17 |
| 1693 | $228,218.91 | $4,726.59 |
| 1694 | $55,713.10 | $1,153.86 |
| 1696 | $49,131.15 | $1,017.54 |
| 1698 | $57,398.86 | $1,188.77 |
| 1699 | $256,499.46 | $5,312.30 |
| 1701 | $41,225.22 | $853.80 |
| 1703 | $779,570.65 | $16,145.53 |
| 1704 | $100,000.00 | $2,071.08 |
| 1707 | $200,000.00 | $4,142.16 |
| 1707 | $69,868.48 | $1,447.03 |
| 1708 | $50,000.00 | $1,035.54 |
| 1709 | $250,000.00 | $5,177.70 |
| 1710 | $100,000.00 | $2,071.08 |
| 1711 | $250,000.00 | $5,177.70 |
| 1712 | $263,969.77 | $5,467.02 |
| 1713 | $250,000.00 | $5,177.70 |

| | | |
|---|---|---|
| 561 Media, Inc | $404.85 | $8.38 |
| A Big Change | $442.40 | $9.16 |
| Accountemps - Robert Half International INC | $8,220.00 | $170.24 |
| Addison Search, LLC | $7,896.00 | $163.53 |
| Ambius | $2,227.00 | $46.12 |
| Arc Environmental, Inc | $9,240.00 | $191.36 |
| Avendra Replenishment LLC | $12,678.35 | $262.57 |
| Avenue Bank | $313,651.66 | $6,495.97 |
| B&F Coffee | $934.08 | $19.34 |
| Booking.com BV | $107.64 | $2.22 |
| Bradley Arant Boult Cummings | $67,071.64 | $1,389.10 |
| Broadway Bank | $5,125,000.00 | $106,142.85 |
| Burr & Forman LLP | $2,833.80 | $58.69 |
| CB Richard Ellis | $4,500.00 | $93.19 |
| Chaffe McCall | $4,088.06 | $84.66 |
| Chaney Company | $30,164.20 | $624.72 |
| Chico & Nunes | $4,365.00 | $90.40 |
| CIT Technology Fin Serv, Inc | $6,481.92 | $134.24 |
| Close Brothers (Cayman) Limited | $18,454.56 | $382.20 |
| Cogent Communications | $7,696.58 | $159.40 |
| Communicar Inc. | $2,306.79 | $47.77 |

SCHEDULE A

| | | |
|---|---|---|
| Continental Partition Systems | $11,267.60 | $233.36 |
| Dearr Perdigon | $8,285.33 | $171.59 |
| Dell Financial Services | $101,608.00 | $2,104.38 |
| Delta Furniture Inc. | $699.95 | $14.49 |
| DHL Express (USA) Inc. | $386.56 | $8.00 |
| Dresner Corporate Services | $28,162.89 | $583.27 |
| E. W. Schramm, Inc. | $25,735.00 | $532.99 |
| EZYield.com | $2,657.10 | $55.03 |
| First Contact HR | $59.00 | $1.22 |
| Fox Valley Fire & Safety | $5,274.00 | $109.22 |
| G&H Partners AG | $4,075,000.00 | $84,396.51 |
| General Electric Capital Corp. | $96,656.51 | $2,001.83 |
| Goldberg Kohn | $18,942.95 | $392.32 |
| Gordon & Greenberg Architects | $30,232.78 | $626.14 |
| Haugh & Associates | $2,394.05 | $49.58 |
| Henricksen | $33,612.31 | $696.13 |
| Home State Leasing Corporation | $8,597.75 | $178.06 |
| Horwood Marcus & Berk | $3,262.50 | $67.56 |
| HQ - dba Regus | $6,356.96 | $131.65 |
| Hydrotech | $2,700.00 | $55.91 |
| Integrated Management Solutions USA LLC | $20,957.50 | $434.04 |
| International Jet Charter, Inc. | $6,075.54 | $125.82 |
| Jefferson Business Interiors | $802.00 | $16.61 |
| Jerusalem Foundation | $1,200.00 | $24.85 |
| JJ Blake Technical Services | $1,600.00 | $33.13 |
| Jray Inc | $47,087.02 | $975.20 |
| K&L Gates | $18,216.67 | $377.28 |
| Katten Muchin Rosenman LLP | $32,898.61 | $681.35 |
| KraftCPAs, PLLC | $84,117.31 | $1,742.13 |
| Labor Ready | $57.64 | $1.19 |
| Lillig & Thorsness, Ltd | $90,000.00 | $1,863.97 |
| Locke Lord Bissell & Liddell | $11,197.50 | $231.90 |
| Mid-America Tile Inc. | $765.59 | $15.85 |
| MTS Seating | $5,074.05 | $105.08 |
| Nashville Commercial | $9,052.98 | $187.49 |
| NDX Capital Management | $12,159.26 | $251.82 |
| Newmarket International | $4,290.00 | $88.84 |
| Onity Inc | $48,754.95 | $1,009.75 |
| Peerless Fence | $5,600.20 | $115.98 |
| Perennial Restaurant | $59,781.02 | $1,238.11 |
| Pitney Bowes | $4,801.68 | $99.44 |
| Point B Communications | $55,012.06 | $1,139.34 |
| Premium Financing Specialists | $254.12 | $5.26 |
| Prima Business Services | $180.00 | $3.72 |
| PRM, Ltd. | $27,716.00 | $574.02 |
| Reznick Group P.C. | $15,925.00 | $329.81 |
| Richard G. Baccari & Company, LLP | $9,998.36 | $207.07 |
| Ricoh Americas Corporation | $2,981.13 | $61.74 |
| Robbins, Salomon and Patt, Ltd | $20,336.95 | $421.19 |
| Rothberg Logan & Warsco LLP | $17,963.51 | $372.03 |
| Rudy, Wood & Winstead, PLLC | $25,247.92 | $522.90 |
| Sadis & Goldberg | $22,240.00 | $460.60 |

