UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION         :
                                           :
                Plaintiff,            :
                                           : 08 Civ. 07104 (DC)
             - against -           : ECF CASE
                                           :
STEVEN BYERS, et al.,                      :
                                           :
                Defendants.           :
-------------------------------------------------------------------------------x

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
STATEMENT IN SUPPORT OF RECEIVER'S MOTION
FOR AN ORDER IN AID OF THIS COURT'S JURISDICTION**

      Plaintiff, Securities and Exchange Commission ("SEC"), supports the Receiver's Motion for an Order in Aid of this Court's Jurisdiction ("Motion") and respectfully represents as follows:

      The SEC fully supports the Receiver's request that this Court enjoin Liberty Mutual Insurance Company ("Liberty") and Westport Insurance Corporation ("Westport") from commencing or prosecuting any action against the Receiver involving Receivership assets in any forum other than this Court including the declaratory judgment action that Liberty filed in the United States District Court for the Northern District of Illinois (the "Illinois Action"). A copy of the complaint filed in the Illinois Action (the "Liberty Complaint") is annexed to the July 26, 2011 Affidavit of Randy Paar as Exhibit B. The SEC believes that Liberty's filing of the Illinois Action is in direct contravention of this Court's September 11, 2008 Amended Order Appointing Temporary Receiver (the "Receiver Order"), which orders in relevant part at page 6 that "no person or entity . . . shall take any action to interfere with the taking control, possession, or management of the [Receivership] assets, including, but not limited to, the filing of any lawsuits, liens, or

encumbrances, or bankruptcy cases to impact the property and assets subject to this order."

With full knowledge of the Receiver Order and the Receiver's $13 million plus settlement agreement with Much Shelist Denenberg Ament & Rubenstein, P.C. ("Much Shelist"), pursuant to which Much Shelist assigned to the Receiver "all claims and rights to payment" for the settlement amount under its respective insurance policies with Westport and Liberty, Liberty filed the Illinois Action in a transparent attempt to deprive this Court of jurisdiction over Receivership property in the form of the Receiver's claims against the proceeds of the Liberty insurance policy.  *See SEC v. Credit Bancorp, Ltd.*, 93 F. Supp. 2d 475, 477 (S.D.N.Y. 2000) (cited in the Receiver Memorandum at 10).  *Cf.*, *Agribiotech, Inc. v. Thomas*, 319 B.R. 207, 211-12 (D. Nev. 2004) (third-party causes of action assigned to bankruptcy estate for the benefit of the estate become estate property).

In the Illinois Action Liberty claimed that that the Receiver was "arguably a nominal party in interest" and that it did not "seek any affirmative relief against the Receiver."  *See* Complaint at ¶ 8.  However, as discussed more fully in the Receiver Memorandum, Liberty is seeking affirmative relief that it has no payment obligations to any Much Shelist assignees under the Liberty insurance policy.  *See* Liberty Complaint at ¶¶ 2, 74 and 83.  It also apparently seeks to enjoin any Much Shelist assignees from suing Liberty.  *See* Liberty Complaint at ¶ 75 (Liberty requests that the court enter an order "[d]eclaring that no legal action may be taken against the Liberty Policy by Much Shelist or its assignees.")  To the SEC staff's knowledge, the Receiver is the only known assignee under the Liberty insurance policy.

Moreover, it is clear from a reading of the Liberty Complaint that Liberty's primary concern is its potential liability to the Receiver, as assignee under the Liberty insurance policy. In paragraph 67 of the Liberty Complaint Liberty acknowledges that "[i]n the Settlement Agreement, Much Shelist assigns to the Receiver, to the fullest extent permitted by law, all claims and rights to payment for the settlement against Westport and Liberty in exchange for an unfunded settlement of $13 million." The only logical conclusion is that Liberty filed the Illinois Action in an effort to hamper the Receiver's ability to assert the Receivership's claims against the proceeds of the Liberty insurance policy in this Court.[1]

As set forth in the Receiver's Memorandum, there is ample support for the Court's authority to enjoin litigation over Receivership property. Here, the Receiver's claims to the proceeds of the Liberty and Westport policies constitute valuable Receivership property that represent a potential source of recovery to the victims of the Wextrust fraud. As Liberty's action shows, this Court's intervention is necessary to preserve valuable receivership property for the benefit of the defrauded investors. Accordingly, for all of the reasons set forth in the Receiver's Memorandum, the SEC

---

[1] Violation of the Court's Receiver Order by a non-party with knowledge of the order may be punishable by contempt. *See, e.g., SEC v. Current Fin. Servs., Inc.*, 798 F. Supp. 802, 806 (D.D.C. 1992).

supports the Receiver's Motion.

Dated: New York, New York
July 29, 2011

/s/Neal Jacobson
Neal Jacobson
Alistaire Bambach
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 4300
New York, New York 10281
(212) 336-0095
Fax:  (212) 336-1324