**WALKER WILCOX MATOUSEK LLP**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/2011

William P. Bila
Robert P. Conlon
Edward P. Gibbons
Celeste M. King
Gary L. Lockwood
Paul F. Matousek
David E. Walker
Mark D. Wilcox

July 29, 2011

Robert P. Conlon
Tel.: (312) 244-6767
rconlon@wwmlawyers.com

**VIA FAX**
(212) 857-2346

Hon. Denny Chin
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *S.E.C. v. Byers, et al.*
U.S. District Court, Southern District of New York
Case No. 08 Civ. 7104 (DC)

Dear Judge Chin:

We write to clarify Westport's position following Ms. Paar's July 28 letter. As we indicated in our prior correspondence, Westport has now been sued in two venues – Liberty sued Westport in Chicago, and the receiver has sued Westport in New York. Both lawsuits present the issue of whether the settlement between the receiver and Much Shelist is covered under the insurance policy Much Shelist purchased from Westport. Westport has not initiated any action concerning coverage.

For purposes of the upcoming hearing, Westport's position is simply that the issue of whether the settlement is *covered* under the policy is different than whether the settlement meets the standard for approval by this Court. As we tried to explain in our prior correspondence, Illinois law provides the legal framework for determining whether the settlement is covered under the policy, and the issue of whether the settlement is covered must be determined in an appropriate action with discovery available to both sides. Indeed, the receiver acknowledged this point in his brief in support of his motion or settlement approval, where he explained that, in a subsequent proceeding against Much Shelist's insurers, he would have the burden to prove "that Much Shelist...reasonably entered into the settlement agreement, that the amount of the settlement was reasonable, and that the malpractice claim was covered." (Dkt. No. 705 at 16.) Now, however, the receiver apparently wants the Court to summarily decide those issues at the

225 W. Washington Street, Suite 2400 • Chicago, IL 60606-3418 • Main 312.244.6700 • Fax 312.244.6800/6801

Hon. Denny Chin
July 29, 2011
Page 2 of 2

upcoming hearing to determine whether the settlement agreement should be approved in the first place.

The receiver's current position is incorrect. The Court must first decide whether to approve the settlement by determining whether it is in the "best interests of the receivership." Westport does not, and cannot, take a position on that issue. If the Court approves the settlement, then the coverage issue will become ripe, and the parties can litigate coverage in an appropriate forum. Whether that forum is New York or Chicago is yet to be determined, and resolution of the venue issue should also await the Court's decision on whether to approve the settlement. Otherwise, if the Court rejects the settlement, the issue is moot.

Very truly yours,

WALKER WILCOX MATOUSEK LLP

Robert P. Conlon

cc:   Randy Paar (via email – rpaar@kasowitz.com)
      Paula E. Litt (via email – litt@sw.com)
      Carletta F. Higginson (via email – chigginson@jenner.com)
      Charles F. Morrissey (via email – cmorrissey@karballaw.com)

8/1/11

It is hereby ORDERED that Westport (by counsel) appear for the hearing/conference scheduled for 8/3/11, at 2pm, in Courtroom 11A. This appearance is without prejudice to any arguments or defenses Westport may have, including jurisdictional defenses. SO ORDERED.

USCJ

TOTAL P.03