**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/2011

The Honorable Denny Chin
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1020
New York, NY 10007
(212) 805-7906 (fax)

RECEIVED
JUL 28 2011
JUDGE DENNY CHIN
U.S. COURT OF APPEALS

JOHN K. WARREN
701 Pennsylvania Avenue NW
Suite 600
Washington DC 20004-2692
T +1 202 777 4500
Direct T +1 202 777 4580
F +1 202 777 4555
E john.warren@freshfields.com
W www.freshfields.com

DOC ID US1021935/9+
CLIENT MATTER NO. 156165-0001

By Facsimile and Federal Express

July 26, 2011

    Re: *Securities and Exchange Commission v. Byers, et al.*,
         Civil Action No. 08-Civ-7104 (DC)

Dear Judge Chin:

     By this letter application, the Receiver respectfully requests limited relief from the litigation stay to relinquish the receivership's interests in a multi-use office building located in Peoria, Illinois ("the Property") managed by Defendant Wextrust Equity Partners, LLC. The Property is generating insufficient income to cover its expenses, cannot be sold for greater than the secured debt on the property, and thus presents no value to the Wextrust investors. Accordingly, the Receiver respectfully requests permission to enter into a Deed in Lieu of Foreclosure Agreement (the "Agreement") with the Property's secured creditor, TCF National Bank ("TCF").[1] A copy of the Agreement is attached as Exhibit A to this letter.

     Pursuant to the Amended Order Appointing Temporary Receiver (the "Receiver Order") (Dkt. No. 36), because the Property has a cost basis in excess of $750,000, court approval is required before the Receiver may relinquish interests in the Property. Moreover, the Receiver must provide at least four days' written notice of the request to the individual defendants, the SEC, and all parties who have filed notices of appearance in this case. (Receiver Order at 8.) The Court has approved similar requests by the Receiver to relinquish other receivership assets

---

[1] TCF is a secured creditor of Peoria Office Holdings, LLC, an entity related to Defendants Wextrust Capital, LLC and Wextrust Equity Partners, LLC ("WEP"). WEP is the manager of Peoria Office Managers, LLC. Peoria Office Managers, LLC is the manager of Peoria Office Investors, LLC, which in turn is the member of Peoria Office Holdings, LLC.

The Freshfields Bruckhaus Deringer US LLP partners include members of the Bars of the State of New York and the District of Columbia, Solicitors of the Supreme Court of England and Wales and Rechtsanwälte of Germany

Abu Dhabi  Amsterdam  Bahrain  Barcelona  Beijing  Berlin  Brussels  Cologne  Dubai  Düsseldorf
Frankfurt am Main  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  London  Madrid  Milan
Moscow  Munich  New York  Paris  Rome  Shanghai  Tokyo  Vienna  Washington

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

2|5

that presented no value to the Wextrust investors on several prior occasions. Although the type of relief sought in this letter application ordinarily has been the subject of a formal relinquishment motion, the Receiver respectfully requests that the Court consider this letter application in order to minimize administrative costs to the receivership estate in drafting formal moving papers. As this letter application has been served on the individual defendants or their counsel, the SEC, and all counsel of record in this case – and will also be posted to the receivership website as soon as practicable – sufficient written notice has been provided to all interested parties in accordance with the Receiver Order.

## Background

On or about December 10, 2007, Wextrust affiliate Peoria Office Holdings, LLC ("POH") and TCF entered into a loan agreement (the "Loan Agreement"), pursuant to which TCF agreed to lend to POH certain amounts as provided in that agreement. Also on or about December 10, 2007, POH executed and delivered to TCF its Term Note (the "Term Note") which evidenced the indebtedness of POH to TCF pursuant to the Loan Agreement (the "Indebtedness"). As of June 28, 2011, the principal amount of the Indebtedness, together with accrued but unpaid interest and late fees, was $11,234,430.93.

As security for the Indebtedness, POH executed and delivered to TCF, among other things:

   a. a Mortgage dated December 10, 2007 (the "Mortgage") covering the Property;

   b. an Assignment of Rents and Leases dated December 10, 2007 (the "Lease Assignment") concerning the Property; and

   c. a Collateral Pledge Agreement dated December 10, 2007 (the "Pledge Agreement") relating to proceeds in a Property Maintenance Reserve Account established pursuant to the Loan Agreement (the Loan Agreement, the Term Note, the Mortgage, the Lease Assignment and the Pledge Agreement are collectively referred to as the "Loan Documents").

The liens and security interests of TCF were and are duly recorded and perfected under applicable law. Pursuant to the Mortgage, TCF holds a mortgage lien covering the Property. Pursuant to the Mortgage and the Lease Assignment, TCF holds a lien and security interest in all

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

3|5

rents, income, issues and profits (and proceeds thereof) due or to become due with respect to, or derived from, the Property, and all leases relating to the Property.

