Case 1:08-cv-07104-DC Document 792-1 Filed 05/14/12 Page 2 of 8




**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

STEVEN BYERS, JOSEPH SHERESHEVSKY, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST DEVELOPMENT GROUP, LLC, WEXTRUST SECURITIES, LLC, and AXELA HOSPITALITY, LLC,

Defendants,

- and -

ELKA SHERESHEVSKY,

Relief Defendant.

No. 08 Civ. 7104 (DC)

ECF Case

DC

**~~[PROPOSED]~~ FINAL JUDGMENT AND BAR ORDER**

On the motion of Timothy J. Coleman, duly appointed Receiver herein (the "Receiver"), for an Order Approving Settlement Agreement with Much Shelist PC ("Much Shelist" as defined in the Settlement Agreement), Westport Insurance Corporation ("Westport" as defined in the Settlement Agreement), and Liberty Mutual Insurance Company ("Liberty" as defined in the Settlement Agreement), (together, the "Released Parties" as defined in the Settlement Agreement), and Barring Third-Parties, Including All Investors and Creditors, from the Filing of or Continuing Prosecution of Claims against the Released Parties (the "Motion"), the Court has reviewed and considered (1) the Memorandum of Law in Support of the Motion;

(2) the Declaration of Randy Paar in Support and the exhibits thereto; and (3) this Court's prior Orders. DC

and for the reasons stated on the record on 6/28/12,

Based on consideration of the foregoing, the Court finds that a proper showing has been made for the relief granted herein because the Receiver, based on advice from his professional advisors, has determined that litigation, pursuit and liquidation of any claims against the Released Parties is likely to be time-consuming and expensive, may not yield satisfactory returns to the investors in the Wextrust Entities and Affiliates, and may expose the receivership estate to claims from the Released Parties that are being released and discharged as part of the settlement.

The Court has jurisdiction over the subject matter of this motion and due and adequate notice has been transmitted to those persons or entities who could reasonably be identified as having invested in the Wextrust Entities and Affiliates, and all Wextrust Entities and Affiliates' creditors. All such persons having any objection to the proposed Settlement having been given an opportunity to present such objections to the Court, and the Court having heard all parties and having considered all papers filed in connection therewith, and otherwise being fully informed, and for good cause appearing herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Receiver's Motion is granted in all respects and objections, ~~if any~~, are overruled to the extent such objections have not been previously withdrawn, waived, or settled. DC

2. This Final Judgment ("Final Judgment") incorporates by reference the definitions in the Settlement Agreement and Release, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement and Release.

3. This Court has jurisdiction over the subject matter of the Receiver's activities herein on behalf of the Wextrust Entities and Affiliates, including all matters necessary to effectuate the Settlement. Without in any way affecting the finality of this Final Judgment, this Court hereby retains jurisdiction over: (a) implementation of the Settlement and any award or distribution of any settlement proceeds, including interest earned thereon; and (b) all Parties for the purpose of construing, enforcing, and administering the Settlement Agreement and Release.

4. The Court finds that adequate notice to the Wextrust Entities and Affiliates and their investors and creditors was given and was disseminated to investors who could be identified through reasonable effort. The Court also finds that the notice procedures provided the best notice practicable under the circumstances to all investors entitled to such notice. The notice procedures satisfied the requirements of due process under the U.S. Constitution, and any other applicable law.

5. The Court finds that the Settlement Agreement and Release, the Settlement, and the consideration exchanged for the Settlement ("Settlement Amount") are in all respects fair, reasonable, and adequate, meet the requirements of due process, and are in the best interests of the Wextrust Entities and Affiliates and their investors and creditors. The Court approves the Settlement Agreement and Release, Settlement, and Settlement Amount in all respects, and orders the Parties to consummate the terms and provisions of the Settlement.

6. The Court further finds that the Settlement Agreement and Release, Settlement, and Settlement Amount have been entered into, made, and exchanged in good faith.

