UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>  - against -<br><br>STEVEN BYERS, JOSEPH SHERESHEVSKY, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST DEVELOPMENT GROUP, LLC, WEXTRUST SECURITIES, LLC, and AXELA HOSPITALITY, LLC,<br><br>               Defendants. | No. 08 Civ. 7104 (DC)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
<u>TO CONFIRM SALE OF WORKMAN ROAD PROPERTY</u>**

 

Jonathan W. Ware, *pro hac vice*
Mia L. Havel, *pro hac vice*
FRESHFIELDS BRUCKHAUS DERINGER US LLP
701 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20004-2692
(202) 777-4500(t)
(202) 777-4555(f)

October 4, 2013                                                 *Attorneys for Receiver*

Timothy J. Coleman, Receiver ("Receiver") for the Defendant Wextrust Entities and all entities they control or in which they have an ownership interest (collectively, the "Wextrust Entities and Affiliates"), respectfully submits this memorandum in support of his motion to confirm the sale of a commercial real estate property in Knoxville, Tennessee (the "Workman Road Property"), which is owned by a Wextrust affiliate Workman Road Holdings, LLC. If approved, the transaction will yield sale proceeds of approximately $55,000 in net cash and a total economic benefit of $371,326 to the receivership estate through the release of property-specific escrow and related funds.

## BACKGROUND

The Workman Road Property is a 76,000-square foot warehouse facility situated on approximately five acres. It is located at 3551 Workman Road in Knoxville, Tennessee. Pursuant to the Court's Amended Order Appointing Temporary Receiver ("Receiver Order") (Dkt. No. 36), the Receiver took possession and control of the Workman Road Property and has managed it with the assistance of Wextrust employees and professional advisors. The Receiver's Plan of Management of the Wextrust Real Estate Portfolio ("Plan of Management") contemplated that the Receiver would hold the property in order to renew the lease of the sole tenant and eventually market and sell the property. (Dkt. No. 172 at 73.)

Wextrust purchased the Workman Road Property on March 17, 2006 for approximately $3.8 million. (*See* First Interim Report of Receiver ("First Interim Report") (Dkt. No. 88) at 42.) The property is owned by Workman Road Holdings, LLC, a single-asset entity, which in turn is 100 percent owned by Workman Road Investors, LLC. Workman Road Investors, LLC is managed by Workman Road Managers, LLC, which, in turn, is 100 percent owned by Wextrust

1

Equity Partners, LLC ("WEP"). (Declaration of Michael L. Gorney, sworn to October 4, 2013 ("Gorney Decl.") at ¶ 4.)

The purchase of the Workman Road Property was financed through the sale of securities and a mortgage loan. Wextrust raised funds from ten investors in the amount of $750,000. The remaining $3,060,000 million of the purchase price was funded through a secured mortgage loan. The building was fully leased through July 15, 2009 to a sole tenant, Owens & Minor Distribution, Inc. ("Owens"). (Gorney Decl. ¶¶ 6-7.)

At the time Wextrust purchased the Workman Road Property, it was leased fully to Owens. At the time of its purchase, the Workman Road Property was 100% leased to Owens under a lease which was set to expire on July 15, 2009. On July 1, 2009, the Receiver filed with the Court a motion to extend the lease for 3 years and 16 days, until July 31, 2013. The Court subsequently approved that motion on July 16, 2009. The current lease expires on July 31, 2014. (Gorney Decl. at ¶ 7.)

In February 2013, the Receiver terminated the prior broker involved with the Wextrust portfolio and retained the Nashville, Tennessee office of CB Richard Ellis, Inc. ("CBRE") to develop and execute a revised strategy for marketing the remaining receivership properties, including the Workman Road Property. After considering various strategies for the Workman Road Property, CBRE launched its marketing effort on April 24, 2013. CBRE broadcast the property's availability for sale to a database of more than 10,000 investors. CBRE entered into 49 confidentiality agreements with interested investors, allowing them access to the Wextrust industrial portfolio. (Gorney Decl. at ¶ 8-9.)

