UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

- against -

STEVEN BYERS, JOSEPH SHERESHEVSKY,
WEXTRUST CAPITAL, LLC, WEXTRUST
EQUITY PARTNERS, LLC, WEXTRUST
DEVELOPMENT GROUP, LLC, WEXTRUST
SECURITIES, LLC, and AXELA HOSPITALITY,
LLC,

                Defendants.

No. 08 Civ. 7104 (DC)

ECF Case



## [PROPOSED] ORDER CONFIRMING SALE OF THE BRANDERMILL PROPERTY

On the motion of Timothy J. Coleman, duly appointed Receiver herein (the "Receiver"), for an Order Confirming Sale of the Brandermill Property by private sale (the "Motion"), the Court has reviewed and considered (1) the Memorandum of Law in Support of Motion of Receiver for an Order To Confirm Sale of the Brandermill Property; (2) the Declaration of Sam R. Worley in Support and the exhibits thereto; (3) the Declaration of Paul Rohan in Support and the exhibits thereto; (4) the Declaration of Aaron Phipps, in Support and the exhibits thereto; and (5) the Court's prior Orders.

Based on consideration of the foregoing, the Court finds that a proper showing has been made for the relief granted herein because the Receiver, in the exercise of his discretion, has determined that the Contract of Sale of the Brandermill Property, as amended (the "Purchase Agreement") between Wexwater, LLC ("Wexwater") and The Holladay Corporation (the

"Buyer") represents a reasonable price for the property located in Chesterfield County, Virginia, Tax Parcels 730675128200000, 730675486300000, 730675685900000, and 730675459000000 and generally located at 5800 Harbour Lane, Midlothian, Virginia (the "Brandermill Property") and that termination of the timeshare agreement related to the Brandermill Property is an appropriate and efficient action needed to effect the sale transaction and benefit all affected parties.

The Court has jurisdiction over the subject matter of this motion and good and sufficient notice of this motion has been provided to all parties entitled thereto pursuant to the Court's prior orders.

**WHEREFORE,** on September 11, 2008, this Court issued an Amended Order Appointing Temporary Receiver ("Receiver Order") (Dkt. No. 36) that was subsequently incorporated into the Court's Order on Consent Imposing Preliminary Injunction and Other Relief Against the Defendants and Relief Defendant (the "P.I. Order") (Dkt. No. 65);

**WHEREFORE,** the Receiver Order and Injunction prohibit any person or entity from "tak[ing] any action to interfere with the taking control, possession or management" by the Receiver of the assets subject to the Receiver Order, including but not limited to the filing of lawsuits, liens, or encumbrances on such assets;

**WHEREFORE,** James E. Moyler, III and Charlotte J. Moyler (the "Moylers") both in their individual capacities and as agents of various defunct business entities have filed multiple lawsuits against the Receiver and assets subject to the receivership, including on or about May 9, 2013, James E. Moyler, III, Director and Acting Trustee in Liquidation of the Lexington Group, Inc., James E. Moyler, III, Acting Trustee in Liquidation of BICC Limited Partnership, and James E. Moyler, III and Charlotte J. Moyler, brought suit against a Wextrust Affiliate,

Wexwater, LLC, in case no. CL-13-001277-00 (the "Moyler Suit") in the Virginia Circuit Court for the County of Chesterfield (the "Virginia Circuit Court") and filed a lis pendens in the Chesterfield land records affecting receivership assets;

**WHEREFORE**, on October 30, 2013, the Virginia Circuit Court terminated the Moylers' memorandum of lis pendens, ordered its release, and stayed the Moyler Suit in light of this Court's P.I. Order, which prohibits such suits and lis pendens, but did not dismiss the Moyler Suit;

**WHEREFORE**, the Moylers continue to cause and pursue litigation against the receivership and its assets, including Wexwater, LLC, and have appeared before this Court thereby granting the Court personal jurisdiction over the Moylers; *and the Moylers, by letter dated Feb. 7, 2014, having withdrawn their objections to this order,*

**NOW THEREFORE**

**IT IS HEREBY ORDERED** that the Receiver's Motion is granted in all respects and objections, if any, are overruled to the extent such objections have not been previously withdrawn, waived, or settled.

*[DC]*

**IT IS FURTHER ORDERED** that, Wexwater, LLC ("Wexwater"), an entity that Defendant Wextrust Capital, LLC has an ownership interest in and control over, is subject to the Court's jurisdiction and receivership as are the assets of Wexwater, including the Brandermill Property as a result of Defendant Wextrust Capital, LLC's ownership interest.

**IT IS FURTHER ORDERED** that as a result of the abandonment, in or about November 2007, of any interest in the Brandermill Property or any timeshare program related to the Brandermill Property (the "Abandoned Interests"), by the trustee of (a) BICC Limited Partnership ("BICC"), (b) The Lexington Group, Inc. ("LGI"), and (c) the estates of BICC and LGI in *In re BICC Limited Partnership*, no. 06-30101-DOT (Bankr. E.D.Va.),

-3-

neither BICC nor LGI nor their respective estates have any interest in the Brandermill Property or the timeshare program related to the Brandermill Property.

