**COURTESY COPY**

 **Freshfields Bruckhaus Deringer US LLP**

**MEMO ENDORSED**

The Hon. Denny Chin
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2003
New York, NY 10007
(212) 857-2346 (fax)

JONATHAN WARE
WASHINGTON
701 Pennsylvania Avenue NW
Suite 600
Washington DC 20004-2692
T+ 1 202 777 4500
Direct T+ 1 202 777 4511
F+ 1 202 777 4555
Direct F+ 1 202 507 5911
E  jonathan.ware@freshfields.com
W  freshfields.com

DOC ID  US1932046/1
CLIENT MATTER NO.  156165-0001

**BY ELECTRONIC MAIL AND HAND DELIVERY**

June 27, 2014

Re:  *Securities and Exchange Commission v. Byers, et al.*,
Civil Action No. 08-Civ-7104 (DC)

Dear Judge Chin:

This letter is respectfully submitted on behalf of Timothy J. Coleman, receiver in the above-captioned case ("Receiver"), to request that the Court so order this letter on an expedited basis thereby confirming the sale of the Quillen Manor Property located at 709 Quillen Avenue, Fountain Inn, South Carolina (the "Property"). The Receiver proposes that objections, if any, be due by 5PM on July 2, 2014 and respectfully requests that the Court enter an order the following business day, July 3rd.

**Background**

By order dated July 26, 2013 (the "Original Quillen Sale Order") (Dkt. No. 919), the Court granted the Receiver's motion (Dkt. No. 909) to confirm the sale of the Property for $3.1 million. There were no objections to the sale. The potential buyer, however, ultimately defaulted and paid $150,000 in liquidated damages. The Receiver subsequently re-marketed the Property and after a series of letters of intent with potential buyers, entered into a contract for the sale of the Property to Caddis Acquisition Partners, LLC ("Buyer") on May 27, 2014, as described below.

The materials facts concerning the Property have not changed since the Receiver's original motion. (*See* Receiver's Memorandum of Law In Support of Motion to Confirm the

The Freshfields Bruckhaus Deringer US LLP partners include members of the Bars of the State of New York and the District of Columbia, Solicitors of the Supreme Court of England and Wales and Rechtsanwälte of Germany.

Abu Dhabi  Amsterdam  Bahrain  Barcelona  Beijing  Berlin  Brussels  Cologne  Dubai  Düsseldorf  Frankfurt am Main
Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  London  Madrid  Milan  Moscow  Munich  New York  Paris  Rome
Shanghai  Singapore  Tokyo  Vienna  Washington
US1932046/1  156165-0001

Freshfields Bruckhaus Deringer US LLP

2|4

Sale of the Quillen Manor Property, dated July 12, 2013 (the "Receiver's Original Motion") (Dkt. No. 912)). The Property is owned directly by Quillen Manor, LLC ("Quillen Manor"), an LLC formed in 2010 between (a) Citizens Bank & Loan (the "Bank"), located in Greer, Greenville County, South Carolina, nearby the Property and (b) Wextrust/HPC Mortgage Fund, LP ("Wex/HPC"). *Id.* at 1. Wex/HPC is a partnership between Wextrust Capital LLC, Wexford High Yield Debt Fund II, LLC, Wexford High Yield Debt Fund III, LLC, Wexford High Yield Debt Fund IV, LLC (collectively, the "Wex/HPC Wex Entities") and HPC US Fund 1, LP ("HPC"). *Id.* An assisted-living facility is operated at the Property, largely overseen by the Bank on a day-to-day basis. *Id.* at 1-2. The Bank has a first-in-line secured interest in the Property totaling $2,096,298.39 and Wex/HPC has a second-in-line secured interest in the same. *Id.* at 2. The local property tax assessment for the Property is approximately $2.2 million and the last appraisal of the Property yielded a fair market value at or below the current sale price.

In May 2014, Quillen Manor entered into a sale agreement (the "Sale Contract") with Buyer, a Texas-based company that specializes in owning and managing assisted living facilities and care, to sell the Property for $2.6 million. (*See* Attachment A.) Both the Bank and the Receiver were satisfied that this represented a fair and reasonable price for the Property, which has been marketed since 2010. The Sale Contract provides that if Court approval is not obtained by July 3, 2014, Buyer may extend its diligence period by 30 days. (Sale Contract, Section 4.1(b)).

**Analysis**

This Court has jurisdiction over the Property, and has broad discretion and authority to approve a sale of the property. *See* 28 U.S.C. § 754; Original Quillen Sale Order at 2. Both Wex/HPC and the Property are subject to the receivership. (Original Quillen Sale Order at 2.) The Court has authorized the Receiver to "use, lease, sell, and convert into money all assets of the Wextrust Entities, either in public or private sales or other transactions on terms the Receiver reasonably believes based on his own experience and input from his advisors to be beneficial to the Wextrust Entities . . . ." (*See* Receiver Order at 8).

The Receiver has determined that the proposed sale price is fair and reasonable and that sale of the Property is in the best interests of the receivership estate by providing a significant

 Freshfields Bruckhaus Deringer US LLP

3|4

return to Wex/HPC and eliminating the risk and carrying costs of continuing to hold and market an assisted living facility.

Because the Property has a cost basis of over $750,000, the Receiver Order requires Court approval of the sale "on at least four (4) business days' written notice (unless shortened by the Court)." (Receiver Order at 8.) The Court has previously shortened the notice period where requested by the Receiver as beneficial to a sale. (*See* Order to Approve Settlement and Confirm Sale of 5-12 51st Avenue Property (Dkt. No. 937). Here, if Court approval is not obtained by July 3, 2014, the Buyer's diligence period and hence closing will be delayed by 30 days. The Bank supports the sale and HPC, the partner in Wex/HPC has not objected to the sale. Further, there were no objections to the Receiver's Original Motion. The Receiver submits that a two business day objection period should be sufficient. **Thus, objections, if any, should be submitted to the Court and counsel for Receiver so as to be received by 5 PM on Tuesday, July 2, 2014.**

## Conclusion

For these reasons, the Receiver thus respectfully asks that the Court so order this letter confirming the sale of the Property pursuant to the terms of the Sale Contract after a two business day objection period ending at 5 PM on Tuesday, July 2, 2014.

US1932046/1 156165-0001

 Freshfields Bruckhaus Deringer US LLP

4|4

Respectfully,

Jonathan W. Ware
*Counsel to Receiver*

Attachet

cc: Counsel of Record
Richard Petrovich, Counsel for HPC
Brook Fowler, Counsel for the Bank

Approved.
SO ORDERED.

USCJ
Sitting By
Designation
7-8-2014

US1932046/1  156165-0001