SCHEDULE A

| | | |
|---|---:|---:|
| Sheldon Lieb | $27,142.00 | $562.13 |
| SICO America Inc | $4,924.68 | $101.99 |
| Siebert Engineers Inc. | $26,673.57 | $552.43 |
| Softbrands | $985.11 | $20.40 |
| Tee Jay Service | $3,327.50 | $68.91 |
| Tenant Building Group | $4,750.00 | $98.37 |
| The Equipment Leasing Company | $1,009.78 | $20.91 |
| Thompson, Katherine (see Prima Business services) | $113.78 | $2.35 |
| Touchtel Technology Group & Electrical Services | $2,321.43 | $48.07 |
| United Jewish Federation of Tidewater | $2,775.00 | $57.47 |
| Urban Real Estate Research | $5,000.00 | $103.55 |
| USA Wireless Satellite TV | $3,035.94 | $62.87 |
| Village of Riverside | $528.80 | $10.95 |
| Wachovia Business Lease | $4,587.26 | $95.00 |
| Walsh Communications, L. L. C. | $9,446.48 | $195.64 |
| Waste Management | $669.16 | $13.85 |
| West Town Refrigeration | $22,320.96 | $462.28 |
| Xenon Capital Management | $19,387.12 | $401.52 |
| Total: | $241,420,235.46 | $5,000,000.34 |

# Exhibit B

Dewey & LeBoeuf LLP
1101 New York Avenue, NW
Washington, DC 20005-4213

tel 1-888-518-2410
email: wextrustreceiver@dl.com

# DEWEY & LEBOEUF

December 23, 2009

Re:  **Wextrust First Interim Distribution**

Dear Wextrust Investors and Creditors:

I am pleased to announce that the first interim distribution is in process and distribution checks will be mailed by December 31, 2009.  This first interim distribution is being made pursuant to the Court's order dated December 22, 2009 approving the distribution of receivership assets in specific amounts to qualified Wextrust victims.  A copy of this order, which includes a redacted list of all first interim distribution amounts to be paid, is attached to this letter.

I continue to manage the remaining Wextrust assets in order to maximize the amount available for distributions.  I will recommend that future distributions be paid on a periodic basis, after Court approval, as available.  The timing and amounts of future distributions will be based on sales of Wextrust assets and other recoveries.  Additional information regarding the distribution process will accompany each victim's first interim distribution check.  General information relating to the Receivership is updated regularly and available on the Receivership website at www.wextrustreceiver.com.

I will continue to provide current information regarding case developments, and will remain available to respond to your inquiries.  I welcome your questions, comments, and suggestions.  I appreciate your continued patience and support as we confront the challenges of this case together in 2010.

Very truly yours,

Timothy J. Coleman
Wextrust Receiver