### The Current Status of the Property

Due to the termination of several leases relating to the Property, greater than 44% of the leasable space in the Property is vacant. The market for office space in Peoria, Illinois remains soft, and improvements to the Property will be required in order to attract new tenants. At this time, the value of the Property does not exceed the amount of TCF's secured interest, and a sale of the Property would not produce any monetary return to the receivership estate.

Specifically, the Property is encumbered with more than $11 million in senior secured debt owing to TCF, an amount that continues to increase with time. The rents that the Receiver is collecting are insufficient to meet all expenses associated with carrying the Property, including operating expenses, debt service payments, required escrow payments and capital improvement costs. POH has not made full debt service payments to TCF as required under the Loan Documents since January 2010.

Although continuing efforts to sell or otherwise dispose of the Property are unlikely to yield any recovery to the receivership estate, the estate continues to incur administrative costs in connection with the Property. These facts, as well as the analysis below, have led the Receiver to conclude that it would be in the best interests of the estate to relinquish the Property to TCF by way of the Agreement rather than continuing to manage and market the Property for sale.

### The Agreement

Among other terms, the Agreement calls for the Receiver, on behalf of POH, to convey to TCF fee simple title to the Property by quit claim deed, free and clear of any rights of redemption (with TCF as grantee under the deed). The Agreement also requires the Receiver, on behalf of POH, to convey to TCF, by quit claim bill of sale, all of POH's rights, title and interest to personal property located at the Property, and by quitclaim assignments, (i) all contracts related to the operation and maintenance of the Property, (ii) leases entered into in connection with the Property, and (iii) intangibles used in connection with the Property. The Receiver executed the Agreement on June 24, 2011, contingent upon final approval by this Court.

US1021935/9+

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

4|5

### Applicable Legal Standards

The Court has jurisdiction over the Property and the Receiver has been authorized to take possession and control of it. *See* 28 U.S.C. § 754 ("A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall . . . be vested with complete jurisdiction and control of all such property with the right to take possession thereof."). It is within a district court's equitable discretion to permit a receiver to relinquish any rights to assets within the receivership when they cease to have value to the estate. *See* 65 Am. Jur. 2d Receivers § 153 (2008) ("If a receiver determines that a particular asset has so little value as to make its administration unprofitable, the receiver may petition the court for an instruction to abandon the asset as worthless."); *cf.* 11 U.S.C. § 554(a) (trustee in bankruptcy may abandon property of the estate that is burdensome or that is of inconsequential value and benefit to the estate).

### Discussion and Request for Relief

This Court has previously authorized the Receiver to relinquish property in order to preserve and maximize the value of the estate, and also out of consideration for the rights of secured creditors. (*See* Dkt. Nos. 160, 198-200, 202, 245-46, 300-01, 399, 427, 649.) The Receiver respectfully submits that the Court should grant the relief requested for substantially the same reasons as in the previously-approved transactions.

The Property is encumbered with senior, secured debt, which continues to increase over time. Rents generated are insufficient to meet debt-service requirements and other necessary expenditures. Continuing efforts to sell or otherwise dispose of the Property are highly unlikely to yield any monetary recovery. In the meantime, the receivership estate continues to incur administrative and other carrying costs to manage the property. Based on current economic and market conditions, the Receiver has no factual basis for a determination that the value of the Property is likely to increase in the foreseeable future to a level that would result in recoveries for the receivership estate.

After considering the facts and all available options, the Receiver has concluded that the relief sought is the best alternative for all Wextrust stakeholders. Accordingly, the Receiver respectfully submits that it would be in the best interests of the estate to relinquish the Property. *See SEC v. TLC Investments and Trade Co.*, 147 F. Supp. 2d 1031, 1036 (C.D. Ca. 2001) (authorizing prejudgment liquidation of assets by receiver where "ongoing management alone will drain money out of the estate, money that otherwise could be returned to investors").

 **FRESHFIELDS BRUCKHAUS DERINGER US LLP**

5|5

For the forgoing reasons, the Receiver submits that the settlement and compromise embodied in the attached Agreement is appropriate at this juncture. Therefore, the Receiver respectfully requests that Your Honor so order this letter, approving the Agreement between the Receiver and TCF following the terminus of the requisite 4 business days' objection period.

Respectfully,

*[signature]*

John K. Warren

CC (Via Electronic Mail):
*Counsel of Record*

*[handwritten:]* This application is GRANTED.

SO ORDERED.

*[signature]*

USCJ
Sitting By Designation
8/5/11

US1021935/9+