7. This Court has previously found that, because the Wextrust Entities and Affiliates were operated as a coordinated fraudulent scheme and the victims of the scheme were similarly

situated with respect to Wextrust, irrespective of the specific nature of their investments, it is appropriate that the Receiver make a *pro rata* distribution of the assets that are either part of the Wextrust enterprise or recovered by the Receiver. As a result, all investors and creditors will benefit from the Settlement Agreement, based on their receipt of a *pro rata* portion of the Settlement Amount.

8. This Court finds that the Settlement and this Final Judgment are and will be deemed to have released all Released Claims against the Released Parties, and all claims, including claims by investors and creditors of the Wextrust Entities and Affiliates, that could arise out of the work that Much Shelist performed for the Wextrust Entities and Affiliates are hereby barred. As to the Released Parties, each investor in and creditor of the Wextrust Entities and Affiliates shall further be deemed to have waived the rights afforded by California Civil Code § 1542 (regarding waiver of Unknown Claims) and any similar statute or law, or principle of common law of California or any other jurisdiction.

9. Neither the Settlement, this Final Judgment, the fact of settlement, nor any of the documents or statements referred to therein shall be: (a) construed as a concession or admission by the Released Parties with respect to any of the Released Claims or be deemed evidence of any violation of any statute or law or of any liability, fault, or wrongdoing with respect to the Released Claims; (b) offered or received against the Released Parties as an admission or concession that recovery could be had in any amount; (c) offered or received in evidence in any civil, criminal, or administrative action, arbitration, or other proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement; provided, however, that the Released Parties may file the Stipulation, Final Judgment, and/or any releases executed

in connection therewith in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The provisions of this Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay. The Court directs, pursuant to Fed. R. Civ. P. 54(b), this Judgment to be entered as a final judgment with respect to all matters decreed.

11. Entry of this Final Judgment and of final approval of the Settlement settles all claims that have been asserted or could have been asserted by the Receiver or Wextrust Entities and Affiliates' investors, on the one hand, and the Released Parties on the other hand. Every Wextrust Entities and Affiliates' investor and creditor shall be forever barred from commencing, instituting, or prosecuting the Released Claims or any action or other proceeding against any of the Released Parties with respect to the Released Claims.

12. All future claims for contribution arising out of the subject matter of the Settlement by any person other than a Released Party against any of the Released Parties are permanently barred to the fullest extent permitted by 15 U.S.C. § 78u-(f)(7)(A) and any other applicable law or regulation.

13. Judgment under Fed. R. Civ. P. 54(b) will not result in unnecessary appellate review, nor will review of the adjudicated claims moot any further developments in the SEC Action. Even if appeals are subsequently filed, the nature of these claims are such that the appellate court would not have to decide the same issue more than once. The reservation of

jurisdiction by this Court pursuant to Paragraph 3 shall not affect in any way the finality of this Final Judgment.

14. The Court finds that no just reason exists for delay in entering the Final Judgment. Accordingly, the Clerk of Court is directed to enter this Final Judgment.

15. Without in any way affecting the finality of the Final Judgment, this Court shall retain continuing jurisdiction over the litigation and the parties to the Settlement Agreement and Release to enter any future orders as may be necessary for the purposes of effectuating the Settlement and enforcing the Final Judgment.

16. The Receiver is hereby authorized to take any action and execute documents he may deem appropriate and/or necessary to execute this Order.

17. The fees and expenses incurred by Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz") in connection with this Settlement Agreement, as agreed to in the fee agreement between the Receiver and Kasowitz, are hereby approved. The Defendant Wextrust Entities, as the term is defined in the Receiver Order (Dkt. No. 36), are hereby authorized and directed to pay the fees and expenses of Kasowitz without further fee application and without further leave of this Court.

Case 1:08-cv-07104-DC Document 792-1 Filed 05/14/12 Page 8 of 8

18. Notwithstanding any motion for reconsideration or time for appeal, the terms of this Order shall be immediately enforceable and the parties to the Settlement Agreement may proceed under that agreement at any time after entry of this Order.

**SO ORDERED**

Dated: 6-29-12
New York, New York

Hon. Denny Chin
United States Circuit Judge,
Sitting By Designation