On July 30, 2013, a qualified purchaser experienced in private real estate investment and the acquisition of industrial properties submitted a bid for the Workman Road Property. (Gorney

Decl. at ¶ 12.) On August 28, 2013, the Receiver executed a Letter of Intent with the qualified purchaser with a Purchase Price of $3,000,000. The Owens lease will be assigned to the Buyer with all existing rights and obligations remaining. (Gorney Decl. at ¶¶ 13-17.) During the Buyer's due diligence and inspection period, the Buyer identified structural issues concerning the building and the Buyer expressed concerns about the market rate for the lease on the building, which expires next year. Resulting negotiations ended in a revised purchase price of $2,825,000. These issues were addressed in two amendments to the Contract of Sale executed on September 25, 2013 and October 4, 2013 (collectively with the Contract of Sale, the "Workman Road Sale Agreement") (Gorney Decl. at **Exhibit C**)). In order to make the transaction favorable to the receivership estate, CBRE voluntarily agreed to reduce its commission from $133,000 to $85,000. (Gorney Decl. at ¶ 15.)

## DISCUSSION

This Court has jurisdiction over the Workman Road Property, and has broad discretion and authority to approve a sale of the property. *See* 28 U.S.C. § 754. The Court has authorized the Receiver to "use, lease, sell, and convert into money all assets of the Wextrust Entities, either in public or private sales or other transactions on terms the Receiver reasonably believes based on his own experience and input from his advisors to be beneficial to the Wextrust Entities . . . ." (Receiver Order at 8.)

The Receiver determined that the Buyer's offer was in the best interests of the Receivership estate. After more than four years of marketing, and a renewed and targeted marketing effort by CBRE in 2013, the property received only one offer that would result in a benefit for the receivership estate. The Receiver accepted the Buyer's bid of of $2,825,000 at the advice of his real estate advisors. Additionally, CBRE voluntarily agreed to reduce its fee to

make the transaction favorable to the receivership estate.  The Receiver was confident that the Workman Road Property had received substantial marketing exposure through CBRE's industry-leading database of over 10,000 investors and potential purchasers were provided an adequate amount of time to submit bids.

The proposed sale of the Workman Road Property mitigates risks and administrative costs associated with continuing to hold property.  The current lease expires next year and the current tenant has resisted continued efforts to agree to a longer term lease.  Further, CBRE has advised that it is unlikely that the market value of the property will markedly increase in the near future or that another prospective buyer will emerge with a higher bid.  The sale will also facilitate the Receiver's work to wind up the estate, and it is consistent with the Receiver Order and the objectives outlined in the Receiver's Plan of Management.

Notice of the proposed sale is provided concurrently with this filing to all Defendants, all parties who have entered an appearance and/or requested notice of papers in this case, and the SEC.  Additionally, copies of these papers and notice of the sale of the Workman Road Property will be posted on the Receiver's website.  Any person with questions or concerns about the proposed transaction will have an adequate opportunity to raise any objections with the Receiver and the Court.

## CONCLUSION

Based on the foregoing, the Receiver respectfully requests that this Court enter an order confirming the sale of the Workman Road Property, authorizing the Receiver to sell the property pursuant to the terms and conditions of the Sale Agreement, and granting the Receiver such other relief it deems just and proper.

Dated: Washington, D.C.
          October 4, 2013

                                                    Respectfully submitted,

                                                    <u>s/ Jonathan W. Ware</u>
                                                    Jonathan W. Ware, *pro hac vice*
                                                    Mia L. Havel, *pro hac vice*
                                                    FRESHFIELDS BRUCKHAUS DERINGER US LLP
                                                    701 Pennsylvania Avenue, NW, Suite 600
                                                    Washington, DC 20004-2692
                                                    (202) 777-4500(t)
                                                    (202) 777-4555(f)

                                                    *Attorneys for Receiver*

Of counsel:
Lamine Hardaway

5

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, states that I am one of the attorneys for Timothy J. Coleman, Receiver, in this matter and do hereby certify that on October 4, 2013 I directed the service of a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION TO CONFIRM SALE OF THE WORKMAN ROAD PROPERTY** upon the following individuals in the manner indicated below:

**Via First Class Mail**
Joseph Shereshevsky, Registry No. 35857-054
c/o FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ  08640
Pro Se Defendant

**Via ECF Notification & Electronic Mail**
Alexander M. Vasilescu, Esq.
Andrew M. Calamari, Esq.
Steven G. Rawlings, Esq.
Alistaire Bambach, Esq.
Neal R. Jacobson, Esq.
Philip Moustakis, Esq.
Danielle Sallah, Esq.
Attorneys for Plaintiff SEC