**IT IS FURTHER ORDERED** that as a result of the foreclosure (the "Foreclosure") under the Wexwater, LLC Credit Line Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated July 25, 2005 (collectively, the "Deed of Trust"), by which a deed from the substitute trustee conveyed title to Wexwater, Wexwater has succeeded to the Abandoned Interests and any other rights and interests in the Brandermill Property, except those timeshare interests not subject to the Deed of Trust. By the Foreclosure, Wexwater has also succeeded to any and all rights in the timeshare estates previously held by the "Developer" under the timeshare instrument.

**IT IS FURTHER ORDERED** that the Termination Agreement For Brandermill Resort Time-Share Project dated December 5, 2013 (the "Termination Agreement") is hereby confirmed and given effect pursuant to the terms and authorities contained therein and the Receiver and Wexwater are authorized to execute and record the Termination Agreement as well as take any other related actions necessary to terminate the Brandermill Time-Share Project and Program as set forth in the Termination Agreement. The Court further confirms and approves the allocation of value related to the portion of the Brandermill Property that was subject to the Time-Share Agreement and Program and approves the fractional ownership interests reflected in the Termination Agreement.

**IT IS FURTHER ORDERED** that the Moyler Suit was brought in violation of the Receiver Order and Injunction and is therefore void ab initio and quashed, terminated, and invalidated;

**IT IS FURTHER ORDERED** that each of James E. Moyler, III, Charlotte J. Moyler,

-4-

BICC Limited Partnership, and The Lexington Group, Inc. are directed to sign what documents the Receiver may require in order to effectuate the sale of the Brandermill Property without delay, including without limitation a dismissal with prejudice of the Moyler Suit should the Receiver deem that necessary;

**IT IS FURTHER ORDERED** that James E. Moyler, III, Charlotte J. Moyler, BICC Limited Partnership, and The Lexington Group, Inc., and any of the affiliates and agents of any of them, are each prohibited from taking any further action, either in their individual capacity or otherwise, directly or indirectly, that interferes with the Receiver's taking control, possession, management, or sale of the Brandermill Property, including the filing of lawsuits, liens, or other encumbrances; and that further interference may result in a finding of contempt of court and the imposition of costs against James E. Moyler III and Charlotte J. Moyler.

**IT IS FURTHER ORDERED** that the sale of the Brandermill Property is hereby confirmed and approved pursuant to the terms of the Purchase Agreement, free and clear of all claims, liens, and encumbrances thereon and interests therein including, but not limited to, interests of those owning, holding, or claiming to have any interest in a time-share unit, unit week, week, unit, or common elements in the Brandermill Property, except as otherwise set forth in the Purchase Agreement, and any attachments thereto.

**IT IS FURTHER ORDERED** that the Receiver or his authorized designee is hereby authorized to take any action, execute any document, and make any payment ordinary to the sale of property that he may deem appropriate and/or necessary in closing the sale and transferring merchantable title to the Brandermill Property to Buyer or any of its designees, assignees or transferees.

**IT IS FURTHER ORDERED** that the proceeds from the closing under the

Purchase Agreement shall be paid to the Receiver. The Receiver's proposed claims process is hereby approved and the Receive shall conduct the claims process and distribute the sale funds pursuant to the process set forth in the Receiver's Memorandum of Law in Support of his Motion.

**IT IS FURTHER ORDERED** that this Court shall retain exclusive jurisdiction to enforce the terms and conditions of the Purchase Agreement and Termination Agreement.

**IT IS FURTHER ORDERED** that the terms of the Order shall be binding upon each of (i) the Receiver; (ii) The Holladay Corporation and any of its assignees, transferees or designees that take title to the Brandermill Property; (iii) the Defendants in the above-captioned matter; (iv) any holder of a claim against or interest in the receivership estate; (v) any investor or member of Wexwater; (vi) any person or entity with a prior or current ownership or other interest in the Brandermill Property, including without limitation, BICC Limited Partnership, James E. Moyler, III, Charlotte Moyler, John Morris, and The Lexington Group, Inc. ("LGI"), and any successor-in-interest to any of the aforementioned; and (vii) any other person receiving notice of the Motion and any affiliates, successors, or assigns of any of the foregoing.

**IT IS FURTHER ORDERED** that, notwithstanding any motion for reconsideration or time for appeal, the terms of this Order shall be immediately enforceable and the parties to the Purchase Agreement may close the Brandermill Property sale transaction at any time after entry of this Order.

**SO ORDERED**

Dated: 2-10-2014
New York, New York

_____
Hon. Denny Chin
United States Circuit Judge
Sitting By Designation