**Via ECF Notification & Electronic Mail**
Barry S. Pollack, Esq.
Joshua L. Solomon, Esq.
Attorneys for non-party G&H Partners AG

**Via ECF Notification & Electronic Mail**
Barry S. Zone, Esq.
Jason Canales, Esq.
Attorneys for Defendant Steven Byers

**Via ECF Notification & Electronic Mail**
Michael Fred Bachner, Esq.
Attorney for Relief Defendant Elka Shereshevsky

**Via ECF Notification & Electronic Mail**
Philip A. Byler, Esq.
Andrew T. Miltenberg, Esq.

**Via ECF Notification & Electronic Mail**
Paul A. Levine, Esq.
Attorney for non-party Key Equipment Finance, Inc.

**Via ECF Notification & Electronic Mail**
Beth L. Kaufman, Esq.
Attorneys for non-party Lawrence Costa

**Via ECF Notification & Electronic Mail**
Harris Kay, Esq.
Marc X. LoPresti, Esq.
Attorneys for various non-party investors

**Via ECF Notification & Electronic Mail**
Edward P. Gilbert, Esq.
Attorney for non-party RAIT Partnership

**Via ECF Notification & Electronic Mail**
Francesca Morris, Esq.
Attorney for non-parties Ticor Title Insurance Co. and Heritage Community Bank

**Via ECF Notification & Electronic Mail**
John M. Bradham, Esq.
Peter B. Katzman, Esq.
Attorneys for non-parties Space Park AIM and ISSB Partnerships

**Via ECF Notification & Electronic Mail**
Alan E. Marder, Esq.
Attorney for non-parties Nashville Warehouse Partners and Southeast Warehouse Partners

**Via ECF Notification & Electronic Mail**
Edward F. Malone, Esq.

Ira S. Nesenoff, Esq.
James B. Daniels, Esq.
Attorneys for non-party Broadway Bank
**Via ECF Notification & Electronic Mail**
Shalom Jacob, Esq.
Shmuel Vasser, Esq.
Attorneys for non-party Int'l Ad-Hoc Committee of Wextrust Creditors

**Via ECF Notification & Electronic Mail**
Louis Orbach, Esq.
Charles J. Sullivan, Esq.
Attorneys for non-party TCF National Bank

**Via ECF Notification & Electronic Mail**
Elizabeth P. Gray, Esq.
Attorney for non-party Gerald Jaffe

**Via ECF Notification & Electronic Mail**
John P. Doherty, Esq.
Attorney for non-party Wells Fargo Bank N.A.

**Via ECF Notification & Electronic Mail**
Jeffrey L. Schwartz, Esq.
John P. Amato, Esq.
Stephen W. Ragland, Esq.
Clarence A. Wilbon, Esq.
Attorneys for non-party First Tennessee Bank National Association

**Via ECF Notification & Electronic Mail**
Gustav P. Rech, Esq.
Attorney for non-party Jerry B. Klein, C.P.A. & Associates

**Via ECF Notification & Electronic Mail**
Brett David Goodman, Esq.
Michael Edward Lacy, Esq.
Attorneys for non-parties Peck-Clarksville, LLC and B. David Peck

George R. Mesires, Esq.
Attorneys for non-parties Barrington and Hinsdale Banks
**Via ECF Notification & Electronic Mail**
Susan F. Balaschak, Esq.
Keith N. Costa, Esq.
John H. Rowland, Esq.
Attorneys for non-party Regions Bank

**Via ECF Notification & Electronic Mail**
Emily S. Alexander, Esq.
Attorney for non-party Martin Malek

**Via ECF Notification & Electronic Mail**
David B. Grantz, Esq.
Scott T. McCleary, Esq.
Attorneys for non-party Bank of America

**Via ECF Notification & Electronic Mail**
Michael I. Silverstein, Esq.
Gerard P. Brady, Esq.
Attorneys for non-party Erin Construction & Development Co., Inc.

**Via ECF Notification & Electronic Mail**
Alexander S. Lorenzo, Esq.
Attorney for non-party LNR Partners, Inc.

**Via ECF Notification & Electronic Mail**
Carletta F. Higginson, Esq.
Howard S. Suskin, Esq.
Kristen E. Hudson, Esq.
Paula E. Litt, Esq.
Stephen L. Ascher, Esq.
Attorneys for non-party Much Shelist Denenberg Ament & Rubinstein, P.C.


s/ Jonathan W. Ware_____
Jonathan W. Ware
1